ELECTRONICALLY FILED
2025 May 06 8:21 PM
CLERK OF COURT - CIRCUIT

### IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| MARY L. WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>FLYWAY EXPRESS, LLC,<br>DHL EXPRESS (USA), INC. and<br>JOHN DOES 1-3<br><br>    Defendants. | Docket No. _____<br>Division _____<br>**JURY DEMANDED** |

### COMPLAINT

The Plaintiff, Mary L. Warren, ("Plaintiff' or "Ms. Warren") files this Complaint against Defendant Flyway Express, LLC ("Flyway Express"), and DHL Express (USA), INC. ("DHL Express"), and John Does 1-3. Ms. Warren seeks to recover for personal injuries and damages incurred in a motor vehicle collision. In support of her prayer for relief, Ms. Warren would respectfully state as follows:

### PARTIES

1. Plaintiff Mary L. Warren is an adult resident of Mississippi County, Arkansas, who resides at 800 S Carthon Dr, Osceola, Arkansas 72370.

2. Defendant Flyway Express, LLC is a Limited Liability Company formed in the State of Mississippi, with its principal office located at 216 S. Belvedere Blvd Memphis, Tennessee 38104 and may be served through its registered agent, Mike McCord, with process at 6430 Hurt Road Horn Lake, Mississippi 38637.

3. Defendant DHL Express (USA), INC. is a Foreign For-profit Corporation formed in the state of Ohio, with its principal office located at 1210 S Pine Island Road Plantation, Florida 33324 and

6-2-2025   4A2405RW7WS0003   EXHIBIT A   6020250602004692

may be served through its registered agent, Corporation Service Company, with process at 2908 Poston Ave Nashville, Tennessee 37203-1312.

4. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

5. Defendants John Does 2-3 are corporations, entities, agencies, businesses, individuals, and the like which are presently unknown to the Plaintiff but whose negligent acts and/or omissions may have proximately caused or contributed to Plaintiff's injuries. Plaintiff will amend this Complaint to allege the true capacity of these parties when they are ascertained.

## JURISDICTION AND VENUE

6. This cause of action arises in tort out of personal injuries and damages incurred from a motor vehicle collision that occurred on May 20, 2024, in Shelby County, Tennessee. Therefore, venue is properly situated in Shelby County pursuant to Tenn. Code Ann. § 20-4-101(a).

7. This court has *in personam* jurisdiction over Defendants because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee.

8. As a court of general jurisdiction, this Court has subject matter jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101.

9. The collision that gives rise to this suit occurred on May 20, 2024; thus, this suit is timely filed.

## FACTS

10. Plaintiff incorporates by reference all preceding paragraphs as if restated here verbatim.

11. At all times pertinent hereto, including on May 20, 2024, Plaintiff Mary L. Warren was the owner and operator of the 2014 Jeep Patriot (VIN: 1C4NJRCB2ED760399).

12. At all times pertinent hereto, including on May 20, 2024, two employees of Defendant Flyway Express were the operators of two separate DHL trucks.

13. On May 20, 2024 at 7:01 pm, the Plaintiff was driving a 2014 Jeep Patriot (Vehicle #1) traveling westbound on Winchester Road in Memphis, Tennessee.

14. At the same time and location, two employees of Defendant Flyway Express were operating two separate DHL trucks, in which they were racing each other while traveling eastbound on Winchester Road in Memphis, Tennessee. During this incident, one of the employees ("John Doe 1"), driving a DHL truck (Vehicle #2) struck the rear left end of another eastbound vehicle (Vehicle #3), causing Vehicle #3 to spin out of control and collide with the front of Plaintiff's vehicle, which was traveling westbound on Winchester Road.

15. The collision occurred on Winchester Road, a three-lane divided roadway with a speed limit of 45 miles per hour, which both the Plaintiff and Defendant Flyway Express's employee were traveling on prior to the incident.

16. At all relevant times, Plaintiff Mary L. Warren was operating her vehicle in a safe, cautious, and prudent manner, at or below the applicable speed limit, obeying all applicable rules and regulations of the roadway.

17. The employee of Defendant Flyway Express, operating a DHL truck (Vehicle #2), failed to maintain a safe distance and proper control, and their reckless and erratic driving directly led to the collision. Following the incident, the employee fled the scene before law enforcement arrived. As a result, the police were unable to issue a citation to the employee, and the employee's identity remains unknown due to their departure from the scene.

18. The site of the collision was on Winchester Road and Cargo Road in Memphis, Tennessee.

19. As a direct and proximate consequence of the Defendants' negligence, Plaintiff, Ms. Warren, endured serious bodily injuries and other damages, including, but not limited to, being forcefully thrown against the seatbelt restraints and striking her head. As a result, the Plaintiff continues to experience ongoing pain from her injuries, which have substantially impacted her daily activities and overall well-being.

6-2-2025   4A2405RW7WS0003   6020250602004692

## **CAUSES OF ACTION**

### **Count I – Negligence**

20. Plaintiff Mary L. Warren incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendant Flyway Express, through its employees, owed a duty of care to Plaintiff and other road users to operate their vehicles safely and in accordance with traffic laws.

22. On May 20, 2024, Defendant's employees breached this duty by engaging in a race on Winchester Road in Memphis, Tennessee, thereby failing to exercise reasonable care.

23. As a direct and proximate result of this breach, Plaintiff suffered serious bodily injuries and ongoing pain. Defendant's negligence was the actual and proximate cause of Plaintiff's injuries, entitling Plaintiff to damages.

24. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

### **Count II – Negligence Per Se**

25. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

26. At all relevant times, the following statutes of the State of Tennessee and ordinances of the City of Memphis were in full force and effect:

    (a) Tenn. Code Ann. § 55-8-136. Due care.

    (b) Tenn. Code Ann. § 55-10-205: Reckless Driving.

    (c) Tenn. Code Ann. § 55-8-124: Following too closely

    (d) Memphis Municipal Code § 11-16-2. Duty to devote full time and attention to operating vehicle.

    (e) Memphis Municipal Code § 11-16-3. Duty to drive at safe speed, maintain lookout and keep vehicle under control.

  (f) Memphis, Tennessee, Municipal Code § 11-16-44. Reckless Driving.

  (g) Each of the above-listed statutes and ordinances impose a duty on the drivers of the streets in Memphis, Tennessee or prohibits an act by the drivers of the streets and roadways in Memphis, Tennessee, expressly for the benefit of the public.

27. Plaintiff is clearly within the class of persons whom the state and local legislators intended to benefit from and be protected by when they enacted the above-listed statutes and ordinances.

28. By making the decision to drive recklessly and failing to devote their full time and attention to operating their vehicle, the employee of the Defendant rear-ended the Plaintiff's vehicle, directly violating the above-listed statutes of the State of Tennessee and the ordinances of the City of Memphis.

29. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

### Count III – Negligent Entrustment & Joint Enterprise

30. Plaintiff contends that Defendant Flyway Express is liable for negligent entrustment.

31. Plaintiff alleges that Defendant Flyway Express and DHL Express negligently entrusted the use of its vehicle to the Unknown Defendant, who is the employee of Defendant Flyway Express ("John Doe 1").

32. Defendant Flyway Express and Defendant DHL Express knew or should have known of Defendant John Doe 1's propensity to drive in an illegal, unlawful, negligent manner.

33. Defendant John Doe 1 was driving the automobile owned by DHL Express with the express permission of Defendant Flyway Express and DHL Express, for business purposes.

34. The employees were unfit to drive safely, as evidenced by their reckless behavior of racing the trucks.

35. Defendant John Doe 1's unfit operation of the vehicle directly caused the collision with Plaintiff Mary L. Warren's 2014 Jeep Patriot, resulting in her serious injuries.

36. As a direct and proximate result of this negligent entrustment, Plaintiff suffered significant injuries. Furthermore, the failure of Defendant Flyway Express to exercise reasonable care in the selection and supervision of the drivers constitutes a breach of their duty, making them liable for the damages incurred by the Plaintiff. Thus, John Doe 1, Defendant Flyway Express, and DHL Express are jointly and severally liable to Plaintiff for all damages proximately caused by the above-described acts of negligence and negligence per se.

37. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

## Count IV – Vicarious Liability

38. Plaintiff alleges that Defendant Flyway Express is also vicariously liable for the actions of their employees under the doctrine of respondeat superior, as recognized in Tennessee law.

39. The individuals operating the DHL trucks were employees of Defendant Flyway Express.

40. At the time of the collision, the employees were acting within the scope of their employment, as they were operating DHL trucks.

41. The employees' negligent actions, specifically racing the trucks, directly caused the collision with Plaintiff Mary L. Warren, resulting in her serious injuries.

42. Under Tennessee law, an employer is responsible for the negligent acts of its employees performed during the course of their employment.

43. As the principal, Defendant Flyway Express is responsible for the negligent acts of its agents, Flyway Express employees, thereby rendering Flyway Express liable for the Plaintiff's injuries and associated damages.

44. Plaintiff further alleges that DHL Express is also vicariously liable for the actions of Flyway Express employees under the doctrine of respondeat superior, as recognized in Tennessee law.

45. At the time of the incident, Flyway Express employees were acting within the scope of their employment with Flyway Express while driving trucks owned by and rented from DHL Express.

46. The employees of Flyway Express negligent actions, including improper operation of the vehicle, directly caused the injuries sustained by the Plaintiff.

47. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

## Count V – Negligent Hiring, Supervision, And Training

48. Plaintiff alleges, upon information and belief, that Defendant, Flyway Express knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendants' agent, servant and/or employee, Defendant John Doe 1's, propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

49. Plaintiff alleges that Defendants are guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

    (a) Negligent training of John Doe 1;

    (b) Negligent supervision of John Doe 1;

    (c) Negligent hiring of John Doe 1;

    (d) Other acts and/or omissions to be shown at the trial of this cause

50. Upon information and belief, Defendant John Doe #1 was operating a DHL truck, as the agent, employee, and/or servant of Defendant, Flyway Express, LLC. Thus, Plaintiff relies on the

doctrines of *Respondeat Superior* and agency, alleging that any negligence on the part of Defendant John Doe #1 should be imputed to Defendant, Flyway Express, LLC.

## INJURIES AND DAMAGES

51. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

52. As a direct and proximate result of the above-described breaches and violations of the common law and the statutes of Tennessee by Defendant, the Plaintiff Ms. Warren, suffered injuries and damages, including, but not limited to the following:

(a) Serious and painful physical injuries;

(b) Past, present, and future physical and emotional pain and suffering;

(c) Past, present, and future mental anguish and emotional distress;

(d) Past, present, and future lost wages;

(e) Past, present, and future medical expenses;

(f) Temporary and permanent impairment and disability;

(g) Certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the full nature and amount of which is yet to be determined;

(h) Loss of quality and enjoyment of the normal pleasures of life, past, present, and future;

(i) Loss of future earning capacity;

(j) Inconvenience;

(k) Punitive damages due to the willful, wanton, and reckless conduct of the Defendant Flyway Express, warranting punishment and deterrence; and

(l) Other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully sues Defendant Flyway Express, LLC, and DHL Express (USA), INC., and John Does 1-3. for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County to the sum of One Million Dollars ($1,000,000.00). Plaintiff respectfully prays for damages as they may appear at the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for costs and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

By: */s/ Henry Reaves, III*
    Henry Reaves, III, Esq., (TN Bar #028348)
    2650 Thousand Oaks Blvd., Suite 3100
    Memphis, Tennessee 38118
    Tel: (901) 417-7166
    Fax: (901) 328-1352
    Henry.reaves@beyourvoice.com