UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARY L. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:25-cv-02588-SHL-tmp |
| v. ) | |
| ) | Judge Sheryl H. Lipman |
| ) | |
| ) | Magistrate Judge Tu M. Pham |
| ) | |
| ) | Jury Demand |
| FLYWAY EXPRESS, LLC, ) | |
| DHL EXPRESS (USA), INC. AND ) | |
| JOHN DOES 1-3, ) | |
| ) | |
| Defendants. | |

**DEFENDANT FLYWAY EXPRESS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Flyway Express, LLC ("Flyway" or "this Defendant"), by and through counsel, hereby files this Answer to the Complaint filed by Mary L. Warren ("Plaintiff").

1. Admitted upon information and belief.

2. It is admitted only that this Defendant is a Limited Liability Company with its principal office located at 216 S. Belvedere Blvd Memphis, TN 38104 and that Mike McCord is its registered agent. All other allegations are denied.

3. The allegations contained in Paragraph 3 are not directed at this Defendant.

4. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 4. The second sentence contained in Paragraph 4 contains a legal conclusion to which no response is required.

5. The allegations contained in Paragraph 5 are not directed at this Defendant.

1

6. Venue is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

7. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

8. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

9. The timeliness of this action is not disputed.

10. Paragraph 10 contains no independent allegations.

11. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11.

12. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12.

13. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13.

14. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14.

15. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17.

18. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18.

19. Denied as to this Defendant.

20. Paragraph 20 contains no independent allegations.

21. Paragraph 21 contains a legal conclusion to which no response is required.

22. Denied.

23. Denied as to this Defendant.

24. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 24. The second sentence contained in Paragraph 24 contains a legal conclusion to which no response is required.

25. Paragraph 25 contains no independent allegations.

26. Paragraph 26, including all subparts, consists of legal conclusions to which no response is required.

27. Paragraph 27 contains a legal conclusion to which no response is required.

28. The allegations contained in Paragraph 28 are not directed at this Defendant.

29. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 29. The second sentence contained in Paragraph 29 contains a legal conclusion to which no response is required.

30. Paragraph 30 contains a legal conclusion to which no response is required.

31. Denied.

32. Denied.

33. Denied.

34. The allegations contained in Paragraph 34 are not directed at this Defendant. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

35. The allegations contained in Paragraph 35 are not directed at this Defendant, or consist of legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

37. Denied.

38. Paragraph 38 contains a legal conclusion to which no response is required.

39. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39.

40. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40.

41. Paragraph 41 contains a legal conclusion to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

42. Paragraph 42 contains a legal conclusion to which no response is required.

43. Paragraph 43 contains a legal conclusion to which no response is required.

44. The allegations contained in Paragraph 44 are not directed at this Defendant.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

47. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 47. The second sentence contained in Paragraph 47 contains a legal conclusion to which no response is required.

48. Denied.

49. Denied, including all subparts.

50. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50. The second sentence contained in Paragraph 50 contains a legal conclusion to which no response is required.

51. Paragraph 51 contains no independent allegations.

52. Denied as to this Defendant, including all subparts.

53. All allegations not previously admitted or denied are hereby denied, strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which an award of attorneys' fees may be granted, and such claim should be dismissed.

2. This Defendant asserts that its investigation of this matter is not yet complete, and therefore, any and all affirmative defenses that may be developed through investigation and discovery will be relied upon by this Defendant at the trial of this case.

3. This Defendant reserves the right to amend this Answer and plead additional facts and or defenses, including affirmative defenses, which may be supported by said investigation and discovery. To the extent facts are developed that justify reliance, this Defendant pleads and relies upon the defenses of independent and intervening causes, acts of third persons, pre-existing conditions, and/or failure to mitigate damages.

Wherefore, this Defendant denies liability to Plaintiff in any amount, and requests that this cause be dismissed with costs taxed to Plaintiff. This Defendant further requests that a jury of twelve persons try this cause.

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Peter C. Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June 2025, a copy of the foregoing to the following via email:

Henry Reaves, III, Esq., (TN Bar #028348)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Peter C. Robison*
Peter C. Robison