UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARY L. WARREN,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Case No. 2:25-cv-02588-SHL-tmp |
| v.        ) | |
| ) | Judge Sheryl H. Lipman |
| ) | |
| ) | Magistrate Judge Tu M. Pham |
| ) | |
| ) | Jury Demand |
| FLYWAY EXPRESS, LLC,        ) | |
| DHL EXPRESS (USA), INC. AND        ) | |
| JOHN DOES 1-3,        ) | |
| ) | |
| Defendants.        | |

**JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), the parties jointly submit this report describing their proposed discovery plan, trial preparation deadlines, and describing the issues discussed by the parties during their Rule 26(f) planning meeting.

1. Ted Cummins, advisory counsel for the Plaintiffs, and Caroline Montoya, counsel for Defendants, participated in a Rule 26(f) conference on July 10, 2025.

2. **Initial Disclosures**. The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before **August 22, 2025**.

3. **Discovery Plan**. The parties proposed the following discovery plan.

    a. Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the Answers. Liability, causation, injuries and damages are in dispute.

b. Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

c. If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

d. The parties agree that the maximum number of interrogatories as permitted by the Rules of Civil Procedure is appropriate and does not need to be altered. Written discovery should be completed by **February 20, 2026**.

e. Depositions of the parties and fact witnesses, except those fact witnesses serving only as before and after witnesses, shall be completed by **July 24, 2026**.

    f. Per the Rules of Civil Procedure, the maximum number of depositions for each party is 10 depositions, and the maximum amount of actual testimony time is 7 hours. At this time, the parties agree this does not need to be altered.

    g. The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and the Local Rules of this Court. Parties will need to request hard copies of any discovery requests, responses or document production. In serving the documents, the following individuals will be included:

        i. Henry Reaves, III: henry.reaves@beyourvoice.com

        ii. Peter C. Robison: probison@lewisthomason.com

        iii. Caroline Montoya: cmontoya@lewisthomason.com

        iv. Sofia Trefilova-Martin: strefilovamartin@lewisthomason.com

    h. Reports from retained experts under Rule 26(a)(2) due:

        i. From Plaintiffs by **April 24, 2026**.

        ii. From Defendants by **May 29, 2026**.

        iii. Depositions of expert witnesses shall be completed by **July 24, 2026**.

        iv. Any Daubert motions shall be filed on or before **September 18, 2026**.

        v. Depositions for evidence (proof) only shall be completed thirty days prior to the pretrial conference.

4. Other Scheduling Matters:

    a. The parties request that the Court set appropriate deadlines for pretrial conferences once a trial date has been established.

b. The parties request a pretrial conference 14 days before trial.

c. The dispositive motions deadline is **September 18, 2026.**

d. Pre-Trial disclosures shall be governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

e. The parties expect this trial to last two (2) days and request a trial date no earlier than **February 22, 2027**.

f. Plaintiffs will agree to sign a medical records release to permit Defendants to obtain the minor Plaintiff's medical records, and Defendants agree to provide copies of all documents obtained by way of the release to Plaintiffs' counsel within fourteen days of receipt of said records.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/ Caroline S. Montoya*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

**REAVES LAW FIRM, PLLC**

By: *s/ Henry Reaves, III*
Henry Reaves, III, BPR #28348
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com

*Counsel for Plaintiff*