# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARY L. WARREN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 2:25-cv-2588 -SHL-tmp |
| FLYWAY EXPRESS, LLC, | ) |
| DHL EXPRESS (USA), INC. | ) |
| AND JOHN DOES 1-3, | ) |
|     Defendants. | ) |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on July 31, 2025. Present were Theodore Cummins, counsel for Plaintiff, and Peter Robison and Caroline Montoya, counsel for Defendants. At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** August 14, 2025

**MOTIONS TO JOIN PARTIES:** August 29, 2025

**MOTIONS TO AMEND PLEADINGS:** August 29, 2025

**MOTIONS TO DISMISS:** October 3, 2025

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**   **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** October 23, 2025
           Mediator must file Mediation Certification Form: www.tnwd.uscourts.gov/local-forms

    **(b)**   **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**
           **MEDIATOR'S NAME:** Darryl Gresham

**COMPLETING ALL DISCOVERY:** March 31, 2026

    **(a)**    **WRITTEN DISCOVERY**[1]**:** December 19, 2025

    **(b)**    **DEPOSITIONS:** March 31, 2026

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF RULE 26 EXPERT INFORMATION FOR PARTY BEARING BURDEN:** January 30, 2026

        **(2)**    **DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION:** February 27, 2026

        **(3)**    **EXPERT WITNESS DEPOSITIONS:** March 31, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** May 1, 2026

**FILING DISPOSITIVE MOTIONS:** May 1, 2026

**JOINT PROPOSED PRETRIAL ORDER DUE:** September 4, 2026
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to: ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** September 11, 2026 at 1:30 p.m.
(All counsel participating in the trial must be present in person at the pretrial conference.)

**JURY TRIAL:** September 28, 2026 at 9:30 a.m.  Trial is anticipated to last approximately two days.

The parties do not consent to trial before the magistrate judge.

**OTHER RELEVANT MATTERS:**

      As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("ESI").  Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information

---

[1] The parties shall serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

contained in a spreadsheet such as an Excel file).

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within seven days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may <u>only</u> be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a motion to extend deadlines.**

*This order has been entered after consultation with the parties.*

**IT IS SO ORDERED,** this 31st day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
