# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| **v.** | ) | |
| | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| | ) | **Magistrate Judge Tu M. Pham** |
| | ) | |
| | ) | **Jury Demand** |
| **FLYWAY EXPRESS, LLC,** | ) | |
| **DHL EXPRESS (USA), INC. AND** | ) | |
| **JOHN DOES 1-3,** | ) | |
| | ) | |
| **Defendants.** | | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Flyway Express, LLC and DHL Express (USA), Inc. (collectively "Defendants"), pursuant to Fed. R. Civ. P. 26(c)(1), by and through counsel, hereby file this Motion for entry of an expected Protective Order quashing the Requests for Production of Documents by Mary L. Warren ("Plaintiff") served on Defendants on March 5, 2026. As grounds for this motion, Defendants would state the following:

1.      At the conclusion of the scheduling conference held by the Court on July 31, 2025, the Court entered a Scheduling Order (Docket Entry No. 18) that set forth the deadlines for the parties to conduct discovery.

2.      Under the Scheduling Order, the deadline for written discovery to be concluded was December 19, 2025, and the parties were ordered to "serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses[.]" (Docket Entry No. 18, Scheduling Order fn. 1.)

1

3.     Defendants responded to Plaintiff's Interrogatories and Requests for Production on September 2, 2025, with Notices of Service filed on the same date. (Docket Entry Nos. 22, 23.)

4.     Under the Scheduling Order, the deadline to complete all discovery, including expert discovery, is March 31, 2026.

5.     On March 5, 2026, counsel for Plaintiff filed two Rule 30(b)(6) Notices of Depositions for corporate representatives of both Defendants to be deposed on March 18, 2026. (Docket Entry Nos. 38, 39.) Counsel for Defendants immediately contacted Defendants to coordinate the preparation and appearance of persons to address the topics identified in the Notices, and is making all diligent efforts to make persons available to address those deposition topics.

6.     However, attached to each of the Notices was a "Schedule B" that consisted of Requests for Production of Documents, which demanded: "Defendants shall produce the following documents no later than five (5) days prior to the deposition and bring them to the deposition." (Docket Entry Nos. 38, 39, p. 9.) With the Notices having been issued 13 calendar days before the deposition date, the demand for documents attempted to obligate Defendants to produce records in eight days.

7.     Plaintiff's attempt to conduct additional written discovery comes more than six months after Defendants responded to Plaintiff's Interrogatories and Requests for Production, and two-and-a-half months after the deadline for written discovery had closed. Plaintiff is attempting to compel Defendants to produce documents after the deadline and with only eight days' notice, contrary to the requirements of the Court's Scheduling Order.

8.     Federal Rule of Civil Procedure 30(b)(2) does allow a Notice of Deposition to "be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2) (emphasis added). However, under Rule 30(b)(2), the noticing party must

still comply with Rule 34, and a trial court's scheduling orders govern the schedule of discovery and other matters.

9.      Under the Scheduling Order, Plaintiff must have served Requests for Production by November 4, 2025, in order to comply with the 45-day requirement for written discovery to be completed by December 19, 2025. Plaintiff's attempted Requests for Production contained in "Schedule B" to the Notices of Depositions were served on March 5, 2026, more than four months late. Similarly, Plaintiff's attempted second Requests for Production fail to comply with the requirements of Rule 34(b)(2)(A) that require 30 days for Defendants to respond.

10.     As certified by the signature of counsel below, counsel for Defendants attempted to resolve this discovery dispute with counsel for Plaintiff on the same day that the Notices were issued, March 5, 2026. Counsel for Defendants and Plaintiff spoke by phone, but were unable to come to an agreement, and Plaintiff continues to demand that Defendants produce additional records with eight days' notice.

11.     The decision to grant a motion for a protective order is soundly within the discretion of a trial court. *See*, *e.g.*, *P&G v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Great Lakes Exploration Group, LLC v. Unidentified Wreck & (For Salvage Right Purposes) Abandoned Sailing Vessel*, 522 F.3d 682, 687-88 (6th Cir. 2008).

Accordingly, for good cause shown, pursuant to Fed. R. Civ. P. 26(c)(1) and the Scheduling Order entered on July 31, 2025, Defendants respectfully request that the Court enter an expedited Protective Order quashing the late-served Requests for Production contained in "Schedule B" of the Notices of Depositions to Defendants. Defendants make no request for any award of expenses under Fed. R. Civ. P. 37(a)(5). A proposed order is submitted contemporaneously herewith.

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Peter C. Robison*

Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
Phone: 901-525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc.
and Flyway Express, LLC*

### CERTIFICATE OF GOOD FAITH EFFORT

I hereby certify pursuant to Fed. R. Civ. P. 26(c)(1) that I have conferred in good faith with counsel for Plaintiff in an effort to resolve this discovery dispute without court action, but was unsuccessful.

*/s/ Peter C. Robison*
Peter C. Robison

## CERTIFICATE OF SERVICE

I hereby certify that on the 6ᵗʰ day of March, 2026, a copy of the foregoing was served on the following via the Court's Electronic Case Filing system:

Henry Reaves, III, Esq.
Carlos Moore, Esq.
REAVES LAW FIRM, PLLC
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
henry.reaves@beyourvoice.com
carlos.moore@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Peter C. Robison*
Peter C. Robison