IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY L. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:25-cv-02588-SHL-tmp |
| v. ) | |
| ) | Judge Sheryl H. Lipman |
| ) | |
| ) | Magistrate Judge Tu M. Pham |
| ) | |
| ) | Jury Demand |
| FLYWAY EXPRESS, LLC, ) | |
| DHL EXPRESS (USA), INC. AND ) | |
| JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

**JOINT CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**

This matter comes before the Court on the parties' proposed Joint Confidentiality Agreement and Agreed Protective Order. Discovery is about to commence, and the parties are seeking, and may in the future seek, documents that relate to insurance policies, business operations, trade secrets, or may otherwise be considered confidential by the party requested to produce such documents. The Court is informed that the parties to this action desire to protect their confidential documents from unauthorized, unnecessary disclosure.

**THEREFORE**, pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, **IT IS ORDERED** that the following principles and procedures designed to assure the protection of proprietary and/or confidential documents shall govern any and all discovery in this action:

1.	All documentary information produced or exchanged in the course of discovery in this litigation that contains records regarding insurance policies, business operations, trade secrets, and other documents that a party determines in good faith contains confidential financial, business, patient, or similar confidential information pertaining to a party to this litigation, and that is so designated by stamping "Confidential" on each such document by the producing party, shall be deemed "Confidential Information."

2.	Any party may dispute the designation of a document designated as "Confidential" under this Order. If any party believes that a document which has been designated as "Confidential" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for a determination of the degree of disclosure allowed or whether it is in fact Confidential Information. The parties shall, until further order of the Court, treat the document designated as "Confidential" in accordance with the designation and the provisions of this Order, notwithstanding the existence of the dispute.

3.	By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony. If a party challenges the "Confidential" designation of any document or testimony, the party making the designation shall bear the burden of proving that the challenged document or testimony is in fact Confidential Information and that the designation is narrowly tailored to ensure that only Confidential Information is so designated. The foregoing applies to all material designated as "Confidential."

4.	Confidential Information shall be used solely for the purpose of this litigation and shall not (except by further order of this Court) be given, shown, made available, discussed, or otherwise communicated to anyone other than: (a) attorneys of record and employees of attorneys of record who have a direct functional responsibility for the proceedings in this action; (b) employees of

a party; (c) experts, consultants, and/or other persons retained to assist in the preparation of this litigation; (d) the Court and its staff, and the jury; (e) parties to this litigation; (f) court reporters, stenographers, and videographers called upon to record or transcribe deposition testimony or other testimony in this case; (g) any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis; and (h) witnesses, to the extent necessary for the preparation of their testimony or during their depositions, or any hearing, or any trial.

Any person to whom Confidential Information is disclosed pursuant to subparagraphs (b), (c), and (h), above, shall be informed of the terms of this Protective Order before Confidential Information is disclosed to that person or entity and the disclosing party shall inform the recipient of their obligation to keep the Confidential Information confidential pursuant to the terms of this Protective Order.

5.  Within thirty (30) days of receipt of the transcript of a deposition, any party may designate portions of the deposition transcript and exhibits as Confidential by sending written notice to all other parties. The written notice shall specify the page and line numbers of the deposition transcript and/or the exhibit numbers that will be designated as Confidential. Upon receipt of such written notice, all parties shall treat the materials as Confidential Information and subject to the provisions of this Protective Order.

6.  The party filing any "documentary information" designated as Confidential with the Court in connection with a pleading, motion, response, or reply, or during a hearing, trial, post-trial, and/or appeal, shall move to have the Confidential Information filed under seal in accordance with any procedures mandated by the Court's local rules and explain the grounds for why each document should be filed under seal. However, in hearings or during trial, post-trial, and/or any appeal, either party may introduce or refer to anything contained in the "documentary information" designated as

Confidential, and/or anything derived or compiled therefrom, and/or may freely quote from same without regard to this Protective Order if the party in good faith believes it is necessary.

7. The failure to insist upon full compliance with any of the terms of this Agreed Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

8. Within 60 days following final disposition of this action, counsel for the parties shall, upon request, either (a) assemble and return to each other all documents designated Confidential, including all copies of same; (b) shall certify the destruction thereof; or (c) shall certify that the documents designated as Confidential will be securely and confidentially retained by counsel pursuant to counsel's document retention system and then later destroyed pursuant to that system. Counsel for the parties shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court, including trial exhibits; (ii) deposition transcripts and exhibits thereto; and (iii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Order.

9. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

10. The parties agree that in the event the opposing party discloses documents or electronic data inadvertently, whether they are confidential or not, the receiving party, upon notice from the disclosing party or, if the receiving party on its own recognizes that the documents are privileged and inadvertently produced, will return the documents or data to the disclosing party, who will retain the documents or data in the form produced for at least 60 days after the return of the

4

documents or data in order to allow the receiving party to challenge the disclosing party's claim that the documents or data are not required to be produced.

    **IT IS SO ORDERED**.

                                                                           **Judge Sheryl H. Lipman**

**SUBMITTED FOR ENTRY:**

**REAVES LAW FIRM, PLLC**

*/s/ Carlos Moore*  by CSM w/ permission via e-mail on 3/11/2026
Henry Reaves, III (#28348)
Carlos Moore (#28649)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Carlos.moore@beyourvoice.com

*Counsel for Plaintiff*


**LEWIS THOMASON, P.C.**

*/s/ Caroline S. Montoya*
Peter C. Robison (#27498)
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya (#41330)
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express
(USA), Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on March 13, 2026, I electronically filed this document using the Court's ECF system, which will send notification of the filing to the following:

Henry Reaves, III (#28348)
Carlos Moore (#28649)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Carlos.moore@beyourvoice.com

*Counsel for Plaintiff*

                                          */s/ Caroline Montoya*
                                          Caroline Montoya