UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

| | |
|---|---|
| **MARY L. WARREN,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. 2:25-cv-02588-SHL-tmp |
| ) | |
| v. ) | Judge Sheryl H. Lipman |
| ) | |
| **FLYWAY EXPRESS, LLC,** ) | Magistrate Judge Tu M. Pham |
| **DHL EXPRESS (USA), INC., and** ) | |
| **JOHN DOES 1-3,** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND REQUEST FOR
LIMITED EXTENSION OF DISCOVERY DEADLINE**

---

Plaintiff, Mary L. Warren **("Plaintiff")**, by and through counsel respectfully submits this Response in Opposition to Defendants' Motion for Protective Order and requests that the Court deny Defendants' motion and permit the limited discovery sought in connection with Plaintiff's Rule 30(b)(6) deposition notice.

## I.     INTRODUCTION

1.     This case arises from a motor vehicle collision that occurred on May 20, 2024 at approximately 7:01 p.m. involving two company vehicles operated by employees of Defendants, Flyway Express, LLC and DHL Express (USA), Inc. **("Defendants")**. **(Exhibit A, MPD Police Report).** Plaintiff alleges that the drivers of those vehicles were racing each other when the collision occurred, causing serious injuries. **(Exhibit A, MPD Police Report/Narrative).**

2.     Despite repeated discovery efforts, Defendants did not disclose the identity of one of the drivers until March 11, 2026, and the identity of the second driver remains unknown.

Because this information is uniquely within Defendants' possession, Plaintiff noticed a narrowly tailored Rule 30(b)(6) deposition to identify the drivers and vehicles involved.

3. Plaintiff therefore notices a Rule 30(b)(6) deposition **(D.E. 38 and D.E. 39)** seeking narrowly tailored testimony and documents necessary to identify the vehicles and drivers operating in the area at the time of the incident. **(Exhibit B, 30(b)(6) Depo Notices).** The deposition notices limit the scope of the requested information to:

   a) a twenty-minute time window surrounding the collision
   b) a one-mile radius of the collision location

4. Defendants now seek a protective order arguing that the document requests accompanying the deposition notice constitute untimely written discovery under the Court's scheduling order. **(Exhibit B, 30(b)(6) Depo Notices, p. 9 - Schedule B).**

5. Defendants' motion should be denied. The requested documents are properly sought in connection with a Rule 30(b)(6) deposition under the Federal Rules of Civil Procedure, and the requests are narrowly tailored to obtain information essential to identifying the individuals responsible for the collision.

6. Alternatively, if the Court determines that the document requests fall outside the scheduling order, good cause exists under Federal Rules of Civil Procedure 16(b)(4) to modify the scheduling order for the limited purpose of allowing discovery necessary to identify the drivers involved in the collision.

7. In essence, Defendants seek to use a procedural scheduling argument to avoid producing the most basic factual information in this case – the identity of the individuals operating Defendants' vehicles at the time of the collision. Because that information is uniquely within Defendants' possession—as demonstrated by Defendants' disclosure of one driver's

identity on March 11, 2026—and is essential to the fair resolution of the claims, the Court should deny the requested protective order and permit the limited discovery necessary to identify the responsible drivers.

## II.     BACKGROUND

8. On May 20, 2024, at approximately 7:10 p.m., two vehicles operated by employees of Defendant were involved in a collision that caused serious injuries to Plaintiff and other victims. **(Exhibit A, MPD Police Report).**

9. Plaintiff has alleged that the two drivers were operating DHL commercial vehicles while racing each other, and that their conduct caused the collision.

10. Despite possessing records identifying which employees were operating company vehicles in the area at the time of the collision, Defendants failed to disclose the identities of the drivers involved for an extended period of time. Only on March 11, 2026, after numerous requests by Plaintiff, did Defendants finally produce the name of one of the drivers, while the identity of the second driver remains undisclosed.

11. Further demonstrating Defendants' refusal to disclose basic identifying information, Defendants denied requests for admission asking them to admit that their employees were involved in the May 20, 2024 collision and that those employees were operating DHL vehicles at the time of the incident. **(Exhibit C, Defendants' Response to Admissions 7/9/25).** While Defendants necessarily maintain records identifying which employees were assigned to operate their vehicles on the date and time of the collision, Defendants nevertheless denied these requests rather than disclose the identities of the drivers involved.

12. In addition, Defendants' written discovery responses further demonstrate their refusal to disclose the identities of the drivers involved in the collision. In the majority of

Defendants' September 2, 2025 discovery responses, Defendants asserted the following statement: *"At this time, Plaintiff has not identified 'John Doe 1' and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response."* **(Exhibit D, Defendants' Response to Plaintiff's Discovery 9/2/25).** This position effectively placed the burden on Plaintiff to identify the unknown driver—information uniquely within Defendants' possession. By conditioning supplementation on Plaintiff first identifying "John Doe 1," Defendants avoided providing information that their own records would readily reveal.

13. These responses further demonstrate the need for the limited Rule 30(b)(6) deposition and the accompanying Schedule B document requests. The information sought—vehicle assignments, dispatch logs, and telematics data within a narrowly defined time window and geographic area—represents the most direct and efficient means of identifying Defendants' employees who were operating the vehicles involved in the May 20, 2024 collision.

14. To obtain this information, Plaintiff served Rule 30(b)(6) deposition notices **(D.E. 38** and **D.E. 39)** requiring each Defendant to designate a corporate representative to testify regarding vehicle assignments, driver identification, GPS and telematics records, and related matters necessary to identify the drivers operating Defendants' vehicles at the time of the incident, particularly given that Defendants did not disclose the identity of one of the drivers until March 11, 2026. **(Exhibit B, 30(b)(6) Depo Notices).**

15. The deposition notices also requested the production of limited documents directly related to those topics, including vehicle assignment records, dispatch logs, and GPS

data reflecting vehicle location during a twenty-minute (20) window surrounding the May 20 collision. **(Exhibit B, 30(b)(6) Depo Notice, p. 9 - Schedule B).**

16. Defendants filed the present Motion for Protective Order **(D.E. 40)** arguing that the document requests constitute untimely written discovery under the scheduling order.

### III.     LEGAL STANDARD

17. Under the Federal Rule of Civil Procedure 26(c)(1), a court may issue a protective order only upon a showing of good cause to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1); *Greer v. Waste Mgmt. Connections of Tenn., Inc.*, No. 21-cv-2474-MSN-tmp, 2023 U.S. Dist. LEXIS 240383, at *4 (W.D. Tenn. Feb. 7, 2023). The party seeking such relief bears the burden of demonstrating that good cause exists.

18. Federal Rule of Civil Procedure 30(b)(2) expressly permits a deposition notice to be accompanied by a request for the production of documents and tangible things at the deposition. The rule provides that a deposition notice "may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2).

19. Courts have recognized that document requests served in connection with a Rule 30 deposition are often intended to facilitate meaningful testimony from the deponent and allow the examining party to question the witness about relevant records. In that sense, such requests function as a practical complement to the oral examination rather than as a substitute for written discovery directed broadly at the opposing party.

20. At the same time, courts within this District have observed that because Rule 30(b)(2) incorporates Rule 34 by reference, document requests accompanying a deposition notice may trigger the procedural framework of Rule 34, including scheduling-order deadlines governing written discovery. See Fed. R. Civ. P. 30(b)(2); Fed. R. Civ. P. 34. Accordingly, where

a document request served with a deposition notice seeks the type of broad written discovery typically governed by Rule 34, courts may evaluate such request under the scheduling order's written discovery deadlines.

21.     However, the incorporation of Rule 34 in Rule 30(b)(2) does not eliminate the rule's separate function of facilitating deposition testimony. When the requested materials are limited in scope and directly tied to the subjects of the deposition – such as records necessary for the corporate representative to identify individuals, vehicles, or events relevant to the noticed topics – courts routinely allow their production as part of the deposition process. In such circumstances, the requests serve the narrow purpose contemplated by Rule 30(b)(2), enabling effective examination of the witness, rather than reopening general written discovery.

22.     Accordingly, when evaluating document requests accompanying a Rule 30(b)(6) deposition notice, the Court may consider both principles: (1) the procedural safeguards of Rule 34 and the scheduling order, and (2) the practical role of Rule 30(b)(2) in ensuring that the designated witness can provide informed testimony on the noticed topics. Where the requests are narrowly tailored and directly related to the deposition subjects, allowing production in connection with the deposition promotes the fair and efficient discovery contemplated by the Federal Rules of Civil Procedure.

23.     Treating narrowly tailored deposition-related requests as barred written discovery would undermine Rule 30(b)(6)'s purpose by requiring examination of a corporate representative without access to the very records necessary to explain the matters on which the witness is designated to testify.

IV.     ARGUMENT

**A. The Document Requests Are Properly Made in Connection with a Rule 30(b)(6) Deposition.**

24.     Plaintiff's document requests were served in connection with a Rule 30(b)(6) deposition notice and are expressly authorized by the Federal Rules of Civil Procedure.

25.     Rule 30(b)(2) provides that a deposition notice may be accompanied by a request for documents pursuant to Rule 34. Fed. R. Civ. P. 30(b)(2); *see also Consumer Fin. Prot. Bureau v. Borders & Borders, PLC,* No. 3:13-CV-1047-CRS, 2016 U.S. Dist. LEXIS 207356, at *11 (W.D. Ky. June 29, 2016) (recognizing that document request accompanying depositions are intended to facilitate effective examination of the witness). The rule is designed to allow the examining party to obtain documents necessary to question the deponent effectively and to ensure that the designated witness is prepared to testify regarding the noticed topics.

26.     Defendants argue that the document requests accompanying Plaintiff's deposition notice should be treated as untimely written discovery under Rule 34. While Rule 30(b)(2) incorporates the procedural framework of Rule 34, the purpose of the rule is not to convert every deposition-related request into independent written discovery. Rather, the rule contemplates production of documents directly related to the deposition topics so the witness can provide informed testimony.

27.     Courts therefore distinguish between broad written discovery requests and document requests that merely facilitate a deposition. *See Busby v. Bonner*, No. 2:20-cv-2359-SHL-atc, 2022 U.S. Dist. LEXIS 254721, at *9 (W.D. Tenn. Sep. 21, 2022) (recognizing that document production may be required where necessary to prepare a witness for meaningful deposition testimony). Where the requested materials are narrowly tailored to the matters identified in the deposition notice and are necessary for meaningful examination of the

corporate representative, such requests are properly treated as part of the deposition process rather than as a substitute for Rule 34 discovery.

28. That is precisely the situation here. Plaintiff's document requests are limited to records necessary to identify the vehicles and drivers operating in the immediate vicinity of the collision. Specifically, Plaintiff seeks documents relating to:

    a) vehicle assignments;

    b) driver identification;

    c) GPS and telematics data; and

    d) Related vehicle records.

29. These documents correspond directly to the topics listed in the Rule 30(b)(6) notice and are necessary for the corporate representative to testify regarding those topics. Without access to these records, the corporate designee would be unable to provide meaningful testimony regarding which employees were operating Defendants' vehicles at the time of the collision.

30. The requests are also extremely limited in scope. They are confined to:

    a) May 20, 2024;

    b) a twenty-minute window surrounding the collision; and

    c) a one-mile radius of the incident location.

31. Such narrowly tailored requests impose minimal burden on Defendants and are directly proportional to the needs of the case under Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery relevant to claims and proportional to the needs of the case).

32. Importantly, the requested information – vehicle assignments, dispatch records, and telematics data – is uniquely within Defendants' possession. Plaintiff cannot identify the individuals responsible for the collision without access to these records.

33. Treating these limited deposition-related requests as barred written discovery would effectively prevent Plaintiff from obtaining the very information necessary to examine the corporate representative and determine the identities of the drivers involved in the incident. The Federal Rules are intended to facilitate the fair exchange of relevant information, not to allow a party to shield critical facts through procedural technicalities.

34. Accordingly, because the requested documents are narrowly tailored, directly tied to the deposition topics, and necessary for meaningful Rule 30(b)(6) testimony, they are properly sought in connection with the deposition notice and should not be treated as untimely written discovery.

35. The Federal Rules permit document requests in connection with depositions to facilitate informed testimony. Fed. R. Civ. P. 30(b)(2). Moreover, even if the Court concludes the requests implicate the scheduling order's written discovery deadline, modification of the schedule is appropriate where the requesting party has acted diligently. See *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-97 (6th Cir. 2011).

36. Here, Plaintiff diligently sought the identities of the drivers, while Defendants – despite possessing the relevant records – did not disclose one driver until March 11, 2026 and have yet to identify the second. Under these circumstances, Defendants should not be permitted to rely on a procedural scheduling argument to withhold information uniquely within their possession and central to the claims in this case.

**B. The Requests Are Narrowly Tailored and Proportional.**

37. Plaintiff's requests are narrowly limited.

38. The requests are confined to:

    a) May 20, 2024

    b) 6:51 p.m. to 7:11 p.m. UTC (Central)

    c) within one mile of the collision location

39. This narrow scope ensures that the requests impose minimal burden on Defendants while seeking information that is central to the claims in this case.

40. Indeed, the requested records represent the most direct means of identifying the employees operating Defendant's vehicles at the time of the collision.

41. Such discovery falls squarely within the scope of Rule 26(b)(1) because it is relevant and proportional to the needs of the case. *See Jones v. Varsity Brands, LLC*, No. 20-cv-2892-SHL-tmp, 2022 U.S. Dist. LEXIS 97573, at *17 (W.D. Tenn. June 1, 2022).

**C. Defendants Should Not Be Permitted to Withhold the Identity of the Drivers.**

42. Defendants' motion effectively seeks to prevent Plaintiff from obtaining the most basic factual information in this case – the identity of the individuals operating Defendants' vehicles at the time of the collision. Allowing Defendants to avoid producing these records would significantly prejudice Plaintiff's ability to prosecute the case and determine the individuals responsible for the incident.

43. The Federal Rules of Civil Procedure does not permit a party to shield critical factual information through procedural objections where the information is uniquely within that party's possession. *See Lloyd v. Cessna Aircraft Co.*, 74 F.R.D. 518, 522 (E.D. Tenn. 1977) (recognizing that the discovery rules are intended to ensure mutual knowledge of relevant facts).

44. Without this discovery, Plaintiff cannot identify the individuals responsible for the collision or purse claims against them, effectively preventing Plaintiff from litigating the case on the merits.

### D. Alternatively, Good Cause Exists to Modify the Scheduling Order and Permit the Limited Discovery

45. Even if the Court concludes that the document requests accompanying Plaintiff's Rule 30(b)(6) deposition notice fall outside the written discovery deadline in the Scheduling Order, the Court should nevertheless permit the requested discovery by modifying the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).

46. Under Rule 16(b)(4), a scheduling order may be modified for good cause. Good cause exists where the moving party demonstrates diligence in attempting to meet the scheduling order's deadlines and the requested discovery is necessary for the fair adjudication of the claims. *See* Fed. R. Civ. P. 16(b)(4); see also *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011).

47. Plaintiff has acted diligently throughout discovery in attempting to identify the individuals operating Defendants' vehicles at the time of the May 20, 2024 collision. However, the information necessary to make that determination – vehicle assignments, dispatch logs, and telematics data – has remained exclusively within Defendants' possession.

48. Despite repeated discovery requests and inquires from Plaintiff, Defendants refused to identify the drivers involved in the incident for an extended period of time. Indeed, Defendants did not disclose the identity of one driver until March 11, 2026, after numerous requests by Plaintiff, and the identity of the second driver remains undisclosed.

49. The requested Rule 30(b)(6) discovery is directed solely at identifying the drivers involved in the collision through vehicle assignment records, dispatch logs, and telematics data. Plaintiff seeks records limited to:

    a) May 20, 2024;

    b) a twenty-minute time window surrounding the collision; and

    c) a one-mile radius of the incident location.

50. This limited scope minimizes any burden on Defendants while allowing Plaintiff to obtain information that is central to the claims in this case.

51. Courts routinely modify scheduling orders where critical information necessary to identify responsible parties remains solely within the possession of the opposing party. Denying this limited discovery would effectively prevent Plaintiff from determining the identities of the individuals responsible for operating the vehicles involved in the collision.

52. Moreover, the requested discovery will not disrupt the Court's scheduling order or prejudice Defendants. The request is limited in scope and directed only at obtaining basic factual information necessary to identify the drivers involved in the incident.

53. Accordingly, to the extent the Court concludes that the document request technically falls outside the written discovery deadline, Plaintiff respectfully requests that the Court modify the Scheduling Order and permit the limited Rule 30(b)(6) discovery necessary to identify the individuals operating Defendants' vehicles at the time of the collision.

## V. CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court:

    1. Deny Defendants' Motion for Protective Order;

2. Permit the Rule 30(b)(6) deposition to proceed and require production of the documents identified in Schedule B;

3. Alternatively, modify the Scheduling Order and extend the discovery deadline for the limited purpose of allowing discovery necessary to identify the individuals operating Defendants' vehicles at the time of the collision; and

4. Grant such other and further relief as the Court deems just and proper.

The requested relief is narrow and will not disrupt the Court's scheduling order but will allow Plaintiff to obtain the limited discovery necessary to identify the drivers responsible for the collision.

**DATED:** March 13, 2026

Respectfully submitted,

By: s/ *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC\
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of March 2026, a copy of the foregoing documents was served on the following via email:

| | |
|---|---|
| Peter C. Robinson, BPR #27498 | Caroline Montoya, BPR #41330 |
| Lewis Thomason, PC | Lewis Thomason, PC |
| 424 Church Street, Suite 2500 | 40 S. Main Street, Suite 2900 |
| Nashville, Tennessee 37219 | Memphis, Tennessee 38103 |
| Phone: (615) 259-1366 | Phone: (901) 525-8721 |
| probison@lewisthomason.com | cmontoya@lewisthomason.com |

                                                   */s/Carlos E. Moore*
                                                   Carlos E. Moore