**MARY L. WARREN, Plaintiff**

**v.**

**FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC., and JOHN DOES 1-3, Defendants**

**USDC Western District of Tennessee**
**Case No. 2:25-cv-02588-SHL-tmp**

# EXHIBIT B
# Rule 30(b)(6)
# Deposition Notices

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| **FLYWAY EXPRESS, LLC,** | ) | Magistrate Judge Tu M. Pham |
| **DHL EXPRESS (USA), INC., and** | ) | |
| **JOHN DOES 1-3,** | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF FLYWAY EXPRESS, LLC**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Mary L. Warren intends to take the deposition upon oral examination of the person(s) designated by Flyway Express, LLC as most knowledgeable to testify on its behalf regarding the matters outlined below. The deposition of Flyway Express's corporate representative will take place on **Wednesday, March 18, 2026 at 10:00 a.m.** at the offices of **Lewis Thomason, PC, One Commerce Square, 40 S. Main Street, Suite 2900, Memphis, Tennessee 38103**.

Defendant, Flyway Express, LLC shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in **Schedule A**. The person(s) so designated shall testify as to matters known or reasonably available to the organization. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Flyway Express, LLC is further required to produce at or before the deposition, the documents described in **Schedule B** attached hereto. All documents identified in Schedule B shall be produced no later

than five (5) days prior to the scheduled deposition date to permit meaningful examination of the designated corporate representative.

**PLAINTIFF REQUESTS THAT DEFENDANT, FLYWAY EXPRESS, LLC PROVIDES WRITTEN NOTICE AT LEAST FIVE (5) BUSINESS DAYS BEFORE THE SCHEDULED DEPOSITION OF THE NAME AND EMPLOYMENT POSITION OF THE INDIVIDUAL DESIGNATED TO TESTIFY ON FLYWAY EXPRESS, LLC'S BEHALF.**

The oral deposition shall commence in-person before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The purpose of this deposition is for discovery, potential use at trial, and any other purpose permitted under the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic means and videotaped and will continue from day to day until completed.

**DATED:** March 5, 2026

Respectfully submitted,

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC\
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5th day of March 2026, a copy of the foregoing documents was served on the following via email:

| | |
|---|---|
| Peter C. Robinson, BPR #27498 | Caroline Montoya, BPR #41330 |
| Lewis Thomason, PC | Lewis Thomason, PC |
| 424 Church Street, Suite 2500 | 40 S. Main Street, Suite 2900 |
| Nashville, Tennessee 37219 | Memphis, Tennessee 38103 |
| Phone: (615) 259-1366 | Phone: (901) 525-8721 |
| probison@lewisthomason.com | cmontoya@lewisthomason.com |

/s/Carlos E. Moore
Carlos E. Moore

## SCHEDULE A

In accordance with the Federal Rules of Civil Procedure 30(b)(6), Plaintiff, Mary L. Warren designates the matters identified below for examination. In construing these topics, the following definitions and topics shall apply:

**DEFINITIONS AND INSTRUCTIONS**

**A. Definitions**

1. **"Defendant"** or **"Company"** means Defendant, Flyway Express, LLC, including its present and former officers, directors, employees, agents, representatives, subsidiaries, affiliates, divisions, insurers, and any other persons acting or purporting to act on its behalf.

2. **"Vehicle"** means any motor vehicle owned, leased, rented, controlled, operated, maintained, or assigned by Defendant, including but not limited to fleet vehicles, delivery vehicles, service vehicles, or any other motorized vehicle used in the course and scope of Defendant's business operations.

3. **"Driver"** means any employee, agent, contractor, or other individual operating or assigned to operate a Vehicle owned, leased, rented, or controlled by Defendant.

4. **"Incident"** or **"Collision"** refers to the motor vehicle collision that occurred on May 20, 2024 at approximately 7:01 PM Central (including UTC Time), at or near Winchester Rd, involving vehicles operated by employees or agents of Defendant.

5. **"Document"** or **"Documents"** shall have the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes all written, printed, recorded, or electronically stored information ("ESI") of any kind, including emails, text messages, reports, logs, electronic data, photographs, videos, audio recordings, and any other tangible or electronic records.

6. **"Identify,"** when referring to a person means to state the person's full name, current or last known address, telephone number, employer, and job title or position.

7. **"Identify,"** when referring to a vehicle, means to state the make, model, year, VIN, license plate number, and any fleet or internal identification number assigned to the vehicle.

8. **"Telematics Data"** means any electronically store data generated or recorded by a vehicle tracking, fleet management, or driver monitoring system, including but not limited to GPS location data, speed data, acceleration events, braking events, driver login records, route history, or safety alerts.

9. **"GPS Data"** means any global positioning system information reflecting the location, movement, or route history of a vehicle.

10. **"Relevant Time Window"** means the time period between 6:51 PM UTC and 7:11 PM UTC on May 20, 2024.

11. **"Collision Location"** means the location of the May 20, 2024 motor vehicle collision on Winchester Road and includes the surrounding area within a one-mile radius of that location.

12. **"UTC"** means Coordinated Universal Time and includes any equivalent timestamp recorded within Defendant's fleet tracking or telematics systems.

B. **Instructions**

1. The matters set forth in Schedule A describe the areas of examination for which Defendant shall designate one or more person to testify pursuant to Rule 30(b)(6).

2. Defendant shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the matters listed in Schedule A. The designated witness(es) must testify about information known or reasonably available to Defendant.

3. Defendant shall identify each designated witness no later than five (5) days prior to the deposition, including the witness's name, job title, and the specific topic(s) for which the witness has been designated to testify.

4. The documents described in Schedule B shall be produced no later than five (5) days prior to the deposition and brought to the deposition.

5. If any responsive documents are withheld on the basis of privilege, Defendant shall produce a privilege log identifying the document, the basis for the privilege asserted, and sufficient information to evaluate the claim of privilege.

6. These requests including documents in the possession, custody, or control of Defendant, including documents held by its agents, contractors, insurers, or third-party vendors providing fleet management or telematics services.

7. If any responsive document no longer exists or cannot be located, Defendant shall identify the document, describe its contents, and explain the circumstances of its loss or destruction.

8. Unless otherwise stated, the relevant temporal scope of the topics and document requests is limited to the Relevant Time Window, except where broader time periods are expressly requested.

**Rule 30(b)(6) Topics of Examination**

The following topics relate to the motor vehicle collision that occurred on May 20, 2024 at approximately 7:01 PM Central (UTC) on Winchester Road involving vehicles operated by employees of Defendant.

The temporal scope of the topics below is limited to the time period between 6:51 PM and 7:11 PM UTC on May 20, 2024, within a one-mile radius of the collision location unless otherwise stated.

**Topic 1 – Identification of Vehicles**

Identification of all vehicles owned, leased, rented, controlled, or operated by Defendant that were located within one mile of the collision location between 6:51 PM and 7:11 PM UTC on May 20, 2024, including:

- Make
- Model
- Year
- VIN
- License Plate Number
- Fleet Number or Internal Vehicle Identifier
- Maintenance Records

**Topic 2 – Vehicle Assignment**

The assignment of any vehicles identified in Topic 1, including:

- the employee assigned to each vehicle
- the date and time of assignment
- the work shift or route associated with the vehicle
- the supervisor responsible for the driver

**Topic 3 – Identification of Drivers**

The identity of any employee, agent, or contractor operating any Defendant vehicle identified in Topic 1 during the relevant time window, including:

- Full Name
- Job Title
- Employment Status
- Date of Hire
- Supervisor

**Topic 4 – Dispatch and Route Records**

Dispatch logs, delivery assignments, route manifests, or other operational records identifying drivers operating vehicles in the relevant area during the time window.

**Topic 5 – GPS and Telematics Systems**

The GPS tracking, telematics systems, or fleet tracking systems used by Defendant to monitor vehicle location and driver behavior, including:

- the system used
- how vehicle location is recorded
- how driver assignments are recorded

**Topic 6 – Vehicle Location Data**

The location, speed, and movement of vehicles identified in Topic 1 between 6:51 PM and 7:11 PM UTC on May 20, 2024, including any telematics or GPS data reflecting vehicle position.

**Topic 7 – Accident Investigation**

Any investigation conducted by Defendant concerning the May 20, 2024 collision, including:

- identification of the drivers involved
- findings of the investigation
- individuals interviewed

**Topic 8 – Vehicle Damage and Inspection**

The inspection, maintenance, repair, or documentation of damage to any Defendant vehicles involved in the Collision.

**Topic 9 – Preservation of Electronic Data**

Steps taken by Defendant to preserve:

- GPS data
- Telematics Data
- Dash Camera Footage
- Driver Logs
- Dispatch Records

**Topic 10 – Driver Login and Vehicle Authentication Systems**

The systems, procedures, and records used by Defendant to identify or authenticate the driver of a vehicle, including but not limited to:

- driver login credentials used in fleet management systems
- driver identification through handheld delivery devices
- electronic logging device (ELD) records
- driver badge or key-fob systems
- driver tablet or mobile application login records
- any other system used to associate a specific driver with a specific vehicle

## SCHEDULE B

**Requests for Production of Documents**

Defendant shall produce the following documents no later than five (5) days prior to the deposition and bring them to the deposition.

**Request No. 1:** Documents identifying all vehicles owned, leased, or controlled by Defendant within one mile of the collision location between 6:51 PM and 7:11 PM UTC on May 20, 2024.

**Request No. 2:** Vehicle assignment logs showing which employees were assigned to the vehicles identified in Request No. 1.

**Request No. 3:** Dispatch records, route manifests, delivery schedules, or trip logs for drivers operating in the relevant area during the time window.

**Request No. 4:** GPS data, telematics reports, or fleet tracking records reflecting the location, speed, and movement of the vehicles identified in Request No. 1 during the relevant time window.

**Request No. 5:** Documents identifying the drivers operating the vehicles identified in Request No.1.

**Request No. 6:** Any accident reports, incident reports, or internal investigation documents related to the May 20, 2024 collision.

**Request No. 7:** Photographs, inspection reports, repair invoices, or maintenance records documenting damage to any Defendant vehicle involved in the collision.

**Request No. 8:** Any dash camera footage, surveillance video, or electronic recordings relating to the collision.

**Request No. 9:** Documents reflecting steps taken to preserve electronic data relating to the collision.

**Request No. 10:** Driver assignment records, driver login records, or electronic driver identification records for vehicles identified in Request No. 1.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

| | |
|---|---|
| **MARY L. WARREN,** ) | |
| ) | |
|      **Plaintiff,** ) | Case No. 2:25-cv-02588-SHL-tmp |
| ) | |
| v. ) | Judge Sheryl H. Lipman |
| ) | |
| **FLYWAY EXPRESS, LLC,** ) | Magistrate Judge Tu M. Pham |
| **DHL EXPRESS (USA), INC., and** ) | |
| **JOHN DOES 1-3,** ) | JURY DEMAND |
| ) | |
|      **Defendants.** ) | |

---

### NOTICE OF RULE 30(b)(6) DEPOSITION OF DHL EXPRESS (USA), INC.

---

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Mary L. Warren intends to take the deposition upon oral examination of the person(s) designated by DHL Express (USA), Inc. as most knowledgeable to testify on its behalf regarding the matters outlined below. The deposition of DHL Express's corporate representative will take place on **Wednesday, March 18, 2026 at 10:00 a.m.** at the offices of **Lewis Thomason, PC, One Commerce Square, 40 S. Main Street, Suite 2900, Memphis, Tennessee 38103**.

Defendant, DHL Express (USA), Inc. shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in **Schedule A**. The person(s) so designated shall testify as to matters known or reasonably available to the organization. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, DHL Express (USA), Inc. is further required to produce at or before the deposition, the documents described in **Schedule B** attached hereto. All documents identified in Schedule B shall be produced

Page 1 of 9

no later than five (5) days prior to the scheduled deposition date to permit meaningful examination of the designated corporate representative.

**PLAINTIFF REQUESTS THAT DEFENDANT, DHL EXPRESS (USA), INC. PROVIDES WRITTEN NOTICE AT LEAST FIVE (5) BUSINESS DAYS BEFORE THE SCHEDULED DEPOSITION OF THE NAME AND EMPLOYMENT POSITION OF THE INDIVIDUAL DESIGNATED TO TESTIFY ON DHL EXPRESS (USA), INC.'S BEHALF.**

The oral deposition shall commence in-person before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The purpose of this deposition is for discovery, potential use at trial, and any other purpose permitted under the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic means and videotaped and will continue from day to day until completed.

**DATED:** March 5, 2026

Respectfully submitted,

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC\
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5th day of March 2026, a copy of the foregoing documents was served on the following via email:

| | |
|---|---|
| Peter C. Robinson, BPR #27498 | Caroline Montoya, BPR #41330 |
| Lewis Thomason, PC | Lewis Thomason, PC |
| 424 Church Street, Suite 2500 | 40 S. Main Street, Suite 2900 |
| Nashville, Tennessee 37219 | Memphis, Tennessee 38103 |
| Phone: (615) 259-1366 | Phone: (901) 525-8721 |
| probison@lewisthomason.com | cmontoya@lewisthomason.com |

                                                                             */s/Carlos E. Moore*
                                                                             Carlos E. Moore

## SCHEDULE A

In accordance with the Federal Rules of Civil Procedure 30(b)(6), Plaintiff, Mary L. Warren designates the matters identified below for examination. In construing these topics, the following definitions and topics shall apply:

## DEFINITIONS AND INSTRUCTIONS

### A.  Definitions

1. **"Defendant"** or **"Company"** means Defendant, DHL Express (USA), Inc., including its present and former officers, directors, employees, agents, representatives, subsidiaries, affiliates, divisions, insurers, and any other persons acting or purporting to act on its behalf.

2. **"Vehicle"** means any motor vehicle owned, leased, rented, controlled, operated, maintained, or assigned by Defendant, including but not limited to fleet vehicles, delivery vehicles, service vehicles, or any other motorized vehicle used in the course and scope of Defendant's business operations.

3. **"Driver"** means any employee, agent, contractor, or other individual operating or assigned to operate a Vehicle owned, leased, rented, or controlled by Defendant.

4. **"Incident"** or **"Collision"** refers to the motor vehicle collision that occurred on May 20, 2024 at approximately 7:01 PM Central (including UTC Time), at or near Winchester Rd, involving vehicles operated by employees or agents of Defendant.

5. **"Document"** or **"Documents"** shall have the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes all written, printed, recorded, or electronically stored information ("ESI") of any kind, including emails, text messages, reports, logs, electronic data, photographs, videos, audio recordings, and any other tangible or electronic records.

6. **"Identify,"** when referring to a person means to state the person's full name, current or last known address, telephone number, employer, and job title or position.

7. **"Identify,"** when referring to a vehicle, means to state the make, model, year, VIN, license plate number, and any fleet or internal identification number assigned to the vehicle.

8. **"Telematics Data"** means any electronically store data generated or recorded by a vehicle tracking, fleet management, or driver monitoring system, including but not limited to GPS location data, speed data, acceleration events, braking events, driver login records, route history, or safety alerts.

9. **"GPS Data"** means any global positioning system information reflecting the location, movement, or route history of a vehicle.

10. **"Relevant Time Window"** means the time period between 6:51 PM UTC and 7:11 PM UTC on May 20, 2024.

11. **"Collision Location"** means the location of the May 20, 2024 motor vehicle collision on Winchester Road and includes the surrounding area within a one-mile radius of that location.

12. **"UTC"** means Coordinated Universal Time and includes any equivalent timestamp recorded within Defendant's fleet tracking or telematics systems.

B. **Instructions**

1. The matters set forth in Schedule A describe the areas of examination for which Defendant shall designate one or more person to testify pursuant to Rule 30(b)(6).

2. Defendant shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the matters listed in Schedule A. The designated witness(es) must testify about information known or reasonably available to Defendant.

3. Defendant shall identify each designated witness no later than five (5) days prior to the deposition, including the witness's name, job title, and the specific topic(s) for which the witness has been designated to testify.

4. The documents described in Schedule B shall be produced no later than five (5) days prior to the deposition and brought to the deposition.

5. If any responsive documents are withheld on the basis of privilege, Defendant shall produce a privilege log identifying the document, the basis for the privilege asserted, and sufficient information to evaluate the claim of privilege.

6. These requests including documents in the possession, custody, or control of Defendant, including documents held by its agents, contractors, insurers, or third-party vendors providing fleet management or telematics services.

7. If any responsive document no longer exists or cannot be located, Defendant shall identify the document, describe its contents, and explain the circumstances of its loss or destruction.

8. Unless otherwise stated, the relevant temporal scope of the topics and document requests is limited to the Relevant Time Window, except where broader time periods are expressly requested.

**Rule 30(b)(6) Topics of Examination**

The following topics relate to the motor vehicle collision that occurred on May 20, 2024 at approximately 7:01 PM Central (UTC) on Winchester Road involving vehicles operated by employees of Defendant.

The temporal scope of the topics below is limited to the time period between 6:51 PM and 7:11 PM UTC on May 20, 2024, within a one-mile radius of the collision location unless otherwise stated.

**Topic 1 – Identification of Vehicles**

Identification of all vehicles owned, leased, rented, controlled, or operated by Defendant that were located within one mile of the collision location between 6:51 PM and 7:11 PM UTC on May 20, 2024, including:

- Make
- Model
- Year
- VIN
- License Plate Number
- Fleet Number or Internal Vehicle Identifier
- Maintenance Records

**Topic 2 – Vehicle Assignment**

The assignment of any vehicles identified in Topic 1, including:

- the employee assigned to each vehicle
- the date and time of assignment
- the work shift or route associated with the vehicle
- the supervisor responsible for the driver

**Topic 3 – Identification of Drivers**

The identity of any employee, agent, or contractor operating any Defendant vehicle identified in Topic 1 during the relevant time window, including:

- Full Name
- Job Title
- Employment Status
- Date of Hire
- Supervisor

**Topic 4 – Dispatch and Route Records**

Dispatch logs, delivery assignments, route manifests, or other operational records identifying drivers operating vehicles in the relevant area during the time window.

**Topic 5 – GPS and Telematics Systems**

The GPS tracking, telematics systems, or fleet tracking systems used by Defendant to monitor vehicle location and driver behavior, including:

- the system used
- how vehicle location is recorded
- how driver assignments are recorded

**Topic 6 – Vehicle Location Data**

The location, speed, and movement of vehicles identified in Topic 1 between 6:51 PM and 7:11 PM UTC on May 20, 2024, including any telematics or GPS data reflecting vehicle position.

**Topic 7 – Accident Investigation**

Any investigation conducted by Defendant concerning the May 20, 2024 collision, including:

- identification of the drivers involved
- findings of the investigation
- individuals interviewed

**Topic 8 – Vehicle Damage and Inspection**

The inspection, maintenance, repair, or documentation of damage to any Defendant vehicles involved in the Collision.

**Topic 9 – Preservation of Electronic Data**

Steps taken by Defendant to preserve:

- GPS data
- Telematics Data
- Dash Camera Footage
- Driver Logs
- Dispatch Records

**Topic 10 – Driver Login and Vehicle Authentication Systems**

The systems, procedures, and records used by Defendant to identify or authenticate the driver of a vehicle, including but not limited to:

- driver login credentials used in fleet management systems
- driver identification through handheld delivery devices
- electronic logging device (ELD) records
- driver badge or key-fob systems
- driver tablet or mobile application login records
- any other system used to associate a specific driver with a specific vehicle

## SCHEDULE B

**Requests for Production of Documents**

Defendant shall produce the following documents no later than five (5) days prior to the deposition and bring them to the deposition.

**Request No. 1:** Documents identifying all vehicles owned, leased, or controlled by Defendant within one mile of the collision location between 6:51 PM and 7:11 PM UTC on May 20, 2024.

**Request No. 2:** Vehicle assignment logs showing which employees were assigned to the vehicles identified in Request No. 1.

**Request No. 3:** Dispatch records, route manifests, delivery schedules, or trip logs for drivers operating in the relevant area during the time window.

**Request No. 4:** GPS data, telematics reports, or fleet tracking records reflecting the location, speed, and movement of the vehicles identified in Request No. 1 during the relevant time window.

**Request No. 5:** Documents identifying the drivers operating the vehicles identified in Request No.1.

**Request No. 6:** Any accident reports, incident reports, or internal investigation documents related to the May 20, 2024 collision.

**Request No. 7:** Photographs, inspection reports, repair invoices, or maintenance records documenting damage to any Defendant vehicle involved in the collision.

**Request No. 8:** Any dash camera footage, surveillance video, or electronic recordings relating to the collision.

**Request No. 9:** Documents reflecting steps taken to preserve electronic data relating to the collision.

**Request No. 10:** Driver assignment records, driver login records, or electronic driver identification records for vehicles identified in Request No. 1.