# MARY L. WARREN, Plaintiff
# v.
# FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC., and JOHN DOES 1-3, Defendants

**USDC Western District of Tennessee**
**Case No. 2:25-cv-02588-SHL-tmp**

# EXHIBIT D

# Defendant, Flyway Express, LLC's Responses to Plaintiff's Discovery Requests



LEWIS THOMASON

Suite 2900, One Commerce Square
40 South Main Street
Memphis, TN 38103
T: (901) 525-8721 F: (901) 525-6722

**Caroline Montoya**
DL: (901) 577-6128
CMontoya@LewisThomason.com

**September 2, 2025**
**VIA E-MAIL**

Henry Reaves, III
Ted K. Cummins
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

RE: Mary Warren v. Flyway Express, LLC, DHL Express (USA), Inc., LLC, and John Does 1-3

Dear Mr. Reaves and Mr. Cummins:

I have enclosed Defendant Flyway Express, LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as well as the responsive documents:

- WARREN 00001-00031 – Cartage Agreement
- WARREN 00032 – Email to Court dated 7/24/2025
- WARREN 00033-00042 – Accident Report

I have included a proposed protective order for your consideration. Please let me know if you have any proposed edits. Upon entry of the order, Defendants will provide the remaining documents under separate cover.

Sincerely,

**LEWIS THOMASON, P.C.**

Caroline Montoya

Caroline Montoya

Enclosure
cc: Peter Robison (via email)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **MARY L. WARREN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC. AND JOHN DOES 1-3,**<br><br>**Defendants.** | **Case No. 2:25-cv-02588-SHL-tmp**<br><br>**Judge Sheryl H. Lipman**<br><br>**Magistrate Judge Tu M. Pham**<br><br>**Jury Demand** |

**NOTICE OF SERVICE OF DEFENDANT FLYWAY EXPRESS, LLC'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

Defendant Flyway Express, LLC ("Flyway" or "this Defendant"), by and through counsel, hereby gives notice that on September 2, 2025, it served the following to counsel of record via email:

1. Defendant Flyway Express, LLC's Responses to Plaintiff's First Set of Interrogatories
2. Defendant Flyway Express, LLC's Responses to Plaintiff's First Set of Requests for Production
3. WARREN 00001-00031 – Cartage Agreement
4. WARREN 00032 – Email to Court dated 7/24/2025
5. WARREN 00033-00042 – Accident Report

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Caroline Montoya*

Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA),
Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2025, a copy of the foregoing was sent to the following via email:

Henry Reaves, III (#28348)
Theodore K. Cummins (#24381)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Caroline Montoya*
Caroline Montoya

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **MARY L. WARREN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC. AND JOHN DOES 1-3,**<br><br>**Defendants.** | **Case No. 2:25-cv-02588-SHL-tmp**<br><br>**Judge Sheryl H. Lipman**<br><br>**Magistrate Judge Tu M. Pham**<br><br>**Jury Demand** |

**DEFENDANT FLYWAY EXPRESS, LLC'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Flyway Express, LLC ("Flyway" or "Defendant"), by and through counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Set of Interrogatories as follows:

As an initial matter, Flyway objects to the lengthy definitions and instructions section that preface the Plaintiff's discovery requests, to the extent that they seek to impose obligations beyond those provided in the Federal Rules of Civil Procedure. Without waiving that objection, Flyway responds as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all employees of Flyway Express, LLC who were operating vehicles on Winchester Road in Memphis, Tennessee, on May 20, 2024.

**ANSWER**: **At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject**

incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.

To the extent that a response is necessary, Flyway states that Winchester Road is a main road in Memphis, Tennessee that is located near its local station. Flyway would expect all or most of its drivers to travel on Winchester Road on any given day. Defendant identifies the following Flyway drivers that were operating vehicles on May 20, 2024. Any additional contact information is unknown at this time. Defendant reserves the right to supplement this response.

1. Nickita Gardner
2. James Jordan
3. Gary Sandridge
4. Felicia Abron
5. Adam Goodman
6. Tavarius Turner
7. Clarke White
8. Sonya Macklin
9. Daniel Herron
10. Melissa Perry
11. Lakendrick James
12. Andre Gamble
13. Charles Dortch
14. Vernisha Harvey
15. Danuel Abron
16. Jessica Thompson

**17. Marlon Townsel**

**18. Shatara Grant**

**19. Malik Sampson**

**20. Darius Johnson**

**21. Everick Burnett**

**22. Ranicka Anderson**

**23. Apple Edwards**

**24. Marcus Flowers**

**25. Reginald Haywood**

**26. Tracy Nash**

**27. Toby Simmons**

**28. Billy Vaughn**

**29. Octavious Wilkins**

**30. Marcus Poindexter**

**INTERROGATORY NO. 2:** Describe the training and supervision provided to the employees involved in the incident on May 20, 2024.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway provides safety training to all of its drivers as part of its new hire process. This includes required training courses on defense driving and driver safety using the Smith5Keys, dangerous goods, certified cargo screening**

**facilities, security threat assessment, the indirect air carrier standard security program, and the full air-cargo aircraft operator standard security program. Flyway supervises its drivers by evaluating the performance at the end of the driver's daily route.**

**<u>INTERROGATORY NO. 3:</u>** State whether Flyway Express, LLC has any policies or procedures regarding racing or competitive driving among its employees.

**<u>ANSWER</u>: Objection. This interrogatory is vague and the terms "racing" and "competitive driving" are not defined. Further, at this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway provides safety training to all of its drivers as part of its new hire process. Flyway trains its drivers to follow all posted speed limits. "Racing" or "competitive driving" would be considered inappropriate behavior and is prohibited.**

**<u>INTERROGATORY NO. 4:</u>** Provide the full name, address, and contact information of the employee referred to as "John Doe 1" in the complaint.

**<u>ANSWER</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**<u>INTERROGATORY NO. 5:</u>** Explain the circumstances under which the employees were operating DHL trucks on May 20, 2024.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway drivers operate trucks to complete deliveries or pick-ups according to their assignments.**

**INTERROGATORY NO. 6:** Detail any disciplinary actions taken against the employees involved in the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**INTERROGATORY NO. 7:** Describe the nature of the business relationship between Flyway Express, LLC and DHL Express (USA), Inc.

**ANSWER: Flyway provides last mile services through a Cartage Agreement with DHL Express (USA), Inc.**

**INTERROGATORY NO. 8:** State whether Flyway Express, LLC conducted any background checks on the employees involved in the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway conducts background checks on all of its drivers as part of the new hire process.**

<u>**INTERROGATORY NO. 9:**</u> Provide a detailed account of the events leading up to the collision on May 20, 2024.

<u>**ANSWER**</u>**: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Defendant is unaware of any details regarding events leading up to the subject accident.**

<u>**INTERROGATORY NO. 10:**</u> Identify any witnesses to the incident and provide their contact information.

<u>**ANSWER**</u>**: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Defendant is unaware of any witnesses to the subject accident, other than those listed in the Police Report, WARREN 00033-00042 (produced with these responses).**

<u>**INTERROGATORY NO. 11:**</u> Describe any safety measures or protocols in place to prevent incidents like the one on May 20, 2024.

<u>**ANSWER**</u>**: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject**

**incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway has certain safety protocols and provides safety training for all of its drivers. Flyway drivers are required to complete a training course in defensive driving and driver safety using the Smith5Keys.**

**INTERROGATORY NO. 12:** State whether Flyway Express, LLC has received any complaints regarding the driving behavior of its employees prior to May 20, 2024.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**INTERROGATORY NO. 13:** Provide the employment history of the employees involved in the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**INTERROGATORY NO. 14:** Describe the process by which Flyway Express, LLC assigns vehicles to its employees.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway states that the vehicles are rotated between its drivers based on the mileage of daily routes in order to maintain even mileage on the vehicles.**

INTERROGATORY NO. 15: State whether Flyway Express, LLC has insurance coverage for incidents such as the one described in the complaint.

**ANSWER: Objection. This interrogatory is irrelevant and seeks propriety or confidential information. At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

INTERROGATORY NO. 16: Identify any communications between Flyway Express, LLC and DHL Express (USA), Inc. regarding the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Defendant has no responsive information. Flyway had no communication with DHL regarding the subject incident prior to this lawsuit.**

INTERROGATORY NO. 17: Describe the maintenance history of the DHL trucks involved in the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's vehicles were involved in the subject**

**incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**INTERROGATORY NO. 18:** State whether Flyway Express, LLC has conducted any internal investigations into the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**INTERROGATORY NO. 19:** Provide the results of any drug or alcohol tests conducted on the employees involved in the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway requires all drivers to complete a drug test before beginning their employment with Flyway.**

**INTERROGATORY NO. 20:** Describe any training programs provided to employees regarding safe driving practices.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway provides safety training to all of its drivers as part of its new hire process. This includes required training courses on defensive driving and driver safety using the Smith5Keys, dangerous goods, certified cargo screening facilities, security threat assessment, the indirect air carrier standard security program, and the full air-cargo aircraft operator standard security program.**

**INTERROGATORY NO. 21:** State whether Flyway Express, LLC has any video footage of the incident.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway is unaware of any video footage of the subject accident.**

**INTERROGATORY NO. 22:** Identify any third-party contractors involved in the operation of the DHL trucks on May 20, 2024.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway provides last mile services through a Cartage Agreement with DHL Express (USA), Inc.**

**INTERROGATORY NO. 23:** Describe the process by which Flyway Express, LLC evaluates the driving performance of its employees.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, a Flyway driver meets with his manager at the end of each day for a debrief process. The drivers are evaluated on performance from that day including safety, efficiency, timeliness, maintenance issues, etc. If any driver did not comply with Flyway's rules or policies, then that driver will be written up. If a driver has been written up at least three times, then that driver will be terminated.**

INTERROGATORY NO. 24: State whether Flyway Express, LLC has any records of prior accidents involving the employees in question.

**ANSWER: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

INTERROGATORY NO. 25: Provide the names and contact information of any experts Flyway Express, LLC intends to call at trial.

**ANSWER: Defendant has not made any determination as to the experts it may call at a trial of this case. Defendant will supplement this response pursuant to the Federal Rules of Civil Procedure, the Scheduling Order placed down in this case, and the Local Rules.**

INTERROGATORY NO. 26: Describe any measures taken by Flyway Express, LLC to prevent future incidents similar to the one on May 20, 2024.

ANSWER: **Objection. Defendant states that this interrogatory exceeds the limit outlined in Rule 33 of the Federal Rules of Civil Procedure. No response is necessary.**

**INTERROGATORY NO. 27:** State whether Flyway Express, LLC has any policies regarding the use of cell phones or other devices while driving.

ANSWER: **Objection. Defendant states that this interrogatory exceeds the limit outlined in Rule 33 of the Federal Rules of Civil Procedure. No response is necessary.**

**INTERROGATORY NO. 28:** Identify any training materials provided to employees regarding compliance with traffic laws.

ANSWER: **Objection. Defendant states that this interrogatory exceeds the limit outlined in Rule 33 of the Federal Rules of Civil Procedure. No response is necessary.**

**INTERROGATORY NO. 29:** Describe the process by which Flyway Express, LLC investigates complaints against its employees.

ANSWER: **Objection. Defendant states that this interrogatory exceeds the limit outlined in Rule 33 of the Federal Rules of Civil Procedure. No response is necessary.**

**INTERROGATORY NO. 30:** State whether Flyway Express, LLC has any records of communications with law enforcement regarding the incident.

ANSWER: **Objection. Defendant states that this interrogatory exceeds the limit outlined in Rule 33 of the Federal Rules of Civil Procedure. No response is necessary.**

**VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, STEVE KRIESE, certify under penalty of perjury, pursuant to 28 U.S. Code § 1746, that I am the authorized representative for Flyway Express LLC, and that while I do not have personal knowledge of all of the facts recited in the foregoing answers to Interrogatories, the said answers are true to the best of my knowledge and belief based upon the information made available to me; and therefore, the foregoing answers to Interrogatories are verified on behalf of Flyway Express LLC, in this litigation.

**Flyway Express, LLC**

[signature]

STEVE KRIESE

Title: President

Date: 9-2-25

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Caroline Montoya*

Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September 2025, a copy of the foregoing to the following via email:

Henry Reaves, III, Esq., BPR #028348
Theodore K. Cummins, BPR #024381
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Caroline Montoya*
Caroline Montoya

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARY L. WARREN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC. AND JOHN DOES 1-3,**<br><br>**Defendants.** | ) | **Case No. 2:25-cv-02588-SHL-tmp**<br><br>**Judge Sheryl H. Lipman**<br><br>**Magistrate Judge Tu M. Pham**<br><br>**Jury Demand** |

**DEFENDANT FLYWAY EXPRESS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Flyway Express, LLC ("Flyway" or "Defendant"), by and through counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Set of Requests for Production of Documents as follows:

As an initial matter, Flyway objects to the lengthy definitions and instructions section that preface the Plaintiff's discovery requests, to the extent that they seek to impose obligations beyond those provided in the Federal Rules of Civil Procedure. Without waiving that objection, Flyway responds as follows

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Produce all documents related to the employment of the individuals involved in the incident on May 20, 2024.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject**

**incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

<u>REQUEST NO. 2:</u> Provide copies of any training materials used by Flyway Express, LLC for driver safety.

**<u>RESPONSE</u>: Objection. This request is irrelevant and seeks proprietary and confidential information. At this time, Defendant is unable to identify "John Doe 1" and therefore denies that any of its employees were involved in the subject incident. Defendant reserves the right to supplement this response.**

**Without waiving these objections, Defendant will produce training materials upon the entry of a Protective Order.**

<u>REQUEST NO. 3:</u> Produce all maintenance records for the DHL trucks involved in the incident.

**<u>RESPONSE</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

<u>REQUEST NO. 4:</u> Provide any internal reports or investigations conducted by Flyway Express, LLC regarding the incident.

**<u>RESPONSE</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 5:** Produce all communications between Flyway Express, LLC and DHL Express (USA), Inc. regarding the incident.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Defendant has no responsive information. Flyway had no communication with DHL regarding the subject incident prior to this lawsuit.**

**REQUEST NO. 6:** Provide copies of any insurance policies covering the incident.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**Without waiving these objections, Defendant will produce a redacted declaration page upon the entry of a Protective Order.**

**REQUEST NO. 7:** Produce any video footage of the incident.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway is unaware of any video footage of the subject accident.**

**REQUEST NO. 8:** Provide all documents related to disciplinary actions taken against the employees involved.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 9:** Produce any complaints received by Flyway Express, LLC regarding the driving behavior of its employees.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 10:** Provide all documents related to the assignment of vehicles to employees.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway is unaware of responsive information or documents.**

**REQUEST NO. 11:** Produce any records of prior accidents involving the employees in question.

**<u>RESPONSE</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**<u>REQUEST NO. 12:</u>** Provide copies of any communications with law enforcement regarding the incident.

**<u>RESPONSE</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent that a response is necessary, Flyway is unaware of responsive information or documents.**

**<u>REQUEST NO. 13:</u>** Produce all documents related to the business relationship between Flyway Express, LLC and DHL Express (USA), Inc.

**<u>RESPONSE</u>: See the attached Cartage Agreement between DHL Express (USA), Inc. and Flyway, WARREN 00001-00031.**

**<u>REQUEST NO. 14:</u>** Provide any records of drug or alcohol tests conducted on the employees involved.

**<u>RESPONSE</u>: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 15:** Produce any safety protocols or procedures in place at Flyway Express, LLC.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**Without waiving these objections, Defendant will produce safety protocols and procedures upon the entry of a Protective Order.**

**REQUEST NO. 16:** Provide all documents related to the evaluation of employee driving performance.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 17:** Produce any records of communications with third-party contractors involved in the operation of the DHL trucks.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**To the extent a response is necessary, Defendant has no responsive information or documentation.**

**REQUEST NO. 18:** Provide copies of any expert reports Flyway Express, LLC intends to use at trial.

**RESPONSE: Defendant has not made any determination as to the experts it may call at a trial of this case. Defendant will supplement this response pursuant to the Federal Rules of Civil Procedure, the Scheduling Order placed down in this case, and the Local Rules.**

**REQUEST NO. 19:** Produce any records of communications with witnesses to the incident.

**RESPONSE: Defendant is unaware of any witnesses to the subject accident, other than those listed in the Police Report. Flyway produces the Accident Report, WARREN 00033-00042.**

**REQUEST NO. 20:** Provide all documents related to the training and supervision of the employees involved.

**RESPONSE: At this time, Plaintiff has not identified "John Doe 1" and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident. To the extent that Plaintiff is able to identify the identity of John Doe #1, then Defendant will supplement this response.**

**REQUEST NO. 21:** Produce any records of communications with the Plaintiff or her representatives.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 22:** Provide any records of communications with the registered agent of Flyway Express, LLC.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 23:** Produce any records of communications with the registered agent of DHL Express (USA), Inc.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 24:** Provide any records of communications with the Plaintiff's legal representatives.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 25:** Produce any records of communications with the court regarding the incident.

**RESPONSE: Defendant produces 7/24/2025 email to Court with proposed scheduling order with these responses, WARREN 00032.**

**REQUEST NO. 26:** Provide any records of communications with insurance adjusters regarding the incident.

**RESPONSE: Objection. This request seeks confidential communications and information protected by the work product doctrine.**

**REQUEST NO. 27:** Produce any records of communications with the Tennessee Department of Transportation regarding the incident.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 28:** Provide any records of communications with the City of Memphis regarding the incident.

**RESPONSE: Defendant has no responsive information or documentation.**

**REQUEST NO. 29:** Produce any records of communications with the State of Tennessee regarding the incident.

RESPONSE: **Defendant has no responsive information or documentation.**

**REQUEST NO. 30:** Provide any records of communications with the Federal Motor Carrier Safety Administration regarding the incident

**RESPONSE**: **Defendant has no responsive information or documentation.**

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Caroline Montoya*

Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September 2025, a copy of the foregoing to the following via email:

Henry Reaves, III, Esq., BPR #028348
Theodore K. Cummins, BPR #024381
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Caroline Montoya*
Caroline Montoya

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | **Judge Sheryl H. Lipman** |
| | ) | **Magistrate Judge Tu M. Pham** |
| | ) | **Jury Demand** |
| **FLYWAY EXPRESS, LLC, DHL EXPRESS (USA), INC. AND JOHN DOES 1-3,** | ) | |
| **Defendants.** | ) | |

**JOINT CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**

This matter comes before the Court on the parties' proposed Joint Confidentiality Agreement and Agreed Protective Order. Discovery is about to commence, and the parties are seeking, and may in the future seek, documents that relate to insurance policies, business operations, trade secrets, or may otherwise be considered confidential by the party requested to produce such documents. The Court is informed that the parties to this action desire to protect their confidential documents from unauthorized, unnecessary disclosure.

**THEREFORE**, pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, **IT IS ORDERED** that the following principles and procedures designed to assure the protection of proprietary and/or confidential documents shall govern any and all discovery in this action:

1. All documentary information produced or exchanged in the course of discovery in this litigation that contains records regarding insurance policies, business operations, trade secrets, and

other documents that a party determines in good faith contains confidential financial, business, patient, or similar confidential information pertaining to a party to this litigation, and that is so designated by stamping "Confidential" on each such document by the producing party, shall be deemed "Confidential Information."

2. Any party may dispute the designation of a document designated as "Confidential" under this Order. If any party believes that a document which has been designated as "Confidential" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for a determination of the degree of disclosure allowed or whether it is in fact Confidential Information. The parties shall, until further order of the Court, treat the document designated as "Confidential" in accordance with the designation and the provisions of this Order, notwithstanding the existence of the dispute.

3. By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony. If a party challenges the "Confidential" designation of any document or testimony, the party making the designation shall bear the burden of proving that the challenged document or testimony is in fact Confidential Information and that the designation is narrowly tailored to ensure that only Confidential Information is so designated. The foregoing applies to all material designated as "Confidential."

4. Confidential Information shall be used solely for the purpose of this litigation and shall not (except by further order of this Court) be given, shown, made available, discussed, or otherwise communicated to anyone other than: (a) attorneys of record and employees of attorneys of record who have a direct functional responsibility for the proceedings in this action; (b) employees of a party; (c) experts, consultants, and/or other persons retained to assist in the preparation of this litigation; (d) the Court and its staff, and the jury; (e) parties to this litigation; (f) court reporters,

stenographers, and videographers called upon to record or transcribe deposition testimony or other testimony in this case; (g) any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis; and (h) witnesses, to the extent necessary for the preparation of their testimony or during their depositions, or any hearing, or any trial.

Any person to whom Confidential Information is disclosed pursuant to subparagraphs (b), (c), and (h), above, shall be informed of the terms of this Protective Order before Confidential Information is disclosed to that person or entity and the disclosing party shall inform the recipient of their obligation to keep the Confidential Information confidential pursuant to the terms of this Protective Order.

5.      Within thirty (30) days of receipt of the transcript of a deposition, any party may designate portions of the deposition transcript and exhibits as Confidential by sending written notice to all other parties. The written notice shall specify the page and line numbers of the deposition transcript and/or the exhibit numbers that will be designated as Confidential. Upon receipt of such written notice, all parties shall treat the materials as Confidential Information and subject to the provisions of this Protective Order.

6.      The party filing any "documentary information" designated as Confidential with the Court in connection with a pleading, motion, response, or reply, or during a hearing, trial, post-trial, and/or appeal, shall move to have the Confidential Information filed under seal in accordance with any procedures mandated by the Court's local rules and explain the grounds for why each document should be filed under seal. However, in hearings or during trial, post-trial, and/or any appeal, either party may introduce or refer to anything contained in the "documentary information" designated as Confidential, and/or anything derived or compiled therefrom, and/or may freely quote from same without regard to this Protective Order if the party in good faith believes it is necessary.

7. The failure to insist upon full compliance with any of the terms of this Agreed Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

8. Within 60 days following final disposition of this action, counsel for the parties shall, upon request, either (a) assemble and return to each other all documents designated Confidential, including all copies of same; (b) shall certify the destruction thereof; or (c) shall certify that the documents designated as Confidential will be securely and confidentially retained by counsel pursuant to counsel's document retention system and then later destroyed pursuant to that system. Counsel for the parties shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court, including trial exhibits; (ii) deposition transcripts and exhibits thereto; and (iii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Order.

9. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

10. The parties agree that in the event the opposing party discloses documents or electronic data inadvertently, whether they are confidential or not, the receiving party, upon notice from the disclosing party or, if the receiving party on its own recognizes that the documents are privileged and inadvertently produced, will return the documents or data to the disclosing party, who will retain the documents or data in the form produced for at least 60 days after the return of the documents or data in order to allow the receiving party to challenge the disclosing party's claim that the documents or data are not required to be produced.

**IT IS SO ORDERED.**

______________________________
**Judge Sheryl H. Lipman**

**SUBMITTED FOR ENTRY:**

**REAVES LAW FIRM, PLLC**

______________________________
Henry Reaves, III (#28348)
Theodore K. Cummins (#24381)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

*Counsel for Plaintiff*

**LEWIS THOMASON, P.C.**

______________________________
Peter C. Robison (#27498)
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya (#41330)
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

**CERTIFICATE OF SERVICE**

I certify that on September ___, 2025, I electronically filed this document using the Court's ECF system, which will send notification of the filing to the following:

Henry Reaves, III (#28348)
Theodore K. Cummins (#24381)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Ted.cummins@beyourvoice.com

*Counsel for Plaintiff*

______________________________
Caroline Montoya

**From:** Montoya, Caroline Sisson
**To:** ECF_Judge_Lipman@tnwd.uscourts.gov
**Cc:** Robison, Peter C.; Trefilova-Martin, Sofia; Bryan, Ireys B.; Henry Reaves; Ted Cummins; Shelia Davis
**Subject:** Mary L. Warren v. Flyway Express, LLC & DHL Express (USA), LLC, No. 2:25-cv-02588-SHL / Proposed Scheduling Order
**Date:** Thursday, July 24, 2025 8:37:12 AM
**Attachments:** Warren - Proposed Scheduling Order (002).docx
image001.jpg

---

Good morning,

I have attached a proposed scheduling order for Case No. 2:25-cv-02588-SHL in advance of the upcoming scheduling conference set for July 31 at 3:00pm.

Please let me know if you have any questions or need any additional information.

Thank you,
Caroline

**Caroline Montoya** Lawyer
**Lewis Thomason, P.C.**
One Commerce Square
29th floor
40 South Main | P.O. Box | Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

*Licensed in Tennessee and Mississippi

| | |
|---|---|
| Accepted Date | 5/21/2024 10:05 AM |
| Generated Date | 5/21/2024 10:05 AM |
| Report Form Level | 3 |

| | |
|---|---|
| Master Record Number | 300958158 |
| Type Of Crash | Possible Injury |
| Approved By | WSmith |

# Tennessee Electronic Traffic Crash Report

## Incident Information

| Date of Crash | Day Of Crash | Local Agency Number | Reporting Agency Name | Agency Tracking Number |
|---|---|---|---|---|
| 5/20/2024 | Monday | MPD0000 | Memphis Police Dept | WC2413057 |

| Time of Crash | Time Notified | Time Arrived | County | City |
|---|---|---|---|---|
| 19:01 | 19:20 | 19:25 | Shelby | Memphis |

| Total Vehicles | Total Occupants | Total Non-Occupants | Total Killed | Total Injured | Total Uninjured |
|---|---|---|---|---|---|
| 3 | 4 | 0 | 0 | 3 | 1 |

| Hit and Run | Solved | Police Pursuit | School Bus Involved | Photos Taken | By | Photographer Name |
|---|---|---|---|---|---|---|
| Yes | No | No | No | No | Not Applicable | |

| Area | Interchange Related | Intersection Type |
|---|---|---|
| Not Applicable | No | Not at Intersection |

| Block Number | Roadway Number | Roadway Name | Suffix | Mile Marker |
|---|---|---|---|---|
| | | Winchester | RD | 0.00 |

| Estimated Distance | Distance Type | Direction | From Highway/Intersection | Suffix | Intersect Number |
|---|---|---|---|---|---|
| 20.00 | Feet | West | Cargo | RD | |

| Roadway Local Id | Intersect Local Id |
|---|---|
| | |

| Relation To Junction | Relation to Roadway | Route Signing |
|---|---|---|
| Non-Junction | On Roadway | Municipal Route |

| Work Zone | Construction Zone |
|---|---|
| None | |

| Construction Location | Workers Present |
|---|---|
| | No |

| First Harmful Event | Trafficway Type |
|---|---|
| Motor Vehicle-In-Transport On Same Roadway | Trafficway-OPEN |

| Weather Conditions | Light conditions | Latitude | Longitude | Rail Crossing Id |
|---|---|---|---|---|
| Clear | Daylight | 35.052130 | -89.980660 | |

| Manner of Collision |
|---|
| Angle |

| 1st Collision Factor | 2nd Collision Factor | 3rd Collision Factor |
|---|---|---|
| | | |

## Incident Management

| Secondary Crash | Secondary Crash Type | Blockage Occurred |
|---|---|---|
| No | | No |

| Roadway / Lanes Blocked | Roadway Lanes/ Cleared |
|---|---|
| | |

| Lanes Blocked |
|---|
| |

| Incident Started | Incident Cleared |
|---|---|
| | |

## Investigating Officer Details

| Investigation Complete | Rank | First Name | Middle Initial | Last Name | Suffix |
|---|---|---|---|---|---|
| No | Officer | Irma | | Montes | |

| Badge Number | District/Zone | Car Number | Report Date |
|---|---|---|---|
| 14842 | 921 | 921 | 05/20/2024 |

| Vehicle Number | Number of Occupants | Driver Presence |
|---|---|---|
| 1 | 1 | Driver Operated |

## Driver Information

| First Name | Middle Initial | Last Name | Suffix | Date Of Birth | Age |
|---|---|---|---|---|---|
| Unknown | | Unknown | | | 0 |

| Address Line 1 | Address Line 2 | City | State | Zip Code |
|---|---|---|---|---|
| | | Unknown | UK | |

| Phone Number | Race | Ethnicity | Gender |
|---|---|---|---|
| | Unknown | | |

| Drivers License Number | Drivers License State | Expiration Date | Drivers License Class | Drivers License Status |
|---|---|---|---|---|
| UNKNOWN | TN | | | Not Licensed |

| Safety Equipment | Airbag | Seat Position |
|---|---|---|
| Unknown | Unknown If AirBag Available | Front Seat-Left Side |

| Endorsement 1 | Complied With | Endorsement 2 | Complied With | Endorsement 3 | Complied With |
|---|---|---|---|---|---|
| Unknown | Yes | | | | |

| Restriction 1 | Complied With | Restriction 2 | Complied With | Restriction 3 | Complied With |
|---|---|---|---|---|---|
| Unknown | Yes | | | | |

| Ejected | Ejection Path | Trapped/Extricated |
|---|---|---|
| Not Ejected | Not Ejected/Not Applicable | Not Trapped |

| Injury Code | Medical Transport | Ambulance/Hospital | EMS Run# |
|---|---|---|---|
| Unknown | Not Transported | | |

| Incident Responder? | Incident Responder Type |
|---|---|
| No | |

## Driver Conditions and Actions

| Hit and Run | Driver/Vehicle Maneuver | Distraction Action | Distraction Source |
|---|---|---|---|
| Driver And Vehicle Left Scene | Going Straight | Not Distracted | |

| Driver's 1st Condition | Driver's 2nd Condition | Driver's 3rd Condition |
|---|---|---|
| Unknown | | |

| Driver's 1st Action | Drivers 2nd Action |
|---|---|
| Careless Erratic Driving | |

| Driver's 3rd Action | Driver's 4th Action | Driver's 5th Action |
|---|---|---|
| | | |

## Alcohol and Drugs

| Officer Suspect Alcohol Use | Determination Method | Alcohol Test Status |
|---|---|---|
| Unknown | Not Reported | Test Not Given |

| 1st Alcohol Test Type | 1st Alcohol Test Result | 2nd Alcohol Test Type | 2nd Alcohol Test Result |
|---|---|---|---|
| Not Tested | None Given | | |

| Officer Suspect Drug Use | Determination Method | Drug Test Status |
|---|---|---|
| Unknown | Unknown | Test Not Given |

| 1st Drug Test Type | 1st Drug Test Result | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | 3rd Drug Test Result |
|---|---|---|---|---|---|
| Not Tested For Drugs | No Drug Reported | | | | |

## Driver Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
| 4th Violation | 4th Violation Category | 4th Violation Description | 4th ViolationStatute |
| 5th Violation | 5th Violation Category | 5th Violation Description | 5th ViolationStatute |

## Vehicle Information

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix |
|---|---|---|---|
| | | | |

| Address Line 1 | Address Line 2 | City | State | Zip Code | Phone Number |
|---|---|---|---|---|---|
| | | | | | |

| Vehicle Year | Vehicle Make | Vehicle Model | Color |
|---|---|---|---|
| | | | |

| VIN | License Plate Number | State | Plate Expiration | Body Style |
|---|---|---|---|---|
| | | | | Unknown Body Type |

| HAZMAT? | FMCSA Reportable? | Unit Type |
|---|---|---|
| No | No | Motor Vehicle In-Transport |

| Gross Weight | Vehicle Configuration |
|---|---|
| Unknown | |

| Vehicle Operation Type | Cargo Body Type |
|---|---|
| | |

| 1st Factor | 2nd Factor | 3rd Factor |
|---|---|---|
| Unknown | | |

| Vehicle Special Use | Type of Special Use | Emergency Use |
|---|---|---|
| Unknown | | No |

| Towed | Towed Location |
|---|---|
| Driven From Scene | |

| 1st Trailer | 1st Trailer License Plate Information | 2nd Trailer | 2nd Trailer License Plate Information |
|---|---|---|---|
| | | | |

| Insurance | Type | Carrier | Start Date | End Date |
|---|---|---|---|---|
| Insurance 1 | No Insurance | | | |
| Insurance 2 | | | | |
| Insurance 3 | | | | |

## Vehicle Damage and Roadway Characteristics

| Most Harmful Event | Fire in Vehicle |
|---|---|
| Motor Vehicle-In-Transport On Same Roadway | No |

| Events 1 | Events 2 | Events 3 |
|---|---|---|
| Motor Vehicle-In-Transport On Same Roadway | | |

| Events 4 | Events 5 | Events 6 |
|---|---|---|
| | | |

| Point of First Impact | Extent of Damage | Officer Damage Estimate |
|---|---|---|
| Unknown | Unknown | |

| Areas of Vehicle Damage |
|---|
| Unknown |

| Travel Direction | Traveling On |
|---|---|
| East | Winchester Rd |

| Trafficway Flow | Roadway Surface Type | Number of Travel Lanes |
|---|---|---|
| Two-Way Divided Without Traffic Barrier | Asphalt | Three Lanes |

| Trafficway Hazards |
|---|
| None |

| Traffic Control Devices | Traffic Control Device Functioning | Roadway Route Signing |
|---|---|---|
| No Control | No Controls | |

| Roadway Surface Conditions | Roadway Character Alignment | Roadway Character Profile |
|---|---|---|
| Dry | Straight | Level |

| Speed Limit | Access control |
|---|---|
| 45 | No Control |

## Commercial Carrier Information

| US DOT | Carrier Name | Carrier Type | ICC MC | TN DOS |
|---|---|---|---|---|
| | | | | |

| Total Axles # | Address Line 1 | Address Line 2 | City | State | Zip Code | Phone Number |
|---|---|---|---|---|---|---|
| | | | | | | |

| Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| 1st Hazardous Materials | | | | | |
| 2nd Hazardous Materials | | | | | |
| 3rd Hazardous Materials | | | | | |

| Vehicle Number | Number of Occupants | Driver Presence |
|---|---|---|
| 2 | 2 | Driver Operated |

## Driver Information

| First Name | Middle Initial | Last Name | Suffix | Date Of Birth | Age |
|---|---|---|---|---|---|
| Ardette | L | Wade | | 4/24/1982 | 42 |

| Address Line 1 | Address Line 2 | City | State | Zip Code |
|---|---|---|---|---|
| 1032 Annesdale St | | Memphis | TN | 381044441 |

| Phone Number | Race | Ethnicity | Gender |
|---|---|---|---|
| Unknown | Black or African American | Non-Hispanic | F |

| Drivers License Number | Drivers License State | Expiration Date | Drivers License Class | Drivers License Status |
|---|---|---|---|---|
| 092423379 | TN | 2029 | D | Valid |

| Safety Equipment | Airbag | Seat Position |
|---|---|---|
| Shoulder And Lap Belt Used | Air Bag Available-No Deployment | Front Seat-Left Side |

| Endorsement 1 | Complied With | Endorsement 2 | Complied With | Endorsement 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Restriction 1 | Complied With | Restriction 2 | Complied With | Restriction 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Ejected | Ejection Path | Trapped/Extricated |
|---|---|---|
| Not Ejected | Not Ejected/Not Applicable | Not Trapped |

| Injury Code | Medical Transport | Ambulance/Hospital | EMS Run# |
|---|---|---|---|
| Possible Injury | EMS-Ground | Methodist South | F240520039 |

| Incident Responder? | Incident Responder Type |
|---|---|
| No | |

## Driver Conditions and Actions

| Hit and Run | Driver/Vehicle Maneuver | Distraction Action | Distraction Source |
|---|---|---|---|
| No Hit And Run | Going Straight | Not Distracted | |

| Driver's 1st Condition | Driver's 2nd Condition | Driver's 3rd Condition |
|---|---|---|
| Appeared Normal | | |

| Driver's 1st Action | Drivers 2nd Action |
|---|---|
| None | |

| Driver's 3rd Action | Driver's 4th Action | Driver's 5th Action |
|---|---|---|
| | | |

## Alcohol and Drugs

| Officer Suspect Alcohol Use | Determination Method | Alcohol Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Alcohol Test Type | 1st Alcohol Test Result | 2nd Alcohol Test Type | 2nd Alcohol Test Result |
|---|---|---|---|
| Not Tested | None Given | | |

| Officer Suspect Drug Use | Determination Method | Drug Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Drug Test Type | 1st Drug Test Result | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | 3rd Drug Test Result |
|---|---|---|---|---|---|
| Not Tested For Drugs | No Drug Reported | | | | |

## Driver Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
| 4th Violation | 4th Violation Category | 4th Violation Description | 4th ViolationStatute |
| 5th Violation | 5th Violation Category | 5th Violation Description | 5th ViolationStatute |

## Vehicle Information

| Field | Value |
|---|---|
| Owner First Name | Ardette |
| Owner Middle Name | L |
| Owner Last Name | Wade |
| Owner Suffix | |
| Address Line 1 | 1032 Annesdale St |
| Address Line 2 | |
| City | Memphis |
| State | TN |
| Zip Code | 381044441 |
| Phone Number | Unknown |
| Vehicle Year | 2002 |
| Vehicle Make | FORD |
| Vehicle Model | EXP |
| Color | Black |
| VIN | 1FMZU63E72UB03543 |
| License Plate Number | BQJ2724 |
| State | Tennessee |
| Plate Expiration | 092024 |
| Body Style | Four-Door Sedan Hardtop |
| HAZMAT? | No |
| FMCSA Reportable? | No |
| Unit Type | Motor Vehicle In-Transport |
| Gross Weight | 10000 or Less-No Haz-8 Or Less |
| Vehicle Configuration | |
| Vehicle Operation Type | Personally Owned/Used |
| Cargo Body Type | |
| 1st Factor | NONE |
| 2nd Factor | |
| 3rd Factor | |
| Vehicle Special Use | No Special Function |
| Type of Special Use | |
| Emergency Use | No |
| Towed | Towed Due To Vehicle Damage |
| Towed Location | Griffith |
| 1st Trailer | |
| 1st Trailer License Plate Information | |
| 2nd Trailer | |
| 2nd Trailer License Plate Information | |

| Insurance | Insurance Type | Insurance Carrier | Insurance Start Date | Insurance End Date |
|---|---|---|---|---|
| Insurance 1 | No Insurance | | | |
| Insurance 2 | | | | |
| Insurance 3 | | | | |

## Vehicle Damage and Roadway Characteristics

| Field | Value |
|---|---|
| Most Harmful Event | Motor Vehicle-In-Transport On Same Roadway |
| Fire in Vehicle | No |
| Events 1 | Motor Vehicle-In-Transport On Same Roadway |
| Events 2 | |
| Events 3 | |
| Events 4 | |
| Events 5 | |
| Events 6 | |
| Point of First Impact | Left Side-Near Rear |
| Extent of Damage | Disabling Damage |
| Officer Damage Estimate | Greater Than Threshold |
| Areas of Vehicle Damage | Left Side-Near Rear, Left Side-Far Rear |
| Travel Direction | East |
| Traveling On | Winchester Rd |
| Trafficway Flow | Two-Way Divided Without Traffic Barrier |
| Roadway Surface Type | Asphalt |
| Number of Travel Lanes | Three Lanes |
| Trafficway Hazards | None |
| Traffic Control Devices | No Control |
| Traffic Control Device Functioning | No Controls |
| Roadway Route Signing | |
| Roadway Surface Conditions | Dry |
| Roadway Character Alignment | Straight |
| Roadway Character Profile | Level |
| Speed Limit | 45 |
| Access control | No Control |

## Occupants

| Person Type | | | | | |
|---|---|---|---|---|---|
| Passenger | | | | | |
| **First Name** Patrick | **Middle Name** L | **Last Name** Wade | **Suffix** | **Date Of Birth** 12/23/1974 | **Age** 49 |
| **Address Line 1** 3251 Boone St | **Address Line 2** | **City** Memphis | **State** TN | **Zip Code** 381276664 | |
| **Phone Number** Unknown | **Gender** M | **Seating Position** Front Seat-Right Side | | | |
| **Airbag** AirBag Available-No Deployment | **Safety Equipment** Shoulder And Lap Belt Used | | | | |
| **Ejected** Not Ejected | **Ejection Path** Not Ejected/Not Applicable | **Trapped/Extricated** Not Trapped | | | |
| **Injury Code** Possible Injury | **Medical Transport** EMS-Ground | **Ambulance/Hospital** Methodist South | | | |
| **Incident Responder?** No | **Incident Responder Type** | | | | |

## Alcohol and Drugs

| Officer Suspect Alcohol Use | Determination Method | Alcohol Test Status | |
|---|---|---|---|
| No | Observed | Test Not Given | |
| **1st Alcohol Test Type** Not Tested | **1st Alcohol Test Result** None Given | **2nd Alcohol Test Type** | **2nd Alcohol Test Result** |
| **Officer Suspect Drug Use** No | **Determination Method** Observed | **Drug Test Status** Test Not Given | |

| 1st Drug Test Type | 1st Drug Test Result | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | 3rd Drug Test Result |
|---|---|---|---|---|---|
| Not Tested For Drugs | No Drug Reported | | | | |

## Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
| 4th Violation | 4th Violation Category | 4th Violation Description | 4th Violation Statute |
| 5th Violation | 5th Violation Category | 5th Violation Description | 5th Violation Statute |

## Commercial Carrier Information

| US DOT | Carrier Name | | Carrier Type | | ICC MC | TN DOS |
|---|---|---|---|---|---|---|
| Total Axles # | Address Line 1 | Address Line 2 | City | State | Zip Code | Phone Number |

| 1st Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| 2nd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
| 3rd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |

WARREN 00038

| Vehicle Number | Number of Occupants | Driver Presence |
|---|---|---|
| 3 | 1 | Driver Operated |

## Driver Information

| First Name | Middle Initial | Last Name | Suffix | Date Of Birth | Age |
|---|---|---|---|---|---|
| Mary | L | Warren | | 1/13/1981 | 43 |

| Address Line 1 | Address Line 2 | City | State | Zip Code |
|---|---|---|---|---|
| 800 S Carthon Dr | | Osceola | AR | 72370 |

| Phone Number | Race | Ethnicity | Gender |
|---|---|---|---|
| Unknown | Black or African American | Non-Hispanic | F |

| Drivers License Number | Drivers License State | Expiration Date | Drivers License Class | Drivers License Status |
|---|---|---|---|---|
| 912177143 | AR | 2028 | D | Valid |

| Safety Equipment | Airbag | Seat Position |
|---|---|---|
| Shoulder And Lap Belt Used | AirBag Available-No Deployment | Front Seat-Left Side |

| Endorsement 1 | Complied With | Endorsement 2 | Complied With | Endorsement 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Restriction 1 | Complied With | Restriction 2 | Complied With | Restriction 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Ejected | Ejection Path | Trapped/Extricated |
|---|---|---|
| Not Ejected | Not Ejected/Not Applicable | Not Trapped |

| Injury Code | Medical Transport | Ambulance/Hospital | EMS Run# |
|---|---|---|---|
| Possible Injury | EMS-Ground | Reg. Med. Ctr (The Med) | F240520039 |

| Incident Responder? | Incident Responder Type |
|---|---|
| No | |

## Driver Conditions and Actions

| Hit and Run | Driver/Vehicle Maneuver | Distraction Action | Distraction Source |
|---|---|---|---|
| No Hit And Run | Going Straight | Not Distracted | |

| Driver's 1st Condition | Driver's 2nd Condition | Driver's 3rd Condition |
|---|---|---|
| Appeared Normal | | |

| Driver's 1st Action | Drivers 2nd Action |
|---|---|
| None | |

| Driver's 3rd Action | Driver's 4th Action | Driver's 5th Action |
|---|---|---|
| | | |

## Alcohol and Drugs

| Officer Suspect Alcohol Use | Determination Method | Alcohol Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Alcohol Test Type | 1st Alcohol Test Result | 2nd Alcohol Test Type | 2nd Alcohol Test Result |
|---|---|---|---|
| Not Tested | None Given | | |

| Officer Suspect Drug Use | Determination Method | Drug Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Drug Test Type | 1st Drug Test Result | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | 3rd Drug Test Result |
|---|---|---|---|---|---|
| Not Tested For Drugs | No Drug Reported | | | | |

## Driver Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| | | | |

| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
|---|---|---|---|
| | | | |

| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
|---|---|---|---|
| | | | |

| 4th Violation | 4th Violation Category | 4th Violation Description | 4th ViolationStatute |
|---|---|---|---|
| | | | |

| 5th Violation | 5th Violation Category | 5th Violation Description | 5th ViolationStatute |
|---|---|---|---|
| | | | |

## Vehicle Information

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix |
|---|---|---|---|
| Mary | L | Warren | |

| Address Line 1 | Address Line 2 | City | State | Zip Code | Phone Number |
|---|---|---|---|---|---|
| 800 S Carthon Dr | | Osceola | AR | 72370 | Unknown |

| Vehicle Year | Vehicle Make | Vehicle Model | Color |
|---|---|---|---|
| 2014 | JEEP | PAT | Black |

| VIN | License Plate Number | State | Plate Expiration | Body Style |
|---|---|---|---|---|
| 1C4NJRCB2ED760399 | ASC93A | Arkansas | 012025 | Four-Door Sedan Hardtop |

| HAZMAT? | FMCSA Reportable? | Unit Type |
|---|---|---|
| No | No | Motor Vehicle In-Transport |

| Gross Weight | Vehicle Configuration |
|---|---|
| 10000 or Less-No Haz-8 Or Less | |

| Vehicle Operation Type | Cargo Body Type |
|---|---|
| Personally Owned/Used | |

| 1st Factor | 2nd Factor | 3rd Factor |
|---|---|---|
| NONE | | |

| Vehicle Special Use | Type of Special Use | Emergency Use |
|---|---|---|
| No Special Function | | No |

| Towed | Towed Location |
|---|---|
| Towed Due To Vehicle Damage | Griffith |

| 1st Trailer | 1st Trailer License Plate Information | 2nd Trailer | 2nd Trailer License Plate Information |
|---|---|---|---|
| | | | |

| Insurance 1 | Insurance 1 Type | Insurance 1 Carrier | Insurance 1 Start Date | Insurance 1 End Date |
|---|---|---|---|---|
| | No Insurance | | | |

| Insurance 2 | Insurance 2 Type | Insurance 2 Carrier | Insurance 2 Start Date | Insurance 2 End Date |
|---|---|---|---|---|
| | | | | |

| Insurance 3 | Insurance 3 Type | Insurance 3 Carrier | Insurance 3 Start Date | Insurance 3 End Date |
|---|---|---|---|---|
| | | | | |

## Vehicle Damage and Roadway Characteristics

| Most Harmful Event | Fire In Vehicle |
|---|---|
| Motor Vehicle-In-Transport On Same Roadway | No |

| Events 1 | Events 2 | Events 3 |
|---|---|---|
| Motor Vehicle-In-Transport On Same Roadway | | |

| Events 4 | Events 5 | Events 6 |
|---|---|---|
| | | |

| Point of First Impact | Extent of Damage | Officer Damage Estimate |
|---|---|---|
| Left Side-Far Front | Disabling Damage | Greater Than Threshold |

| Areas of Vehicle Damage |
|---|
| Left Side-Far Front, Front End |

| Travel Direction | Traveling On |
|---|---|
| West | Winchester Rd |

| Trafficway Flow | Roadway Surface Type | Number of Travel Lanes |
|---|---|---|
| Two-Way Divided Without Traffic Barrier | Asphalt | Three Lanes |

| Trafficway Hazards |
|---|
| None |

| Traffic Control Devices | Traffic Control Device Functioning | Roadway Route Signing |
|---|---|---|
| No Control | No Controls | |

| Roadway Surface Conditions | Roadway Character Alignment | Roadway Character Profile |
|---|---|---|
| Dry | Straight | Level |

| Speed Limit | Access control |
|---|---|
| 45 | No Control |

## Commercial Carrier Information

| US DOT | Carrier Name | Carrier Type | ICC MC | TN DOS |
|---|---|---|---|---|
| | | | | |

| Total Axles # | Address Line 1 | Address Line 2 | City | State | Zip Code | Phone Number |
|---|---|---|---|---|---|---|
| | | | | | | |

| Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| 1st Hazardous Materials | | | | | |
| 2nd Hazardous Materials | | | | | |
| 3rd Hazardous Materials | | | | | |

## Narrative

P241412499
Bwc was used on scene.
On 05/20/2024 at 19:25 hours, Officer Montes (14842) responded to a crash at Winchester Rd/Cargo Rd.

Veh#1 was going E/B on winchester rd when it stuck its front into the rear left end of veh#2 which was also going E/B on Winchester rd which then caused veh#2 to hit the front end of veh#3 which was going W/B on Winchester Rd .

Driver Ardette Wade advised that she was going straight when she saw two DHL vans racing down winchester rd . driver Ardette Wade then advised that one of the DHS vans struck her vehicle which then caused her vehicle to spin out and hit vehicle #3.

Driver Mary Warren advised that she was going straight when a DHL truck was racing down winchester rd and advised that the DHL struck her vehicle.

MFD unit 23 transported driver Ardette Wade and passenger Patrick Wade to methodist south non critical.

Citation(U870688) was given to driver Ardette Wade for financial responsibility . Mandatory court on June 21st at 1:30pm division 1.

Citation(U870690) for a driver Mary Warren financial responsiblity. Mandatory court on June 21st at 1:30p division 1.

Both vehicles were towed by Griffith towing.

POI
Winchester
Rd
Cargo
POI