# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARY L. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 2:25-cv-2588-SHL-tmp |
| ) | |
| FLYWAY EXPRESS, LLC, DHL EXPRESS ) | |
| (USA), INC., and JOHN DOES 1–3, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

The parties jointly seek entry of a protective order to protect the disclosure of confidential material. (ECF No. 42.) The parties agree that a protective order is necessary because they are seeking, and may in the future seek, documents that relate to insurance policies, business operations, and trade secrets, or other documents that may otherwise be considered confidential by the party requested to produce such documents. (Id. at PageID 385.)

There is a "stark difference" between protective orders entered under Federal Rule of Civil Procedure 26 and orders to seal court records. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016). "Secrecy is fine at the discovery stage, before the material enters the judicial record." Id. (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002)). But "federal courts do their business in public—which means that the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." Grae v. Corr. Corp. of Am., No. 24-5839, 134 F.4th 927, 930 (6th Cir. 2025). "Only the most compelling reasons can justify non-disclosure of

judicial records." In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 476 (6th Cir. 1983) (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179–80 (6th Cir. 1983)).

The line between the discovery stage and the adjudication stage "is crossed when the parties place material in the court record." Shane Grp., 825 F.3d at 305 (citing Baxter, 297 F.3d at 545). In the discovery stage, the court may enter a protective order that limits the use or disclosure of discovery materials "upon a mere showing of 'good cause.'" Id. (quoting Fed. R. Civ. P. 26(c)(1)). "These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection." Id. This is precisely the type of order the parties seek to enter here. Because they have shown good cause to protect proprietary business information and other confidential information for purposes of engaging in discovery, their motion is **GRANTED** and their stipulated protective order is **ADOPTED** as modified below.

**IT IS THEREFORE ORDERED**, under Federal Rule of Civil Procedure 26(c), that this Protective Order, which includes the Court's revisions reflecting its role in protecting the public's interest in open courts, shall apply as follows.

1. All documentary information produced or exchanged in the course of discovery in this litigation that contains records regarding insurance policies, business operations, trade secrets, and other documents that a party determines in good faith contains confidential financial, business, patient, or similar confidential information pertaining to a party to this litigation, and that is so designated by stamping "Confidential" on each such document by the producing party, shall be deemed "Confidential Information."

2. Any party may dispute the designation of a document designated as "Confidential" under this Order. If any party believes that a document which has been

2

designated as "Confidential" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for a determination of the degree of disclosure allowed or whether it is in fact Confidential Information. The parties shall, until further order of the Court, treat the document designated as "Confidential" in accordance with the designation and the provisions of this Order, notwithstanding the existence of the dispute.

3. By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony. If a party challenges the "Confidential" designation of any document or testimony, the party making the designation shall bear the burden of proving that the challenged document or testimony is in fact Confidential Information and that the designation is narrowly tailored to ensure that only Confidential Information is so designated. The foregoing applies to all material designated as "Confidential."

4. Confidential Information shall be used solely for the purpose of this litigation and shall not (except by further order of this Court) be given, shown, made available, discussed, or otherwise communicated to anyone other than: (a) attorneys of record and employees of attorneys of record who have a direct functional responsibility for the proceedings in this action; (b) employees of a party; (c) experts, consultants, and/or other persons retained to assist in the preparation of this litigation; (d) the Court and its staff, and the jury; (e) parties to this litigation; (f) court reporters, stenographers, and videographers called upon to record or transcribe deposition testimony or other testimony in this case; (g) any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis; and (h) witnesses, to the extent necessary for the preparation of their testimony or during their depositions, or any hearing, or any trial.

Any person to whom Confidential Information is disclosed pursuant to subparagraphs (b), (c), and (h), above, shall be informed of the terms of this Protective Order before Confidential Information is disclosed to that person or entity and the disclosing party shall inform the recipient of their obligation to keep the Confidential Information confidential pursuant to the terms of this Protective Order.

5. Within thirty days of receipt of the transcript of a deposition, any party may designate portions of the deposition transcript and exhibits as Confidential by sending written notice to all other parties. The written notice shall specify the page and line numbers of the deposition transcript and/or the exhibit numbers that will be designated as Confidential. Upon receipt of such written notice, all parties shall treat the materials as Confidential Information and subject to the provisions of this Protective Order.

6. The party filing any "documentary information" designated as Confidential with the Court in connection with a pleading, motion, response, or reply, or during a hearing, trial, post-trial, and/or appeal, shall move to have the Confidential Information filed under seal in accordance with any procedures mandated by the Court's Local Rules and explain the grounds for why each document should be filed under seal. However, in hearings or during trial, post-trial, and/or any appeal, either party may introduce or refer to anything contained in the "documentary information" designated as Confidential, and/or anything derived or compiled therefrom, and/or may freely quote from same without regard to this Protective Order if the party in good faith believes it is necessary.

7. The failure to insist upon full compliance with any of the terms of this Agreed Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

8. Within sixty days following final disposition of this action, counsel for the parties shall, upon request, either (a) assemble and return to each other all documents designated Confidential, including all copies of same; (b) shall certify the destruction thereof; or (c) shall certify that the documents designated as Confidential will be securely and confidentially retained by counsel pursuant to counsel's document-retention system and then later destroyed pursuant to that system. Counsel for the parties shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court, including trial exhibits; (ii) deposition transcripts and exhibits thereto; and (iii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Order.

9. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

10. The parties agree that in the event the opposing party discloses documents or electronic data inadvertently, whether they are confidential or not, the receiving party, upon notice from the disclosing party or, if the receiving party on its own recognizes that the documents are privileged and inadvertently produced, will return the documents or data to the disclosing party, who will retain the documents or data in the form produced for at least sixty days after the return of the documents or data in order to allow the receiving party to challenge the disclosing party's claim that the documents or data are not required to be produced.

11. Nothing contained in this Order shall prevent any party or non-party from seeking additional relief from the Court, including (but not limited to) amendments broadening or restricting the rights of access to and the use of Confidential Information or contesting the

designation of a confidential document or qualified persons. The use of Confidential Information for purposes of the adjudication of any issue shall not be governed by this Order.

12. Nothing in this Order shall be construed as a ruling on how documents shall be handled by the Court at any hearing or during a trial, nor shall it be construed as a ruling on whether the parties are authorized to file a document under seal. A confidential document may only be filed under seal in accordance with the Electronic Case Filing Policies and Procedures and the Court's local rule governing the filing of sealed documents. If a party files a document under seal for purposes of obtaining judicial action or relief, that document is subject to being unsealed by the Court, following notice to the parties and an opportunity to be heard. Nothing in this Order shall prevent the Court from making such orders as are necessary to govern the use of confidential information in a filing or at a court proceeding, and nothing shall prevent the Court from unsealing a document filed under seal if a party fails to show a compelling reason for withholding it from the public.

**IT IS SO ORDERED**, this 16th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE