**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Plaintiff, Mary L. Warren ("Plaintiff"), by and through counsel, pursuant to Federal Rule of Civil Procedure 16(b)(4), respectfully moves this Court for an Order extending the discovery deadline by sixty (60) days, and in support thereof states as follows:

### I.     INTRODUCTION

1.     The current discovery deadline in this matter is March 31, 2026.

2.     Despite Plaintiff's diligent efforts to obtain critical discovery, Defendants have failed to provide complete and sufficient responses to Plaintiff's written discovery and Rule 30(b)(6) deposition notice.

3.     Defendants previously filed a Motion for Protective Order seeking to avoid producing documents responsive to Plaintiff's Rule 30(b)(6) deposition notice and Schedule B requests.

4.     Plaintiff filed a Response in Opposition to that motion, also requesting a limited extension of the discovery deadline.

5.     Defendants subsequently struck their Motion for Protective Order prior to the schedule hearing on March 19, 2026.

6.     However, the underlying discovery issues remain unresolved, and Defendants continue to withhold or inadequately produce critical information central to Plaintiff's claims.

7.     Accordingly, good cause exists to extend the discovery deadline to allow Plaintiff a fair opportunity to complete discovery.

## II.     FACTUAL BACKGROUND

8.     This case arises from a motor vehicle that occurred on May 20, 2024, involving vehicles operated by employees of Defendants.

9.     A central issue in this case is the identification of the individuals operating Defendants' vehicles at the time of the collision.

10.     Plaintiff has diligently pursued discovery aimed at identifying these individuals, including written discovery requests and a narrowly tailored Rule 30(b)(6) deposition notice.

11.     The Rule 30(b)(6) depositions of Defendants, Flyway Express, LLC and DHL Express (USA), Inc. are scheduled for March 18, 2026.

12.     The deposition notice required Defendants to produce limited, narrowly tailored documents directly related to identifying vehicles and drivers involved in the incident.

13.     Despite these efforts, Defendants have failed to provide complete and adequate discovery responses.

14.     Defendants only recently supplemented certain discovery responses, yet those responses remain deficient and fail to provide the necessary information sought by Plaintiff.

15.     Critically, Defendants have not fully identified all drivers involved in the collision, information that is uniquely within Defendants' possession.

16.     Defendants previously sought to avoid producing this information through a Motion for Protective Order, which has now been withdrawn.

17.     Although the Motion has been stricken, Defendants have still not cured the deficiencies in their discovery responses.

18.     As a result, Plaintiff has been unable to complete depositions and other discovery necessary to prosecute this case.

### III.    LEGAL STANDARD

19.     Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause. F. R. C. P. 16(b)(4).

20.     Good cause exists where the moving party demonstrates diligence in attempting to comply with the scheduling order and that additional time is necessary to complete discovery. See *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019); *Powell v. Nucor Steel Memphis, Inc.*, 2019 U.S. Dist. LEXIS 187384, at *3 (W.D. Tenn. Sep. 25, 2019).

21.     Courts routinely grant extensions where critical information remains outstanding and is within the control of the opposing party.

### IV.    ARGUMENT

**A. Plaintiff Has Acted Diligently in Pursuing Discovery**

22.     Plaintiff has actively pursued discovery throughout this case, including serving written discovery and noticing a Rule 30(b)(6) deposition.

23.     Plaintiff tailored its discovery requests narrowly to obtain essential information, including vehicle assignments, driver identities, and telematics data.

24.     Plaintiff has repeatedly attempted to obtain this information from Defendants, but Defendants have delayed and provided incomplete responses.

25.    Defendants' conduct – including late disclosures and insufficient supplementation – has prevented Plaintiff from completing discovery within the current deadline.

**B.  Critical Discovery Remains Outstanding**

26.    The most basic and critical information in this case – the identifies of the drivers involved in the collision – remains incomplete.

27.    This information is solely within Defendants' possession and cannot be obtained without their cooperation.

28.    Without this information, Plaintiff cannot fully prepare the case, conduct necessary depositions, or evaluate claims against responsible parties.

29.    Additionally, Defendants' deficient responses to the Rule 30(b)(6) deposition notice have prevented meaningful examination of their corporate representative.

**C.  Defendants Will Not Be Prejudiced by and Extension**

30.    The requested extension is limited to sixty (60) days, and is necessary to complete targeted discovery.

31.    The extension will not unduly delay the proceedings or prejudice Defendants.

32.    Instead, it will ensure that the case is decided on its merits with a complete factual record.

**D.  Good Cause Exists to Modify the Scheduling Order**

33.    Plaintiff has demonstrated diligence and the necessity of additional time.

34.    The inability to complete discovery is directly attributable to Defendants' failure to provide complete and timely responses.

35.    Under these circumstances, good cause exists to extend the discovery deadline pursuant to Rule 16(b)(4).

## V.    REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mary L. Warren, respectfully

requests that this Court:

1. Extend the discovery deadline by sixty (60) days, from March 31, 2026 to May 30, 2026;

2. Permit Plaintiff to complete all outstanding written discovery, depositions, and related discovery within the extended period;

3. Grant such other and further relief as the Court deems just and proper.

**DATED:** March 18, 2026

Respectfully submitted,

By: s/ *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of March 2026, a copy of the foregoing documents was served on the following via email or the court's ECF system:

Peter C. Robinson, BPR #27498
Lewis Thomason, PC
424 Church Street, Suite 2500
Nashville, Tennessee 37219
Phone: (615) 259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
Lewis Thomason, PC
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
Phone: (901) 525-8721
cmontoya@lewisthomason.com

*/s/Carlos E. Moore*
Carlos E. Moore