**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**MARY L. WARREN,**

    **Plaintiff,**

**v.**

**FLYWAY EXPRESS, LLC,**
**DHL EXPRESS (USA), INC. AND**
**JOHN DOES 1-3,**

**Case No. 2:25-cv-02588-SHL-tmp**

**Judge Sheryl H. Lipman**

**Magistrate Judge Tu M. Pham**

**Jury Demand**

---

**DEFENDANTS FLYWAY EXPRESS, LLC AND DHL EXPRESS (USA), INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

---

Defendants Flyway Express, LLC and DHL Express (USA), Inc. ("Defendants"), by and through counsel, respond in opposition to Plaintiff's Motion for Extension of Discovery Deadline ("Motion") and state as follows:

**<u>INTRODUCTION</u>**

On May 6, 2025, Plaintiff filed this lawsuit based on a motor vehicle accident which occurred on May 20, 2023. This matter was removed from Circuit Court of Shelby County to this Court on or about June 10, 2025. The parties appeared for a Scheduling Conference on July 31, 2025, at which time the Court entered the agreed Scheduling Order, establishing the discovery deadline as March 31, 2026, which has now passed. On March 13, 2026, Defendant Flyway Express, Inc. promptly supplemented its discovery responses immediately upon learning the identity of the driver allegedly involved in the collision, Clarke White, Jr.

## ARGUMENT

### I.      Legal Standard

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified only upon a showing of good cause and with the Court's consent. In addition, Rule 37(a)(1) provides that a party seeking to compel discovery must first confer in good faith, or attempt to do so, with the opposing party to resolve the dispute without court intervention, and must certify that such efforts were made.

### II.     Plaintiff Cannot Establish Good Cause Because She Identifies No Specific Discovery Deficiency.

Plaintiff's Motion states that Defendants' "responses remain deficient and fail to provide the necessary information sought by Plaintiff." *See* Motion, ¶ 14. However, Plaintiff does not identify what is supposedly deficient. Plaintiff has never filed a Motion to Compel. If Plaintiff genuinely believed that particular responses were deficient, the Federal Rules required Plaintiff to: (1) identify the specific discovery at issue; (2) confer in good faith with Defendants; and (3) seek targeted relief through a motion to compel. *See* Fed. R. Civ. P. 37. Plaintiff did none of these things. Instead, Plaintiff asks for a blanket sixty-day extension based on generalized dissatisfaction.

### III.    There is no evidence that there are additional, unidentified drivers.

Plaintiff repeatedly suggests that additional vehicles or unidentified drivers were involved in the incident, *see* Motion, ¶¶ 15, 26, but that assertion is not supported by the evidence—most notably, Plaintiff's own sworn deposition testimony.

During her deposition, Plaintiff testified unequivocally that she observed only the vehicle at issue and did not identify the involvement of additional vehicles or drivers:

Q:      And you saw just the one DHL van?

A:      Yeah. **I wasn't aware that it was two**. I was told later on down the line that it was two.

Q:      You never saw the other one?

A:      No.

Q:      Do you know if there was another one?

A:      Didn't I -- I could have sworn I just said I was -- I was told that it was two --

Q:      Okay.

A:      -- later on down the line. **I was only aware of one**.

Depo of Mary Warren, 222:23-223:9 (emphasis added); *see also id.*, 105:13-111:1, excerpts attached as Exhibit A.

Plaintiff's sworn testimony directly contradicts her speculation that unidentified drivers were involved. Having disclaimed any personal knowledge of additional vehicles under oath, Plaintiff cannot now rely on conjecture to justify extending and reopening discovery. Because Plaintiff already possesses the deposition transcript, and because the testimony directly undermines the Motion's premise, the Court should reject Plaintiff's attempt to justify reopening discovery based on conjecture rather than evidence.

**IV.      Plaintiff's requested extension would compromise the existing Scheduling Order.**

Plaintiff seeks to extend discovery by sixty days but does not seek a corresponding extension of the dispositive-motion or Daubert deadlines, which are set for May 1, 2026. Under Plaintiff's proposal, discovery would remain open until May 30, 2026—nearly a full month after

dispositive motions and expert challenges are due. This would result in forcing the litigants to file dispositive and *Daubert* motions without the benefit of newly conducted discovery, or setting the stage for inevitable follow-up requests to extend every remaining deadline. This would unfairly prejudice Defendants by requiring them to brief potentially case-dispositive issues before discovery has closed, or to later re-brief those matters at significant cost and inefficiency.

If those deadlines were also extended by sixty days, dispositive briefing would move into July and August, encroaching on the pretrial conference scheduled for September 11, 2026, and the trial date of September 28, 2026.

## **CONCLUSION**

Counsel for Plaintiff and the Defendants have worked together to schedule depositions in this case, and have cooperated with the inevitable scheduling issues that arise. Defendants would not object to an extension of a couple weeks, but the proposed sixty-day extension would disrupt the remaining subsequent deadlines in the Court's Scheduling Order. Accordingly, Defendants request that Plaintiff's Motion for Extension of Discovery Deadline be denied as requested, or in the alternative, that a more limited extension of 14 or 21 days be granted, with corresponding extensions to the deadlines for dispositive and *Daubert* motions.

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Peter C. Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express
(USA), Inc. and Flyway Express, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on April 2, 2026, the foregoing document was served on the following counsel of record through the Court's electronic filing system:

Henry Reaves, III
Carlos Moore
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Carlos.Moore@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Peter C. Robison*
Peter Robison

5