**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-2588-SHL-tmp |
| | ) | |
| FLYWAY EXPRESS, LLC, DHL EXPRESS | ) | |
| (USA), INC., and JOHN DOES 1–3, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND
SETTING HEARING TO DETERMINE SCHEDULE**

Before the Court is Plaintiff Mary L. Warren's Motion for Extension of Discovery Deadline, filed March 23, 2026.  (ECF No. 51.)  Defendants Flyway Express, LLC ("Flyway"), and DHL Express (USA), Inc.'s ("DHL") responded on April 2.  (ECF No. 57.)  Warren seeks to extend the discovery deadline by sixty days based on the fact that Defendants "have failed to provide complete and adequate discovery responses," and their recent supplemental discovery responses "remain deficient and fail to provide the necessary information sought by Plaintiff." (ECF No. 51 at PageID 507.)  Defendants counter that the Motion should be denied because Warren has failed to identify any discovery deficiency, her request to reopen discovery is based on conjecture, not evidence, and granting the Motion would upend the Scheduling Order.  (See ECF No. 57.)  For the reasons that follow, Plaintiff's Motion is **GRANTED**, and, as detailed below, the Court will conduct a hearing at 10:00 a.m. Tuesday, April 7, 2026, in Courtroom 1, to set the remaining schedule in this matter.

## BACKGROUND

Warren seeks to recover damages for personal injuries she suffered in a vehicle collision. (ECF No. 1-1 at PageID 5–6.) She alleges that she was traveling on Winchester Road in Memphis on May 20, 2024, where two Flyway employees were racing the DHL trucks they were driving. (Id. at PageID 7.) Warren alleges that one of the drivers struck the rear of another vehicle, causing that vehicle to spin out of control and collide with the front of Warren's vehicle. (Id.) Warren alleges that the driver of the Flyway DHL truck that caused the accident fled the scene. (Id.)

On July 31, 2025, the Court entered the Scheduling Order, which established the written discovery deadline as December 19, 2025. (ECF No. 18 at PageID 72.) The Scheduling Order required the Parties to "serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery." (Id. at n.1.) Given that directive, discovery requests served after November 4, 2025, were untimely. The Scheduling Order also established that depositions had to be conducted by March 31, 2026. (Id. at PageID 72.)

On March 5, 2026, Plaintiff noticed the 30(b)(6) depositions for Flyway and DHL. (ECF Nos. 38, 39.) The depositions were to take place on March 18. (See ECF No. 38 at PageID 360; ECF No. 39 at PageID 369.) Defendants filed a Motion for Protective Order on March 6, 2026, seeking to quash the requests for production of documents that accompanied the two Rule 30(b)(6) deposition notices. (ECF No. 40.) Defendants asserted that, although deposition notices under Federal Rule of Civil Procedure 30(b)(2) can include requests for documents, such requests must be made consistent with Rule 34. Defendants asserted that, under that Rule and

the case's Scheduling Order, the document requests attached to the 30(b)(6) deposition notices were untimely.

The Court set the Motion for Protective Order for a hearing on March 19.  But then, on March 17, Defendants filed a Notice to Strike Defendant's Motion for Protective Order, explaining that the Parties "have resolved the discovery dispute at issue in their Motion for Protective Order."  (ECF No. 47 at PageID 497.)  The Court denied as moot the Motion for Protective Order.  (ECF No. 48.)

It is unclear whether the 30(b)(6) depositions went forward as scheduled on March 18. Although Plaintiff filed her motion to extend the discovery deadlines five days after the 30(b)(6) depositions were scheduled, the Motion now before the Court confusingly asserted that "[t]he Rule 30(b)(6) depositions of Defendants, Flyway Express, LLC and DHL Express (USA), Inc. are scheduled for March 18, 2026."  (ECF No. 51 at PageID 507.)  Warren further explained that, although the Motion for Protective Order "has been stricken, Defendants have still not cured the deficiencies in their discovery responses," and "Plaintiff has been unable to complete depositions and other discovery necessary to prosecute this case."  (Id. at PageID 508.)

### APPLICABLE LAW

Under the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A court asked to modify a scheduling order for good cause 'may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension.'"  Marcilis v. Twp. of Redford, 693 F.3d 589, 597 (6th Cir. 2012) (quoting Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003)).  Consistent with the law governing modifying a scheduling order, the Scheduling Order in this case explains, in bold type, that it "may only be modified for good cause and with this Court's consent.  Good

cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence.  Potential prejudice to the nonmoving party is also evaluated when considering a motion to extend deadlines."  (ECF No. 18 at PageID 73.)

## ANALYSIS

At first glance, it appears as though Plaintiff has failed to demonstrate the diligence that would warrant extending the deadlines.  Moreover, although she suggests that the proposed sixty-day extension "is necessary to complete targeted discovery," and elsewhere suggests that the extension will allow her "to complete all outstanding written discovery, depositions, and related discovery within the extended period" (ECF No. 51 PageID 509, 510), it is not clear precisely what discovery Plaintiff seeks to conduct during the extended discovery window.

Warren indicates that "[t]he most critical information in the case – the identi[t]ies of the drivers involved in the collision – remains incomplete."  (Id. at PageID 509.)  It is unclear what additional discovery would uncover the information Plaintiff seeks, however.  Defendants assert that this is especially so because "[t]here is no evidence that there are additional, unidentified drivers."  (ECF No. 57 at PageID 523.)  Defendants point to Warren's deposition, in which she testified that she only saw one DHL vehicle, and was only later told that there was a second one. (Id.)

But Defendants ignore the police report in which the driver of one of the vehicles involved in the crash told police that she was eastbound on Winchester "when she saw two DHL vans racing down [W]inchester [Road]."  (ECF No. 44-1.)  So, although Warren, who was heading in the opposite direction on Winchester Road, may not have seen two DHL vehicles before the accident, there is evidence in the record that there was a second DHL vehicle, contrary to Defendants' contention.

4

What is even more problematic is that it is not clear whether Defendants have made sufficient efforts to identify whether there was, in fact, a second DHL vehicle on Winchester Road at the time of the accident, and who may have been driving the vehicle. This is in spite of the fact that they were obviously on notice of the importance of identifying any such vehicles involved in the accident and the drivers of those vehicles. In at least twenty-three of the thirty interrogatory responses Flyway provided Plaintiff on September 2, 2025, Flyway answered by explaining that "Plaintiff has not identified 'John Doe 1' and therefore Defendant cannot confirm or deny that any of Flyway's employees were involved in the subject incident." (See generally ECF No. 44-4.) And, although Flyway included a list of thirty drivers who were operating its vehicles on May 20, 2024, the day of the accident, it further explained that, given that Winchester Road "is a main road in Memphis, Tennessee that is located near its local station," the company "would expect all or most of its drivers to travel on Winchester Road on any given day." (ECF No. 44-4 at PageID 449–450.)

Fast forward six months to March 11, 2026, and with the discovery deadline fast approaching, Defendants finally disclosed that Clarke White was the driver of one of its vehicles involved in the accident. (ECF No. 44 at PageID 394.)[1] So Flyway only recently, and well after the document discovery deadline expired, provided a discovery response that it likely could have provided months ago had it been diligent. The Federal Rules provide that a party "who has responded to an interrogatory, request for production, or request for admission [] must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in

---

[1] On March 13, 2026, Flyway filed its Notice of Service of Defendant Flyway Express, LLC's Supplemental Responses to Plaintiff's Discovery Requests. (ECF No. 43.) The Court assumes that the driver's identify was included in that supplementation. White was among the thirty drivers identified in Flyway's September 2 discovery responses.

some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

It is possible, of course, that Plaintiff could have deposed all thirty of the drivers Flyway listed in its discovery responses. But it is also possible that Flyway could have investigated the matter itself, as it is required to do under the rules governing discovery, and determined whether and which one—or two—drivers were involved in the accident. See, e.g., Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc., 2020 WL 4432415, at *6 (W.D. Ky. July 31, 2020) ("In light of the Supreme Court's directive that discovery under the federal rules requires a complete disclosure of relevant facts known to the parties, parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests.") (quoting 3M Innovative Props. Co. v. Tomar Elecs., 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006)).

Flyway's contention that there is no evidence in the record of a second vehicle being at the scene of the accident notably does not suggest that it conducted a reasonable investigation of the accident and confirmed that to be true. But given that Flyway only recently identified one of its drivers as being involved in the accident, it is not outside the realm of possibility that, if it conducts some additional investigation, it might identify the driver of its second vehicle referenced in the police report, to the extent there was one.

Given all of the foregoing, and because Defendants should not be rewarded for their lack of diligence, an extension of the discovery deadline is warranted. However, it is not clear to the Court what contours that extension should take, both in terms of its length as well as what discovery shall be allowed. To that end, the Court will conduct a hearing to determine the

parameters of the extension, as well as the impact the extension may have on the remaining case deadlines.  The hearing will be held at 10:00 a.m. Tuesday, April 7, 2026, in Courtroom 1.

**IT IS SO ORDERED**, this 3rd day of April, 2026.

s/  Sheryl H. Lipman_____

SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
