**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

MARY L. WARREN,                          )
                                         )
        Plaintiff,                       )
                                         )        Case No. 2:25-cv-02588-SHL-tmp
v.                                       )
                                         )        Judge Sheryl H. Lipman
                                         )
                                         )        Magistrate Judge Tu M. Pham
                                         )
                                         )        Jury Demand
FLYWAY EXPRESS, LLC,                     )
DHL EXPRESS (USA), INC., CLARKE          )
WHITE JR., AND                           )
JOHN DOES 2-3,                           )
                                         )
        Defendants.                      )

## DEFENDANT FLYWAY EXPRESS, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Flyway Express, LLC ("Flyway" or "this Defendant"), by and through counsel, hereby files this Answer to the Amended Complaint filed by Mary L. Warren ("Plaintiff").

1.      Admitted upon information and belief.

2.      It is admitted only that this Defendant is a Limited Liability Company with its principal office located at 216 S. Belvedere Blvd Memphis, TN 38104 and that Mike McCord is its registered agent. All other allegations are denied.

3.      The allegations contained in Paragraph 3 are not directed at this Defendant.

4.      With respect to the first sentence contained in Paragraph 4, it is admitted only that Defendant Clarke White Jr. was an employee of Flyway on May 20, 2024, and was driving a delivery van owned by Flyway as part of his job duties. The second sentence contained in Paragraph 4 contains a legal conclusion to which no response is required.

1

5. The allegations contained in Paragraph 5 are not directed at this Defendant, but Flyway is not aware of the existence of any such persons or entities.

6. Venue is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

7. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

8. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

9. The timeliness of this action is not disputed.

10. Paragraph 10 contains no independent allegations.

11. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11.

12. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12.

13. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13.

14. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14.

15. Admitted upon information and belief.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. With respect to the first sentence contained in Paragraph 17, it contains a legal conclusion to which no response is required. This Defendant lacks sufficient information or

knowledge to admit or deny the remaining allegations contained in Paragraph 17, as they appear to conflict with the identification of Defendant Clarke White Jr. in Paragraph 14.

18. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18.

19. Denied as to this Defendant.

20. Paragraph 20 contains no independent allegations.

21. Paragraph 21 contains a legal conclusion to which no response is required.

22. Denied.

23. Denied as to this Defendant.

24. With respect to the first sentence contained in Paragraph 24, it is admitted only that Clarke White Jr. was an employee of Flyway and operated a delivery van owned by Flyway with permission. The second sentence contained in Paragraph 24 contains a legal conclusion to which no response is required.

25. Paragraph 25 contains no independent allegations.

26. Paragraph 26, including all subparts, consists of legal conclusions to which no response is required.

27. Paragraph 27 contains a legal conclusion to which no response is required.

28. Paragraph 28 contains a legal conclusion to which no response is required.

29. With respect to the first sentence contained in Paragraph 29, it is admitted only that Clarke White Jr. was an employee of Flyway and operated a delivery van owned by Flyway with permission. The second sentence contained in Paragraph 29 contains a legal conclusion to which no response is required.

30. Paragraph 30 contains a legal conclusion to which no response is required.

31.     Denied.

32.     Denied.

33.     Denied.

34.     The allegations contained in Paragraph 34 are not directed at this Defendant. Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

35.     The allegations contained in Paragraph 35 are not directed at this Defendant, or consist of legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

37.     With respect to the first sentence contained in Paragraph 37, it is admitted only that Clarke White Jr. was an employee of Flyway and operated a delivery van owned by Flyway with permission. The second sentence contained in Paragraph 37 contains a legal conclusion to which no response is required.

38.     Paragraph 38 contains a legal conclusion to which no response is required.

39.     Denied, as Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint.

40.     Paragraph 40 contains a legal conclusion to which no response is required. Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

41.     Paragraph 41 contains a legal conclusion to which no response is required. Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

42.     Paragraph 42 contains a legal conclusion to which no response is required.

43.     Paragraph 43 contains a legal conclusion to which no response is required.

44.     The allegations contained in Paragraph 44 are not directed at this Defendant.

45.     Denied, as Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint.

46.     Paragraph 46 contains a legal conclusion to which no response is required. Flyway is only aware of one vehicle and one driver (Clarke White Jr.) connected with Flyway that was involved in the collision described in the Amended Complaint. To the extent that this Paragraph necessitates a response from Flyway, those allegations are denied.

47.     With respect to the first sentence contained in Paragraph 47, it is admitted only that Clarke White Jr. was an employee of Flyway and operated a delivery van owned by Flyway with permission. The second sentence contained in Paragraph 47 contains a legal conclusion to which no response is required.

48.     Denied.

49.     Denied, including all subparts.

50.     With respect to the first sentence contained in Paragraph 29, it is admitted only that Clarke White Jr. was an employee of Flyway and operated a delivery van owned by Flyway with permission. The second sentence contained in Paragraph 50 contains a legal conclusion to which no response is required.

5

51.    Paragraph 51 contains no independent allegations.

52.    Paragraph 52, including all subparts, contains legal conclusions to which no response is required. To the extent that Paragraph 52 attempts to assert facts supporting punitive damages, the same are denied.

53.    All allegations not previously admitted or denied are hereby denied, strict proof thereof is demanded.

AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which an award of attorneys' fees may be granted, and such claim should be dismissed.

2.    This Defendant asserts that its investigation of this matter is not yet complete, and therefore, any and all affirmative defenses that may be developed through investigation and discovery will be relied upon by this Defendant at the trial of this case.

3.    This Defendant reserves the right to amend this Answer and plead additional facts and or defenses, including affirmative defenses, which may be supported by said investigation and discovery. To the extent facts are developed that justify reliance, this Defendant pleads and relies upon the defenses of independent and intervening causes, acts of third persons, pre-existing conditions, and/or failure to mitigate damages.

Wherefore, this Defendant denies liability to Plaintiff in any amount, and requests that this cause be dismissed with costs taxed to Plaintiff. This Defendant further requests that a jury of twelve persons try this cause.

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Peter C. Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc.*
*and Flyway Express, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April 2026, a copy of the foregoing was provided to the following via the Court's ECF system:

Henry Reaves, III, Esq.
Carlos E. Moore, Esq.
REAVES LAW FIRM
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
carlos.moore@beyourvoice.com
*Counsel for Plaintiff*

*/s/ Peter C. Robison*
Peter C. Robison