**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| **v.** | ) | |
| | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| | ) | **Magistrate Judge Tu M. Pham** |
| | ) | |
| | ) | **Jury Demand** |
| **FLYWAY EXPRESS, LLC,** | ) | |
| **DHL EXPRESS (USA), INC., CLARKE** | ) | |
| **WHITE JR., AND** | ) | |
| **JOHN DOES 2-3,** | ) | |
| | ) | |
| **Defendants.** | | |

### DEFENDANT DHL EXPRESS (USA), INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant DHL Express (USA), Inc. ("DHL" or "this Defendant"), by and through counsel, hereby files this Answer to the Amended Complaint filed by Mary L. Warren ("Plaintiff").

1.    Admitted upon information and belief.

2.    The allegations contained in Paragraph 2 are not directed at this Defendant.

3.    Admitted.

4.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 4. The second sentence contained in Paragraph 4 contains a legal conclusion to which no response is required.

5.    The allegations contained in Paragraph 5 are not directed at this Defendant.

6.    Venue is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

7. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

8. Jurisdiction is not disputed. This Defendant removed this Action to the Western District of Tennessee pursuant to 28 U.S.C. § 1441.

9. The timeliness of this action is not disputed.

10. Paragraph 10 contains no independent allegations.

11. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11.

12. It is denied that DHL owned or operated any vehicles in the Memphis, Tennessee area that could have been operated by any employees of Flyway. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 12.

13. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13.

14. It is denied that DHL owned or operated any vehicles in the Memphis, Tennessee area that could have been operated by any employees of Flyway. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 14.

15. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. It is denied that DHL owned or operated any vehicles in the Memphis, Tennessee area that could have been operated by any employee of Flyway. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 17.

18. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18.

19. Denied as to this Defendant.

20. Paragraph 20 contains no independent allegations.

21. The allegations contained in Paragraph 21 are not directed at this Defendant.

22. Denied.

23. Denied as to this Defendant.

24. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 24, but denies that any vehicle in the Memphis, Tennessee area was owned or operated by DHL. The second sentence contained in Paragraph 24 contains a legal conclusion to which no response is required.

25. Paragraph 25 contains no independent allegations.

26. Paragraph 26, including all subparts, consists of legal conclusions to which no response is required.

27. Paragraph 27 contains a legal conclusion to which no response is required.

28. The allegations contained in Paragraph 28 are not directed at this Defendant.

29. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 29, but denies that any vehicle in the Memphis, Tennessee area was owned or operated by DHL. The second sentence contained in Paragraph 29 contains a legal conclusion to which no response is required.

30. The allegations contained in Paragraph 30 are not directed at this Defendant. Further, the second sentence contained in Paragraph 30 contains a legal conclusion to which no response is required

31. Denied. It is specifically denied that the vehicle operated by Defendant Clarke White Jr. was owned or operated by DHL.

32. Denied.

33. Denied.

34. The allegations contained in Paragraph 34 are not directed at this Defendant. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

35. The allegations contained in Paragraph 35 are not directed at this Defendant, or consist of legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

37. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 37, but denies that any vehicle in the Memphis, Tennessee area was owned or operated by DHL. The second sentence contained in Paragraph 37 contains a legal conclusion to which no response is required

38. The allegations contained in Paragraph 38 are not directed at this Defendant, or consist of legal conclusions to which no response is required.

39. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39, but it is denied that any vehicle in the Memphis, Tennessee area was owned or operated by DHL.

40. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40, but it is denied that any vehicle in the Memphis, Tennessee area was owned or operated by DHL.

41.    Paragraph 41 contains a legal conclusion to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

42.    Paragraph 42 contains a legal conclusion to which no response is required.

43.    The allegations contained in Paragraph 43 are not directed at this Defendant.

44.    Paragraph 44 contains a legal conclusion to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

45.    The allegations contained in Paragraph 45 are not directed at this Defendant, or consist of legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

46.    The allegations contained in Paragraph 46 are not directed at this Defendant, or consist of legal conclusions to which no response is required. To the extent that this Paragraph necessitates a response from DHL, those allegations are denied.

47.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 47, but it is denied that any vehicle in the Memphis, Tennessee area was owned or operated by DHL. The second sentence contained in Paragraph 47 contains a legal conclusion to which no response is required.

48.    The allegations contained in Paragraph 48 are not directed at this Defendant.

49.    Denied, including all subparts.

50.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence contained in Paragraph 50, but it is denied that any vehicle in the Memphis, Tennessee area was owned or operated by DHL. The second sentence contained in Paragraph 50 contains a legal conclusion to which no response is required.

51.    Paragraph 51 contains no independent allegations.

52.    Denied as to this Defendant, including all subparts.

53.    All allegations not previously admitted or denied are hereby denied, strict proof thereof is demanded.

### AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which an award of attorneys' fees may be granted, and such claim should be dismissed.

2.    This Defendant asserts that its investigation of this matter is not yet complete, and therefore, any and all affirmative defenses that may be developed through investigation and discovery will be relied upon by this Defendant at the trial of this case.

3.    This Defendant reserves the right to amend this Answer and plead additional facts and or defenses, including affirmative defenses, which may be supported by said investigation and discovery. To the extent facts are developed that justify reliance, this Defendant pleads and relies upon the defenses of independent and intervening causes, acts of third persons, pre-existing conditions, and/or failure to mitigate damages.

Wherefore, this Defendant denies liability to Plaintiff in any amount, and requests that this cause be dismissed as to this Defendant with costs taxed to Plaintiff. This Defendant further requests that a jury of six persons try this cause.

Respectfully submitted:

**LEWIS THOMASON, P.C.**


*/s/ Peter C. Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc.
and Flyway Express, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th  day of April, 2026, a copy of the foregoing to the via the Court's ECF system:

Henry Reaves, III, Esq.
Carlos E. Moore, Esq.
REAVES LAW FIRM
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Tel: (901) 417-7166
Fax: (901) 328-1352
Henry.reaves@beyourvoice.com
Carlos.moore@beyourvoice.com

*Counsel for Plaintiff*

*/s/ Peter C. Robison* _____
Peter C. Robison