**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| v. | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | **Magistrate Judge Tu M. Pham** |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | **JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTON TO REMOVE/BREAK THE**
**NON-ECONOMIC DAMAGES CAP**

**COMES NOW** the Plaintiff, Mary Warren, by and through undersigned counsel, and respectively moves this Honorable Court for an Order removing the statutory cap on non-economic damages, or alternatively submitting the issue of cap applicability to the jury, and in support states as follows:

## I.   PROCEDURAL POSTURE

1. This is a personal injury action arising from a motor-vehicle collision that occurred on May 20, 2024 in Memphis, Tennessee.

2. Plaintiff alleges that employees of Defendant, Flyway Express, operating DHL trucks, were racing their vehicles on Winchester Road when one truck struck another vehicle, causing that vehicle to collide with Plaintiff's vehicle.

3.    As a result of the Defendants' reckless conduct, Plaintiff sustained severe and permanent injuries and continues to suffer significant physical pain, emotional distress, and impairment of daily activities.

4.    Tennessee law generally imposes a statutory cap on non-economic damages; however, the statute expressly provides exceptions where the defendant's conduct is reckless or grossly negligent.

5.    Because the evidence in this case demonstrates reckless and dangerous conduct by Defendants' employees, the statutory cap should not apply.

## II.    GOVERNING LAW

6.    Tennessee Code Annotated § 29-39-102 generally limits non-economic damages to $750,000, subject to certain exceptions. However, the cap does not apply where a plaintiff establishes that the defendant's conduct was:

- Reckless
- Grossly Negligent
- Done with conscious disregard for a known and substantial risk of harm.

7.    Whether conduct rises to the level of recklessness is ordinarily a question for the jury, unless the evidence permits only one reasonable conclusion.

8.    Federal courts applying Tennessee law likewise recognize that the applicability of the damages cap may be resolved by the Court or submitted to the jury through a special interrogatory.

## III.    EVIDENCE OF RECKLESS CONDUCT

9.    The evidence in this case demonstrates that Defendants' employees engaged in dangerous and reckless conduct. Specifically:

a)  Two Flyway Express employees were operating separate DHL trucks on Winchester Road in Memphis.

*Plaintiff's Motion to Remove/Break the Non-Economic Damages Cap*                    Page 2 of 6

b) The drivers were racing each other on a public roadway despite the obvious risk to other motorists.

c) One truck struck another vehicle, causing it to spin into Plaintiff's lane and collide with Plaintiff's vehicle.

d) The employee responsible for the collision fled the scene before law enforcement arrived, further demonstrating conscious disregard for safety.

10. Operating large commercial trucks in a competitive racing manner on a public roadway is conduct that plainly constitutes:

- Conscious disregard of known risk;

- A substantial deviation from reasonable driving behavior; and

- Recklessness under Tennessee law.

11. At minimum, this evidence creates a jury question regarding reckless conduct, which precludes automatic application of the statutory cap.

### IV.    SEVERITY OF PLAINTIFF'S INJURIES

12. Plaintiff's injuries are severe, objective, and life-altering.

13. Medical evidence shows that Plaintiff sustained:

- A fractured rib

- A fractured tailbone

- A broken right ankle and foot

- Bulging spinal discs

- Facial and tongue lacerations

14. These damages represent precisely the type of severe and extraordinary harm that warrants removal of the statutory cap.

## V.    CONSTITUTIONAL CONSIDERATIONS

15.    Application of the statutory damages cap in this case would also raise serious constitutional concerns.

### A.  Right to Trial by Jury

16.    The Tennessee Constitutional preserves the right to a jury trial, including the jury's role in determining damages. Artificially limiting the jury's verdict through a statutory cap interferes with this constitutional function.

### B.  Due Process and Right to a Remedy

17.    Where a plaintiff suffers serious injury caused by reckless conduct, limiting recovery through a statutory cap may deny the plaintiff a full and meaningful remedy.

## VI.    THE COURT'S OPTIONS

18.    Under Tennessee, law the Court has two appropriate options:

### Option 1 – Remove the Cap as a Matter of Law

19.    If the Court determines that the undisputed facts establish reckless conduct.

### Option 2 – Submit Cap Applicability to the Jury

20.    If factual disputes remain, the Court may submit a special interrogatory asking the jury to determine whether Defendants acted recklessly or with gross negligence.

21.    What the Court may not do is apply the cap as a matter of law while evidence of reckless conduct exists.

## VII.    RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

1.  Declare the statutory non-economic damages cap inapplicable to this case;

2. Alternatively, reserve the issue of cap applicability for jury determination via special interrogatory

3. Permit Plaintiff to present full evidence of non-economic damages at trial; and

4. Grant all further relief to which Plaintiff may be entitled.

**DATED:** April 6, 2026

Respectfully submitted,

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC\
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.2(a)(1)(B) of the United States District Court for the Western District of Tennessee, undersigned counsel certifies that he made a good-faith effort to resolve the issues raised in this Motion with counsel for Defendants prior to filing. Specifically, counsel for Plaintiff communicated with counsel for Defendants via email regarding the relief requested in this Motion and inquired whether Defendants would consent to the removal of the statutory cap on non-economic damages or agree to submit the issue to the jury. The parties were unable to reach agreement regarding the relief requested. Accordingly, this Motion is submitted to the Court for determination.

/s/Carlos E. Moore_____
Carlos E. Moore

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 6th day of April 2026, a copy of the foregoing documents was served on the following via email:

Peter C. Robinson, BPR #27498
Lewis Thomason, PC
424 Church Street, Suite 2500
Nashville, Tennessee 37219
Phone: (615) 259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
Lewis Thomason, PC
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
Phone: (901) 525-8721
cmontoya@lewisthomason.com

/s/Carlos E. Moore_____
Carlos E. Moore