**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| **v.** | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| **FLYWAY EXPRESS, LLC,** | ) | **Magistrate Judge Tu M. Pham** |
| **DHL EXPRESS (USA), INC., and** | ) | |
| **JOHN DOES 1-3,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTON TO REMOVE/BREAK THE NON-ECONOMIC DAMAGES CAP**

**COMES NOW** the Plaintiff, Mary L. Warren, pursuant to Tennessee Rule of Civil Procedure 56.03, submits the following Memorandum of Law in Support of Plaintiff's Motion to Remove/Break the Non-Economic Damages Cap.

## I.      INTRODUCTION

This case presents a straightforward question: Whether Tennessee's statutory cap on non-economic damages should apply where commercial van drivers recklessly raced on a public roadway, causing a collision that severely injured an innocent motorist.

Because the evidence demonstrates reckless conduct and severe injury, the statutory cap should not apply.

## II.      THE TENNESSEE'S NON-ECONOMIC DAMAGES CAP

Tenn. Code Ann. § 29-39-102 generally limits non-economic damages to $750,000. However, the statute expressly provides exceptions where the plaintiff has suffered catastrophic or

permanently disabling injuries, or where application of the cap would otherwise be unjust. *Lindberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 353 (6th Cir. 2018); T.C.A. § 29-39-104. Also, the statute includes exceptions where the defendant's conduct was reckless or grossly negligent. See *Hudson, Holeyfield & Banks, G.P. v. MNR Hosp., LLC*, W2019-00123-COA-R3-CV, 2020 Tenn. App. LEXIS 358, at *27-29 (Ct. App. Aug. 7, 2020). Courts routinely evaluate whether such conduct exists prior to trial so that juries may properly determine damages. *Hudson, Holeyfield & Banks*, 2020 Tenn. App. LEXIS 358, at 30-31.

### III.    DEFENDANTS' CONDUCT WAS RECKLESS

The undisputed facts show that Defendants' employees:

- Operated large commercial vans
- On a public roadway
- While racing each other

(See **Exhibit 1 Police Report)**

Such conduct demonstrates conscious disregard for the safety of other motorists and satisfies Tennessee's definition of reckless conduct. *Gardner v. Insura Prop. & Cas. Ins. Co.*, 956 S.W.2d 1, 3 (Tenn. Ct. App. 1997).

At minimum, these facts create a question for the jury regarding recklessness.

### IV.    PLAINTIFF SUFFERED SEVERE INJURIES QUALIFYING
### FOR REMOVAL OF THE CAP

Plaintiff sustained multiple traumatic injuries including fractured bones, spinal injuries, and facial trauma requiring extensive treatment. Medical expenses already exceed $89,838.06, with further treatment anticipated. These injuries significantly impact Plaintiff's quality of life and ability to function normally.

These injuries constitute:

(a) Longterm impairment;

(b) Loss of enjoyment of life, and

(c) Long-term physical and emotional suffering,

bringing this case squarely within the class of cases for which the legislature expressly allowed removal of the damages cap.

## V.    APPLICATION OF THE CAP WOULD VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

### A.  Right to Trial by Jury

The Tennessee Constitution guarantees that the determination of damages is a core function of the jury. See *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686, 703-05 (Tenn. 2020). Imposing an arbitrary cap substitutes legislative judgment for the jury's factual findings and impermissibly intrudes upon this constitutional right. *McClay*, 596 S.W.3d at 690-92.

### B.  Due Process and Right to a Remedy

By limiting compensation without regard to the severity of injury, the cap denies Plaintiff a meaningful remedy for her injuries and violates substantive due process protections.

## VI.    THIS COURT HAS AUTHORITY TO RULE ON THE APPLICABIITY OF THE CAP PRIOR TO TRIAL

Federal courts applying Tennessee law regularly determine the applicability of the damages cap prior to trial to ensure that juries are properly instructed regarding damages. See *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686 (Tenn. 2020). This Court therefore has authority to rule on the issue now or submit it to the jury.

Because Defendants' conduct was reckless and Plaintiff sustained serious injuries, the statutory cap on non-economic damages should not apply.

## VII.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court enter an Order removing or declaring inapplicable the non-economic damages cap, together with such other relief as is just and proper.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (BPR #028649)
Henry Reaves, III, Esq., (BPR #028348)
REAVES LAW FIRM, PLLC
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of April 2026, a copy of the foregoing documents was served on the following via email:

Peter C. Robinson, BPR #27498      Caroline Montoya, BPR #41330
Lewis Thomason, PC                 Lewis Thomason, PC
424 Church Street, Suite 2500      40 S. Main Street, Suite 2900
Nashville, Tennessee 37219         Memphis, Tennessee 38103
Phone: (615) 259-1366              Phone: (901) 525-8721
probison@lewisthomason.com         cmontoya@lewisthomason.com

/s/Carlos E. Moore
Carlos E. Moore