**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| v. | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | **Magistrate Judge Tu M. Pham** |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTON FOR LEAVE TO AMEND COMPLAINT**

**COMES NOW**, Plaintiff, Mary L. Warren, respectfully submits this Memorandum of Law in Support of her Motion for Leave to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## I.   INTRODUCTION

Plaintiff seeks leave to amend her Complaint solely to increase the amount of damages sought from $1,000,000 to $10,000,000 in light of the full extent of her injuries and the procedural posture of this case, including the filing of Plaintiff's Motion to Remover/Break the Non-Economic Damages Cap.

As a key point, this amendment is not a substantive expansion of the case. It does not add new claims, parties, or factual allegations. Rather, it ensures that the pleadings accurately reflect the damages Plaintiff may be entitled to recover should the statutory cap be deemed inapplicable.

Because Rule 15 requires that leave to amend be freely granted – and because this amendment is both necessary and non-prejudicial – Plaintiff's Motion should be granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a serious motor vehicle collision occurring on May 20, 2024, in Memphis, Tennessee, when Plaintiff was struck as a result of Defendants' employees racing commercial DHL trucks on a public roadway.

As alleged, Defendants' employees engaged in reckless conduct by racing large commercial vehicles, causing a chain-reaction collision that resulted in severe injuries to Plaintiff.

Plaintiff has asserted multiple causes of action including negligence, negligence per se, negligent entrustment, vicarious liability, and negligent hiring, supervision, and training. Plaintiff has also filed a Motion to Remove/Break the Non-Economic Damages Cap, asserting that:

- Defendants' conduct was reckless;
- Plaintiff sustained severe and permanent injuries; and
- The statutory cap should not apply under Tennessee law.

In light of that motion – and the substantial damages supported by the facts and medical evidence – Plaintiff now seeks to amend the Complaint to increase the damages demand to $10,000,000, consistent with the relief sought and the potential recovery if the cap is removed.

## III.    APPLICABLE LAW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." F.R.C.P. 15(a)(2).

The Sixth Circuit Court has made clear, "*Rule 15 provides a liberal standard for amendment….*" *Reed v. Inland Intermodal Logistics Servs., LLC*, No. 09-02607, 2010 U.S. Dist. LEXIS 154114, at *12 (W.D. Tenn. Apr. 27, 2010), *citing Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Leave should be denied only in limited circumstances such as undue delay, bad

faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Reed*, 2010 U.S. Dist. LEXIS 154114, at *12.

Most importantly, prejudice to the opposing party is the most important factor, and delay alone is insufficient to deny leave. *Id*.

Amendments that merely adjust the scope of damages – without altering claims or parties – are routinely permitted because they do not change the fundamental nature of the litigation.

## IV.   ARGUMENT

### A.  The Proposed Amendment Is Procedural and Necessary in Light of the Motion to Break the Cap.

Plaintiff's amendment is narrowly tailored and directly tied to the procedural posture of this case.

Plaintiff has filed a Motion to Remove/Break the Non-Economic Damages Cap, asserting that Defendants' reckless conduct and Plaintiff's severe injuries place this case within statutory exceptions to Tennessee's damages cap.

If the cap is removed or deemed inapplicable, Plaintiff is entitled to seek full recovery of her non-economic damages without statutory limitation. *Lindberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 353 (6th Cir. 2018); T.C.A. § 29-39-104.

Accordingly, increasing the ad damnum clause is not only appropriate – it is necessary to:

- Preserve Plaintiff's Right to Full Recovery;
- Align the pleadings with the relief sought in the cap motion; and
- Avoid artificial limitation of damages inconsistent with the issues before the Court.

Courts routinely permit amendments where they ensure that the pleadings reflect the full scope of recoverable damages.

### B.  The Amendment Will Not Prejudice Defendants.

There is no conceivable prejudice to Defendants.

1. No new claims or theories. Plaintiff asserts the same causes of action already pled.

2. No new parties. The parties remain unchanged.

3. No new factual allegations. The underlying facts – reckless racing of commercial trucks causing severe injury – remain identical.

4. No expansion of discovery scope. Discovery will focus on the same liability and damages issues already at issue.

Defendants have been on notice from the outset that Plaintiff alleges severe injuries caused by reckless conduct.

Moreover, Defendants are already defending against a Motion to Break the Cap, which expressly places the full extent of damages at issue.

Under these circumstances, increasing the damages demand does not create surprise or prejudice – it simply reflects the reality of the case.

## C.  Denying Amendment Would Be Inconsistent with Rule 15 and Judicial Efficiency.

Rule 15 of the Federal Rules of Civil Procedure exists to prevent precisely the type of technical limitation that would occur if Plaintiff were forced to proceed under an artificially low damages demand.

Denying the amendment would:

- Create inconsistency between the pleadings and pending motions;
- Risk limiting Plaintiff's recovery despite a successful cap challenge; and
- Undermine resolution of the case on its merits.

Conversely, granting the amendment promotes:

- Judicial efficiency;
- Procedural clarity; and
- Fair adjudication of damages by the trier of fact.

D.  The Amendment is Not Futile

The amendment is not futile because Plaintiff has asserted a viable basis for removal of the statutory cap, including:

- Reckless conduct (commercial truck racing);
- Severe and permanent injuries; and
- Statutory and constitutional grounds for removing the cap.

At minimum, these issues present questions for the jury, further confirming that Plaintiff must be permitted to plead damages consistently with potential recovery.

## V.    CONCLUSION

Plaintiff's proposed amendment is:

- Narrow and procedural;
- Directly tied to the pending Motion to Break the Cap;
- Non-prejudicial to Defendants; and
- Necessary to ensure that the pleadings reflect the full scope of recoverable damages.

Under the liberal standard of Rule 15, leave to amend should be freely granted.

## VI.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

1.  Grant Plaintiff's Motion to Amend Complaint;

2.  Permit Plaintiff to increase the damages sought to $10.000.000; and

3.  Grant all further relief to which Plaintiff may be entitled.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (BPR #028649)
Henry Reaves, III, Esq., (BPR #028348)
REAVES LAW FIRM, PLLC

2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: rlf.litigation@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of April 2026, a copy of the foregoing documents was served on the following via email:

Peter C. Robinson, BPR #27498          Caroline Montoya, BPR #41330
Lewis Thomason, PC                     Lewis Thomason, PC
424 Church Street, Suite 2500          40 S. Main Street, Suite 2900
Nashville, Tennessee 37219             Memphis, Tennessee 38103
Phone: (615) 259-1366                  Phone: (901) 525-8721
probison@lewisthomason.com             cmontoya@lewisthomason.com


*/s/Carlos E. Moore*_____
Carlos E. Moore