**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| **v.** | ) | |
| | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| | ) | **Magistrate Judge Tu M. Pham** |
| | ) | |
| | ) | **Jury Demand** |
| **FLYWAY EXPRESS, LLC,** | ) | |
| **DHL EXPRESS (USA), INC., CLARKE** | ) | |
| **WHITE, JR., and** | ) | |
| **JOHN DOES 2-3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**RESPONSE OF DEFENDANTS FLYWAY EXPRESS, LLC AND DHL EXPRESS (USA),**
**INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO**
**INCREASE *AD DAMNUM***

Defendants Flyway Express, LLC and DHL Express (USA), Inc. (collectively "Defendants"), by and through counsel, file this Response in opposition to the Motion for Leave to Amend Complaint filed by Plaintiff Mary Warren ("Plaintiff") in which she seeks to increase the amount of damages sought from $1,000,000 to $10,000,000 (Docket Entry No. 68).

Defendants are mindful of the permissiveness of Fed. R. Civ. P. 15, and indeed, did not seek to oppose Plaintiff's previously motion for leave to amend. However, Plaintiff's current motion is partially predicated on her Motion to Remove and/or Break the Non-Economic Damages Cap (Docket Entry No. 65). Plaintiff asserts that her proposed amendment "is appropriate in light of the severity of Plaintiff's injuries and the current procedural posture of this case, including Plaintiff's pending Motion to Remove/Break the Non-Economic Damages Cap." (Motion for Leave to Amend, Docket Entry No. 68, p. 1.)

As argued more fully in these Defendants' Response in Opposition to Plaintiff's Motion to Remove/Break the Non-economic Damages Cap, Docket Entry No. 74, which is hereby incorporated by reference, such motion fails as a matter of law. Accordingly, Plaintiff's current Motion for Leave to Amend suffers from the same defects as her pending Motion to Break the Non-Economic Damages Cap. Plaintiff has not identified any amounts of damages that would require an award in the range she now attempts to seek in yet another amended complaint. Plaintiff has not identified any admissible evidence in the record to support removal of the statutory caps contained in Tenn. Code Ann. § 29-39-102, and her corresponding Motion for Leave to Amend accordingly fails on grounds of futility.

Respectfully submitted:

**LEWIS THOMASON, P.C.**

*/s/ Peter C. Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
Nashville, TN 37219
Phone: 615-259-1366
probison@lewisthomason.com

Caroline Montoya, BPR #41330
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
Phone: 901-525-8721
cmontoya@lewisthomason.com

*Counsel for Defendants DHL Express (USA), Inc. and Flyway Express, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that on April 17, 2026, the foregoing document was served on the following counsel of record through the Court's electronic filing system:

Henry Reaves, III, Esq.
Carlos Moore, Esq.
REAVES LAW FIRM
2650 Thousand Oaks Blvd., Suite 3100
Memphis, Tennessee 38118
Henry.reaves@beyourvoice.com
Carlos.Moore@beyourvoice.com

*Counsel for Plaintiff Mary Warren*

*/s/ Peter C. Robison*
Peter C. Robison