**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| v. | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | **Magistrate Judge Tu M. Pham** |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION TO REMOVE/BREAK THE NON-ECONOMIC DAMAGES CAP**

**COMES NOW** the Plaintiff, Mary Warren, by and through undersigned counsel, and submits this Reply in further support of her Motion to Remove/Break the Non-Economic Damages Cap, and would state as follows:

## I.       INTRODUCTION

1.       Defendants' Opposition attempts to reframe Plaintiff's Motion as an improper, premature constitutional challenge foreclosed by Tennessee law. That characterization is incorrect. Plaintiff's Motion is grounded in the statute itself and the evidence in this case—specifically, whether Defendants' conduct falls within statutory exceptions that render the cap inapplicable. The central issue is not whether the cap is constitutional. It is whether, under Tenn. Code Ann. § 29-39-102(h), the cap applies at all in light of evidence of reckless conduct. On that issue, Defendants' arguments fail.

*Plaintiff's Reply in Support of Motion to Remove/Break the Non-Economic Damages Cap*
Page 1 of 6

## II.    *MCCLAY* DOES NOT BAR PLAINTIFF'S REQUESTED RELIEF

2.      Defendants rely on *McClay v. Airport Mgmt. Servs., LLC*, to argue that the cap must be applied as a matter of law and that Plaintiff's Motion is improper. That reliance is misplaced. *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686 (Tenn. 2020).

3.      *McClay* addressed a constitutional challenge to the statutory cap and held that the cap does not violate the right to a jury trial because the jury determines damages and the court applies the cap as a matter of law after the verdict. *McClay*, 596 S.W.3d at 693.

4.      Plaintiff does not dispute that general principle. However, *McClay* did not address the separate and critical issue presented here: Whether the cap applies at all when statutory exceptions—such as reckless conduct—are supported by the evidence.

5.      The statute expressly provides that the cap "shall not apply" where certain categories of misconduct are established. Tenn. Code Ann. § 29-39-102(h). Thus, the operative question is one of applicability, not constitutionality.

6.      Importantly, *McClay* confirms that the jury serves as the factfinder with respect to damages and underlying conduct. Where applicability of the cap depends on disputed facts—such as whether Defendants acted recklessly—those issues must be resolved before the cap can be applied.

7.      Accordingly, *McClay* supports two permissible paths:

   a) If the evidence is undisputed, the Court may determine as a matter of law that the statutory exception applies; or

   b) If factual disputes exist, the issue must be submitted to the jury through an appropriate interrogatory.

8.      What *McClay* does not permit is the preemptive application of the cap where material factual disputes exist regarding conduct that would remove it.

### III.   DEFENDANTS' RIPENESS ARGUMENT MISAPPLIES *CLARK V. CAIN*

9. Defendants argue that Plaintiff's Motion is not ripe under *Clark v. Cain*. That argument is misplaced. *Clark v. Cain*, 479 S.W.3d 830 (Tenn. 2015).

10. *Clark* addressed the ripeness of a facial constitutional challenge to the statutory cap prior to a verdict. Here, Plaintiff does not seek an advisory ruling on constitutionality. Instead, Plaintiff seeks a determination now or at trial—regarding the applicability of statutory exceptions based on the evidence.

11. Courts routinely address issues affecting jury instructions, admissibility of damages evidence, and the scope of recoverable damages prior to trial. The applicability of a statutory limitation is no different when it depends on predicate factual findings.

12. At minimum, even if the Court declines to resolve applicability at this stage, the appropriate course is to preserve the issue for the jury through a special interrogatory. Defendants' position would improperly foreclose that inquiry.

### IV.   EVIDENCE CREATES A JURY QUESTION AS TO RECKLESS CONDUCT

13. Defendants' attempt to characterize the evidence as insufficient is itself a disputed factual argument that underscores why the cap cannot be applied as a matter of law.

14. The evidence shows:

- Commercial van drivers operating on a public roadway;

- Conduct consistent with racing or competitive driving;

- A resulting multi-vehicle collision; and

- Flight from the scene

15.    Operating large commercial vehicles in such a manner constitutes, at minimum, a conscious disregard of a known and substantial risk of harm. Under Tennessee law, this is sufficient to create a jury question as to recklessness.

16.    Where such a question exists, the statutory cap cannot be automatically applied.

## V.    THE COURT SHOULD NOT PREEMPTIVELY APPLY THE CAP

17.    Defendants seek to have the Court apply the cap now, despite unresolved factual disputes that go directly to statutory exceptions. That approach is inconsistent with both the statute and Tennessee law.

18.    The statute does not mandate application of the cap in the face of disputed evidence regarding reckless conduct. Instead, it conditions applicability on factual determinations.

19.    Accordingly, the Court should:

- Decline to apply the cap as a matter of law at this stage; and

- Either determine that the exception applies based on the evidence or submit the issue to the jury.

## VI.    CONCLUSION

20.    Plaintiff's Motion is grounded in the statute itself and the evidence of Defendants' conduct. Because the evidence supports a finding of reckless conduct, the statutory cap cannot be applied as a matter of law.

## VII.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court:

1. Declare the non-economic damages cap inapplicable; or

2. Alternatively, submit the issue of applicability to the jury through a special interrogatory; and

*Plaintiff's Reply in Support of Motion to Remove/Break the Non-Economic Damages Cap*
Page 4 of 6

3.  Grant all other appropriate relief as is just and proper.

Respectfully submitted,

By: *Carlos E. Moore*

Carlos E. Moore, Esq. (TN Bar #028649)
Henry Reaves, III, Esq., (TN Bar #028348)
REAVES LAW FIRM, PLLC\
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 38118
Phone: (901) 352-0333
Fax: (901) 328-1352
Email: carlos.moore@beyourvoice.com
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 19th day of April 2026, a copy of the foregoing documents was served on the following via email:

Peter C. Robinson, BPR #27498  Caroline Montoya, BPR #41330
Lewis Thomason, PC     Lewis Thomason, PC
424 Church Street, Suite 2500   40 S. Main Street, Suite 2900
Nashville, Tennessee 37219   Memphis, Tennessee 38103
Phone: (615) 259-1366    Phone: (901) 525-8721
probison@lewisthomason.com  cmontoya@lewisthomason.com

         */s/Carlos E. Moore*
         Carlos E. Moore