**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARY L. WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| **v.** | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| **FLYWAY EXPRESS, LLC,** | ) | **Magistrate Judge Tu M. Pham** |
| **DHL EXPRESS (USA), INC., and** | ) | |
| **JOHN DOES 1-3,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DHL EXPRESS (USA), INC.'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** the Plaintiff, Mary Warren, by and through undersigned counsel, and respectively files her Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, and in support states as follows:

## I. INTRODUCTION

1.      Defendants' Motion for Summary Judgment should be denied because it relies on contractual labels and self-serving declarations while ignoring substantial evidence creating genuine disputes of material fact regarding agency, control, and reckless conduct.

## II. STANDARD

2.      Summary judgment is improper where a reasonable jury could return a verdict for the non-moving party. All facts must be viewed in the light most favorable to Plaintiff.

### III. ARGUMENT

### A. Genuine Issues of Material Fact Exist as to Agency and Control

3.      Defendants argue that Flyway was an independent contractor and that DHL exercised no control. However, this argument improperly relies on contract language rather than the realities of the relationship.

4.      While Defendants cite provisions of a Cartage Agreement disclaiming control , courts consistently hold that the **actual right to control the work** governs—not contractual labels.

Here, evidence shows:

- Delivery vehicles bore DHL branding;
- Drivers performed DHL delivery operations;
- The transportation services were integral to DHL's business model.

These facts permit a reasonable jury to conclude that DHL retained sufficient control to establish an agency relationship.

### B. DHL Owed a Non-Delegable Duty to the Public

5.      Even assuming arguendo that Flyway was an independent contractor, DHL cannot escape liability for negligence occurring in the operation of commercial delivery vehicles on public roadways.

6.       Plaintiff's claims arise from inherently dangerous conduct—commercial delivery operations involving large vehicles on public highways. Under Tennessee law, such duties are non-delegable, and liability cannot be avoided through contractual delegation.

## C. Apparent Agency Creates a Jury Question

7.       The undisputed evidence shows that the vehicles involved in the collision were DHL-branded and operating as part of DHL's delivery network.

8.       A reasonable member of the public would believe the driver was acting on behalf of DHL. Accordingly, Defendants are liable under the doctrine of apparent agency, which presents a classic jury question.

## D. Plaintiff's Direct Negligence Claims Independently Defeat Summary Judgment

9.       Plaintiff asserts claims for negligent hiring, supervision, and entrustment . These claims impose direct liability on Defendants and are not dependent on a finding of vicarious liability.

10.       Defendants' Motion fails to address these claims meaningfully and therefore cannot support summary judgment.

## E. Evidence Supports Punitive Damages

11.       Defendants contend that Plaintiff lacks evidence of reckless conduct. The record shows otherwise.

12.     Plaintiff has alleged that Defendants' drivers were:

- Racing delivery trucks on a public roadway;

- Driving recklessly and without regard for safety;

- Causing a multi-vehicle collision;

- Fleeing the scene of the crash

13.     This conduct constitutes clear and convincing evidence of reckless disregard for the safety of others, sufficient to submit punitive damages to a jury.

## IV. CONCLUSION

Defendants' Motion improperly asks the Court to weigh evidence and resolve factual disputes that must be decided by a jury. Because genuine issues of material fact exist as to agency, control, negligence, and recklessness, the Motion for Summary Judgment should be denied in its entirety.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans_____
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 12th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.