**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT DHL EXPRESS (USA), INC.'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** the Plaintiff, Mary Warren, by and through undersigned counsel, and respectively files her *Plaintiff's Memorandum of Law in Support of its Response In Opposition To Defendant DHL Express (USA), Inc.'s Motion For Summary Judgment And Defendants' Motion For Partial Summary Judgment*, and in support states as follows:

**I. INTRODUCTION**

1.      Defendants seek summary judgment by asking this Court to resolve disputed facts, weigh credibility, and accept self-serving contractual characterizations over the realities of their business operations. Rule 56 does not permit such relief.

Viewed in the light most favorable to Plaintiff, the record demonstrates:

- A DHL-branded delivery vehicle struck Plaintiff at high speed and failed to stop;
- The driver was performing DHL delivery operations at the time of the collision;
- Material factual disputes exist regarding control, agency, and the nature of the driver's conduct.

2.      Because genuine issues of material fact exist as to both **DHL's liability** and **Defendants' entitlement to punitive damages**, Defendants' motions must be denied.

## II. STANDARD OF REVIEW

3.      Summary judgment is appropriate only where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must view all evidence in the light most favorable to the nonmovant and draw all reasonable inferences in Plaintiff's favor. The Court must also refrain from weighing credibility or resolving factual disputes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. ARGUMENT

### A. GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT AS TO DHL

#### 1. The "Independent Contractor" Label Is Not Dispositive

4.      DHL's motion rests almost entirely on the Cartage Agreement, which labels Flyway as an "independent contractor." However, under Tennessee law: The existence of an independent contractor relationship turns on the **right to control**, not contractual labels. Courts routinely reject summary judgment where:

- The principal retains operational control, or
- The work performed is integral to the principal's business

5.  Here, DHL's position ignores key realities:

- The vehicle involved was **DHL-branded**
- The driver was performing **core DHL delivery services**
- The delivery operation was part of DHL's **regular business model**

6.  A reasonable jury could conclude that DHL exercised sufficient control—directly or indirectly—to establish agency.

### 2. Evidence Supports Apparent Agency and Vicarious Liability

7.      Even if DHL disputes actual control, it cannot escape liability where it **holds out drivers as its agents**. The record reflects:

- DHL-branded trucks operating in public
- Drivers performing deliveries under DHL's name
- No distinction visible to the public between DHL and Flyway

8.  A reasonable juror could conclude that the driver was acting as DHL's apparent agent. This alone defeats summary judgment.

### 3. DHL's "No Control" Argument Raises Fact Questions, Not Legal Conclusions

9.      DHL claims it had "no discretion, responsibility, or control" over drivers.

That assertion relies on a **self-serving declaration and contract** and ignores the operational realities of logistics and delivery systems

10.     At minimum, questions remain regarding:

- Delivery standards and requirements
- Branding and operational control
- Integration of Flyway into DHL's delivery network

These are classic **jury questions**.

## B. SUMMARY JUDGMENT IS IMPROPER ON PUNITIVE DAMAGES

### 1. Defendants Improperly Weigh Evidence and Credibility

11.     Defendants argue Plaintiff cannot prove "racing" or reckless conduct because:

- Plaintiff saw only one van
- There is no telematics data
- Evidence is "insufficient"

This argument fails because the Court must draw **all reasonable inferences in Plaintiff's favor**

and the absence of definitive proof does not eliminate **circumstantial evidence**

### 2. Evidence Supports a Finding of Recklessness

12. The record shows:

- A DHL vehicle approached Plaintiff "real fast"
- The driver **failed to slow down**
- The impact caused a multi-vehicle collision
- The driver **fled the scene**

A reasonable jury could conclude that such conduct reflects a conscious disregard for the safety

of others. This satisfies Tennessee's punitive damages standard at the summary judgment stage.

### 3. Defendants Mischaracterize Tennessee Law

13.     Defendants argue this case reflects "ordinary negligence." But Tennessee law

permits punitive damages where conduct involves:

- Conscious disregard of risk

- Egregious driving behavior
- Conduct beyond mere inattention

Importantly, Courts have upheld punitive damages in **high-risk driving scenarios**, including

racing and similar conduct. Plaintiff has alleged precisely that.

### 4. Disputed Facts Must Be Resolved by a Jury

14.     Key factual disputes include:

- Whether more than one vehicle was involved
- Whether drivers were operating recklessly
- The speed and manner of the DHL vehicle
- The significance of the driver fleeing the scene

15.     These disputes go directly to recklessness, conscious wrongdoing and credibility

of witnesses.

## C. EVEN ABSENT "RACING," THE CONDUCT SUPPORTS PUNITIVE DAMAGES

16.     Defendants attempt to collapse Plaintiff's claim into a single theory ("racing").

That is incorrect. Even without racing, the evidence shows:

- High-speed rear-end collision
- Failure to brake
- Continued force causing additional impacts
- Flight from the scene

A jury could find that this constitutes reckless disregard for human life.

## IV. CONCLUSION

Defendants have failed to meet their burden under Rule 56. Genuine issues of material fact exist regarding DHL's control and liability. Substantial evidence supports submission of punitive damages to a jury. Defendants' motions improperly ask the Court to resolve factual disputes and weigh credibility.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. **Deny Defendant DHL's Motion for Summary Judgment in its entirety;**

2. **Deny Defendants' Motion for Partial Summary Judgment on punitive damages;**

3. Grant all further relief to which Plaintiff is entitled.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Plaintiff's Memorandum of Law in Support of its Response In Opposition To Defendant DHL Express (USA), Inc.'S Motion For Summary Judgment And Defendants' Motion For Partial Summary Judgment* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 12th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.