**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff Mary Warren, by and through counsel, and respectfully submits, pursuant to Local Rule 56.1(b), Plaintiff submits the following additional material facts as to which there exists a genuine issue to be tried:

1.     At the time of the collision, the vehicle involved was operating as a DHL-branded delivery vehicle in connection with DHL delivery operations. *Am. Compl.* ¶¶ *12–14* .

2.     Plaintiff alleged that the vehicle approached "real fast" immediately before impact.

3.     Plaintiff alleged that the driver failed to slow before colliding with her vehicle, causing multiple impacts.

4.     Plaintiff alleges that the driver fled the scene following the collision. *Am. Compl.* ¶ *17* .

5.      Flyway's human resources representative, Kellie McBride, testified that she participated in the onboarding process for Clarke White, *Jr. McBride Dep. at 11:4–18* .

6.      Ms. McBride testified that Flyway utilized a "New Hire Checklist" during onboarding of drivers. *McBride Dep. at 11:16–24* .

7.      Ms. McBride acknowledged that the "drug screen" portion of the checklist for Clarke White, Jr. was not checked. *McBride Dep. at 12:1–2* .

8.      Ms. McBride testified that she could not personally confirm whether Clarke White, Jr. underwent a drug screen before employment. *McBride Dep. at 13:12–25* .

9.      Ms. McBride further testified that, sitting under oath, she could not state that a drug screen was completed for Clarke White, Jr. *Id*.

10.     According to Ms. McBride, responsibility for onboarding and safety compliance functions was divided among multiple individuals and departments. *McBride Dep. at 12:4–10; 19:1–5* .

11.     Ms. McBride testified that Flyway considered safety to be "extremely important." *McBride Dep. at 18:1–2* .

12.     Ms. McBride also testified that Flyway conducted safety meetings and regularly discussed safety concerns with drivers and dock personnel. *McBride Dep. at 18:3–9* .

13.     Despite these stated safety priorities, Ms. McBride acknowledged uncertainty regarding whether critical onboarding safety procedures had been completed for Clarke White, Jr. *McBride Dep. at 13:12–25; 18:10–18* .

14.    Ms. McBride testified that, at the relevant time, different individuals handled different portions of the onboarding and compliance process. *McBride Dep. at 19:1–5* .

15.    Ms. McBride further testified that her own responsibilities regarding onboarding and compliance "evolved" over time and that she later assumed greater responsibility for ensuring that drug screens and related documentation were maintained in employee files. *McBride Dep. at 21:12–22* .

16.    Ms. McBride testified that Flyway's onboarding and safety processes later became "more streamlined" than they had been at the time Clarke White, Jr. was hired. *McBride Dep. at 22:1–6* .

17.    Defendants' retained expert, Dr. David Strauser, acknowledged that he did not review any deposition transcripts before issuing his opinions. *Strauser Dep. at 31:16–21* .

18.    Dr. Strauser further testified that he did not review crash reports or police reports relating to the collision before issuing his opinions. *Strauser Dep. at 31:22–24* .

19.    Dr. Strauser acknowledged that he relied on information that he intended to later substantiate with records from Plaintiff's counsel's office. *Strauser Dep. at 30:21–24* .

20.    Dr. Strauser testified that his interview with Plaintiff ended prematurely because Plaintiff no longer wished to participate and that he considered the interview "rather unique." *Strauser Dep. at 30:4–10* .

21.    Dr. Strauser admitted that he lacked knowledge regarding multiple portions of Plaintiff's prior work history and employment background. *Strauser Dep. at 37:19–24; 38:1–24* .

22.    The record, therefore, contains disputed factual issues regarding:

- the adequacy of Defendants' safety oversight;
- whether required onboarding procedures were completed;
- the nature of Defendants' operational control; and
- whether the driver acted recklessly prior to the collision.

See *McBride Dep. at 13:12–25; 18:1–18* .

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Statement of Additional Facts* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 11th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.