**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT DHL EXPRESS (USA), INC.'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Plaintiff Mary L. Warren, by and through undersigned counsel, and files this *Plaintiff's Memorandum of Law in Support of Her Response in Opposition to Defendant DHL Express (USA), Inc.'s Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment*, and in support states as follows:

## I. INTRODUCTION

Defendants' motions rely on a selective reading of the record and improperly ask this Court to weigh credibility and resolve factual disputes in their favor. When viewed under the proper standard, the evidence shows that a DHL-branded delivery vehicle approached Plaintiff at a high rate of speed, failed to slow before impact, struck her multiple times, and fled the scene.

The record also contains substantial evidence of inadequate safety oversight, including inconsistent enforcement and documentation of drug-screening requirements and fragmented onboarding procedures. *McBride Dep. 12:19–24, 13:1–4, 13:19–25*. Tennessee law recognizes that negligent hiring, negligent supervision, negligent entrustment, and systemic safety failures can independently support liability and (where the proof warrants) punitive damages. Summary judgment should be denied.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must view all evidence in the light most favorable to the nonmovant and draw all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Sixth Circuit has emphasized that courts may not weigh evidence or assess credibility at this stage. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). Thus, if the record permits competing reasonable inferences about what occurred and whether Defendants acted negligently or recklessly, the dispute must be resolved by a jury—not on summary judgment.

## III. ARGUMENT

### A. GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT AS TO LIABILITY

**1. The Record Supports a Finding of Negligent and Reckless Driving**

2

Plaintiff asserted in her complaint that the DHL vehicle approached at high speed, failed to slow, and struck her multiple times. This testimony—if credited, as it must be at this stage—supports each core component of negligence: breach (unsafe speed/failure to keep a proper lookout and maintain control) and causation (impact resulting in Plaintiff's injuries). Tennessee law recognizes that excessive speed, failure to maintain control, and failure to keep a proper lookout constitute negligence. *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742 (Tenn. App. 2013).

A jury could easily conclude that the driver:

- operated the vehicle at an unsafe speed,
- failed to maintain proper control,
- failed to keep a proper lookout, and
- acted with reckless disregard for the safety of others.

Because this evidence permits a reasonable jury to find negligence—and potentially recklessness—summary judgment on liability is improper.

## 2. Defendants' Arguments Improperly Rely on Credibility Determinations

Defendants attempt to minimize Plaintiff's account by emphasizing perceived gaps or inconsistencies in her testimony. But those arguments go to weight and credibility—matters reserved for the jury. *Hostettler*, 895 F.3d at 852. At summary judgment, the Court must credit Plaintiff's version and draw reasonable inferences in her favor, including the inference that the driver failed to brake or take evasive action before striking her.

Moreover, even Defendants' own retained expert acknowledged that his opinions were based on incomplete information and lacked independent verification of key facts. *Strauser Dep. 31:21–*

3

*24, 36:4–9*. This further underscores that the factual record is disputed and unsuitable for summary disposition.

### 3. Evidence of Inadequate Safety Oversight Supports Liability

The record also contains evidence that Defendants failed to enforce basic safety protocols consistently. Flyway's human resources representative testified that responsibility for onboarding and compliance was fragmented and handled by multiple individuals. *McBride Dep. 12:19–24, 13:1–4*. She further acknowledged that critical safety measures, including drug screening, were not consistently documented or verified and could not be confirmed for the driver at issue. *Id. 13:19–25*.

This testimony supports a reasonable inference that Defendants' safety oversight was inadequate and that drivers were permitted to operate vehicles without confirmed compliance with safety requirements. That inference is material to Plaintiff's direct-negligence theories (negligent hiring/supervision/entrustment) because lax or unverified compliance makes harm from an unsafe driver foreseeable and preventable.

### 4. Tennessee Law Recognizes Independent Claims for Negligent Hiring, Supervision, and Entrustment

Tennessee courts have long held that employers may be directly liable for negligent hiring, supervision, retention, and entrustment where they fail to exercise reasonable care in selecting or supervising employees who pose an unreasonable risk of harm. See:

- *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717–18 (Tenn. Ct. App. 2008) (negligent supervision claim arises where employer knew or should have known of employee's dangerous propensities);
- *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 366 (Tenn. 2009) (foreseeability is central to negligent hiring/supervision);

4

- *Phipps v. Walker*, No. 03A01-9508-CV-00294, 1996 WL 155258 (Tenn. Ct. App. Apr. 4, 1996). (A claim for negligent hiring in Tennessee arises only when a particular unfitness of a job applicant creates a danger of harm to others that the employer knew or should have known about).

Here, Flyway's HR representative testified that:

- onboarding and safety compliance were fragmented among multiple individuals (*McBride Dep. 12:19–24, 13:1–4*);
- drug-screen documentation was not consistently maintained or verified (*McBride Dep. 13:19–25*);
- she could not confirm whether the driver completed required drug screening.

On this record, a jury could find that Defendants failed to exercise reasonable care in vetting and supervising drivers and in entrusting a DHL-branded vehicle to a driver whose compliance with basic safety requirements (including drug screening) could not be confirmed. That evidence is sufficient to create a triable issue on negligent hiring, supervision/retention, and entrustment.

**5. DHL's Liability Is Supported by Tennessee Agency and Control Principles**

Tennessee applies the "right-to-control" test to determine whether an entity is liable for the acts of a purported independent contractor. *Gonzalez v. Alman Constr. Co.*, 857 S.W.2d 42, 44 (Tenn. Ct. App. 1993). Factors include:

- control over work details,
- control over safety procedures,
- branding and appearance requirements,
- control over routes and schedules.

The record shows that DHL:

- required Flyway drivers to operate DHL-branded vehicles,
- imposed safety and compliance requirements,
- exercised oversight over driver qualification processes.

5

These facts create a jury question as to whether DHL exercised sufficient control to be vicariously liable.

Applying *Gonzalez*, the above evidence supports competing reasonable inferences about DHL's right to control—not only branding, but also safety compliance and driver qualification. Where the control factors point in different directions, Tennessee law treats agency and vicarious liability as a fact question for the jury.

### B. SUMMARY JUDGMENT ON PUNITIVE DAMAGES IS IMPROPER

#### 1. The Record Supports a Finding of Recklessness

Under Tennessee law, punitive damages are appropriate where a defendant acts with conscious disregard for the safety of others. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

Here, the record reflects that the driver approached at high speed, failed to slow prior to impact, and caused a multi-vehicle collision. A reasonable jury could conclude that striking a pedestrian without braking or slowing supports a finding of reckless disregard for public safety.

#### 2. Independent Evidence Supports Submission of Punitive Damages

In addition to the manner of driving, the record reflects systemic safety failures. Testimony establishes that Defendants could not confirm whether the driver underwent required drug screening and that such documentation was not consistently maintained. *McBride Dep. 13:19–25*. McBride testified that safety is "extremely important," yet admitted uncertainty regarding whether critical safety procedures were followed. *McBride Dep. 18:1–4, 18:10–18*. A

6

jury could view that combination—high-risk commercial driving plus unverified safety compliance—as evidence of conscious disregard under *Hodges*.

A jury could find that allowing drivers to operate DHL-branded vehicles without confirmed compliance with mandatory safety requirements constitutes conscious disregard for public safety.

### 3. Defendants Improperly Seek to Weigh Competing Inferences

Defendants' motion asks this Court to adopt their interpretation of the evidence and reject Plaintiff's. That is not the role of the Court at summary judgment.

Where, as here, the record supports competing inferences regarding:

- the driver's conduct;

- the adequacy of safety oversight; and

- the existence of reckless disregard,

the matter must be submitted to a jury. *Anderson*, 477 U.S. at 250.

### C. MULTIPLE FACTUAL DISPUTES REQUIRE JURY RESOLUTION

The record contains numerous disputed issues of material fact, including:

- Whether the driver was traveling at an unsafe speed and failed to keep a proper lookout or maintain control;
- Whether the driver failed to brake, slow, or take evasive action before striking Plaintiff;
- Whether Defendants exercised reasonable care in hiring, supervising, and entrusting vehicles to drivers (including verification of drug-screen compliance);
- Whether DHL retained a right to control the details of Flyway's delivery operations and safety compliance sufficient for vicarious liability; and
- Whether the combined driving conduct and safety failures reflect recklessness/conscious disregard supporting punitive damages.

7

These disputes are supported by record evidence, including Plaintiff's testimony and Defendants' own witness admissions. *McBride Dep. 13:19–25*.

Because these issues bear directly on liability and punitive damages, they must be resolved by a jury.

## IV. CONCLUSION

Defendants have failed to demonstrate the absence of genuine issues of material fact. The record contains evidence that:

- the driver operated the vehicle in a dangerous manner;
- Defendants failed to enforce safety protocols consistently; and
- A reasonable jury could find reckless disregard for public safety.

*McBride Dep. 13:19–25*.

Accordingly, Defendants' motions should be denied.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans_____
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Plaintiff's Memorandum of Law in Support of Her Response in Opposition to Defendant DHL Express (USA),*

*Inc.'s Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 11th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.