**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:25-cv-02588-SHL-tmp** |
| | ) | |
| v. | ) | **Judge Sheryl H. Lipman** |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | **Magistrate Judge Tu M. Pham** |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | **JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY**

COMES NOW, the Plaintiff Mary Warren, by and through counsel, and respectfully submits this Response in Opposition to Defendant's Motion to Exclude Expert Testimony and states as follows:

1. Defendants seek the extraordinary remedy of excluding Plaintiff's expert testimony—relief that Tennessee courts repeatedly recognize should be granted sparingly. Their motion improperly attempts to convert credibility issues and factual disputes into admissibility issues.

2. Under Tennessee law, the proponent of expert testimony need only show that the testimony is relevant and reliable under Tenn. R. Evid. 702 and 703. Plaintiff has met that burden. Any alleged weaknesses in the experts' opinions go to weight, not admissibility, and are properly addressed through cross-examination.

3. Tennessee follows a liberal admissibility standard for expert testimony.

Page 1 of 3

4.  Expert testimony is admissible if it will "substantially assist the trier of fact." Tenn. R. Evid. 702.

5.  Competing expert opinions create a jury question, not a basis for exclusion.

6.  Any inconsistencies (e.g., FMCSR compliance, qualitative risk assessment, organizational behavior analysis, and compliance pattern evaluation) are classic cross-examination issues, not grounds to strike expert testimony.

7.  There is no allegation here that Plaintiff's expert rely on novel or unreliable science— only that Defendants disagree with their conclusions. That is insufficient as a matter of law.

8.  Further, Tennessee adheres to the modified Daubert test to determine the admissibility and reliability of an expert's opinion.  Under the rules of civil procedure and as a matter of general practice, the Defendant is able to schedule the expert for a Daubert hearing before the Court in order to determine whether the testimony should be admitted at trial.

**CONCLUSION**

Plaintiff's expert:

- Is qualified
- Uses reliable methodology
- Relies on standard materials
- Will assist the jury

Defendants' motion improperly seeks to:

- Invade the province of the jury
- Elevate credibility disputes into admissibility challenges

For these reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Exclude Expert Cody Middlebrook in its entirety.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Deny Defendants' Motion to Exclude Expert;

2.  Permit Plaintiff's expert to testify at trial; and

Grant all further relief to which Plaintiff is entitled.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans_____
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Plaintiff's Response to Defendant's Motion to Exclude Expert* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 11th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.