UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE THE TESTIMONY OF W. CODY MIDDLEBROOK

COMES NOW Plaintiff Mary L. Warren, by and through undersigned counsel, and files

this *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Exclude the Testimony*

*of W. Cody Middlebrook*, and in support states as follows:

I. INTRODUCTION

Defendants seek the extraordinary and disfavored remedy of excluding the testimony of

Plaintiff's expert Cody Middlebrook. Their motion misapplies Tennessee law and attempts to

convert factual disputes into admissibility challenges. Tennessee courts apply a liberal standard

for expert admissibility and "strongly favor[] the admissibility of expert testimony." Because the

expert is qualified and relies on accepted methodologies, any alleged weaknesses go to weight,

not admissibility. Defendants seek the exclusion of Plaintiff's transportation safety expert, W.

Cody Middlebrook, by arguing that he lacks qualifications and that his opinions are unsupported and unreliable under Federal Rule of Evidence 702. The motion should be denied.

Mr. Middlebrook is a transportation safety and FMCSR compliance expert with over a decade of professional experience in transportation safety, fleet operations, FMCSA compliance, and safety management systems. His opinions are grounded in his training, certifications, professional experience, review of discovery materials, FMCSA regulations, industry standards, carrier records, publicly available FMCSA data, and deposition testimony. See *Middlebrook Report at 4-8, 20-24*.

Defendants' arguments largely challenge the factual basis and weight of his testimony— not its admissibility. The Sixth Circuit has repeatedly held that such attacks are appropriate subjects for cross-examination and competing proof, not wholesale exclusion under Daubert.

Moreover, Defendants mischaracterize both the scope and nature of Mr. Middlebrook's opinions. Mr. Middlebrook expressly limited his opinions to transportation safety, regulatory compliance, fleet safety practices, and industry standards. He specifically disclaimed opinions regarding accident reconstruction, medical causation, and legal conclusions. *Middlebrook Report at 5*. Because Mr. Middlebrook is qualified, employed a reliable methodology, and based his opinions upon sufficient facts and data, Defendants' motion should be denied.

## II.  LEGAL STANDARD

Under Tenn. R. Evid. 702 and 703, expert testimony is admissible if it will substantially assist the trier of fact and is based on reliable data. Tennessee courts apply a liberal admissibility standard: Tennessee law favors admissibility of expert testimony." *Shipley v. Williams*, 350

S.W.3d 527, 550 (Tenn. 2011). "The trial court should not exclude expert testimony simply because it is impeachable." *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 265 (Tenn. 1997). Tennessee courts emphasize that exclusion is a "drastic remedy" and that impeachable or disputed testimony should be admitted for the jury to weigh. See *Shipley v. Williams*, 350 S.W.3d 527, 550 (Tenn. 2011). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of addressing weaknesses in expert testimony. *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 265 (Tenn. 1997) (emphasis added). Exclusion is a "drastic remedy" reserved for testimony that is fundamentally unreliable. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 133 (Tenn. 2004).

### III. FACTUAL BACKGROUND

This action arises from a motor vehicle collision occurring on May 20, 2024, on Winchester Road in Memphis, Tennessee. Plaintiff alleges that two Flyway Express employees operating DHL trucks were racing eastbound on Winchester Road when one of the DHL vehicles struck another vehicle, causing that vehicle to collide with Plaintiff's Jeep Patriot. Am. *Compl. ¶¶ 12-18*. The Amended Complaint alleges that Defendant Clarke White Jr. was operating a DHL truck as an employee and agent of Flyway Express. *Am. Compl. ¶ 4.*

The police narrative reviewed by Mr. Middlebrook states that "two DHL vans [were] racing down Winchester Rd" and that one DHL vehicle struck another vehicle, ultimately causing impact with Plaintiff's vehicle. *Middlebrook Report at 20.*

Plaintiff designated W. Cody Middlebrook as a retained transportation safety and FMCSR compliance expert. Plaintiff's Rule 26 disclosures identified Mr. Middlebrook as a

3

"safety consultant" and "subject matter expert on Federal Motor Carrier Safety Regulations and Motor Fleet Safety and Risk Management." *Pl.'s Rule 26 Disclosures at 2*. Mr. Middlebrook issued a preliminary expert report on January 30, 2026. His report explained that his opinions were based upon available discovery materials, FMCSA data, industry standards, and transportation safety principles. *Middlebrook Report at 4-8*. The report further expressly disclosed that discovery remained ongoing, vehicle identification remained incomplete, and supplementation might become necessary depending upon future discovery. *Middlebrook Report at 4-5*.

## IV. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony where:

(a) the expert's scientific, technical, or specialized knowledge will help the trier of fact;

(b) the testimony is based upon sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied those principles and methods to the facts of the case.

*Fed. R. Evid. 702.*

The Supreme Court has emphasized that Rule 702 embodies a "liberal standard of admissibility." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). The rejection of expert testimony is "the exception rather than the rule." *Fed. R. Evid. 702 advisory committee's note*. The district court's role is not to determine whether the expert's opinions are ultimately correct, but whether the testimony is sufficiently reliable and relevant to assist the jury. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-30 (6th Cir. 2008).

4

The Sixth Circuit repeatedly recognizes that challenges to the factual basis of an expert's opinions ordinarily affect the weight of the testimony rather than its admissibility. *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 390-91 (6th Cir. 2000). Further, experience-based expert testimony is fully admissible under Rule 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

## V. ARGUMENT

### A. MR. MIDDLEBROOK IS QUALIFIED UNDER RULE 702

Defendants argue that Mr. Middlebrook lacks qualifications because he possesses a bachelor's degree in sociology and no graduate degree. That argument ignores Rule 702 itself, which expressly permits expert qualification through "knowledge, skill, experience, training, or education."

Mr. Middlebrook's qualifications include:

• Over ten years of transportation safety and compliance experience;

• A Class A CDL with Hazmat endorsement;

• NATMI certifications as a Certified Director of Safety ("CDS") and Certified Driver Trainer ("CDT");

• Specialized knowledge of FMCSRs;

• Experience conducting FMCSA compliance reviews and mock audits;

• Experience designing fleet safety and defensive driving programs; and

• Consulting experience in more than 200 transportation litigation matters.

*Middlebrook Report at 6-8*.

5

During deposition, Mr. Middlebrook testified regarding his Bachelor of Science degree in sociology from Jacksonville State University and his professional transportation safety experience. *Middlebrook Dep. 13:3-24*. Rule 702 does not require an **expert** to have identical background experience. *Dilts v. United Group Services, LLC*, 500 F. App'x 440, 445 (6th Cir. 2012) ("[a]n **expert**'s lack of experience in a particular subject matter does not render him unqualified so long as his general knowledge in the field can assist the trier of fact.") [*5]  (citing *Surles ex rel. Johnson v. Greyhound Lines*, Inc., 474 F.3d 288, 293-94 (6th Cir. 2007)); *See also Cummins ex rel. C.A.P. v. BIC USA, Inc.*, No. 1:08-CV-00019, 2011 U.S. Dist. LEXIS 40259, 2011 WL 1399768, at *7 (W.D. Ky. Apr. 13, 2011) ("To require [**experts**] to have experience in such a narrow field is not what is required by Rule 702; his background need only be significant enough to provide reliable testimony that will assist the trier of fact.").

Courts routinely qualify trucking safety experts based primarily upon practical experience and industry expertise. See *Kumho Tire*, 526 U.S. at 156; *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 333 (6th Cir. 2001). Defendants improperly focus upon academic credentials while ignoring Mr. Middlebrook's extensive transportation safety experience and certifications.

Moreover, Mr. Middlebrook's sociology background does not disqualify him. To the contrary, his report explains that his academic training contributed to his expertise in qualitative risk assessment, organizational behavior analysis, and compliance pattern evaluation within transportation systems. *Middlebrook Report at 6-8*. Defendants' criticisms go to credibility and weight—not admissibility.

## B. MR. MIDDLEBROOK EMPLOYED A RELIABLE METHODOLOGY

Defendants next contend that Mr. Middlebrook's methodology is unreliable. The record demonstrates otherwise. Mr. Middlebrook's report expressly identifies the methodology used in forming his opinions, including:

• review of Driver Qualification Files;

• review of Hours of Service materials;

• review of vehicle maintenance records;

• review of safety policies;

• review of deposition testimony;

• review of FMCSA SAFER and SMS data;

• compliance benchmarking;

• qualitative risk assessment; and

• analysis of industry safety standards and operational controls.

*Middlebrook Report at 7-8*.

Mr. Middlebrook specifically testified that his methodology involves examining "all aspects of transportation safety" and evaluating "the totality of the evidence available*." Middlebrook Dep. 29:5-11*.

This methodology is precisely the type of experience-based analysis approved by *Kumho Tire* and Rule 702. Transportation safety and FMCSR compliance testimony does not depend upon laboratory experimentation or scientific testing. Rather, experts in this field routinely analyze safety systems, compliance practices, operational management, and regulatory adherence using professional experience, regulatory frameworks, and industry standards.

7

The Sixth Circuit has repeatedly recognized that expert testimony grounded in specialized professional experience may satisfy Rule 702. See *United States v. Lang*, 717 F. App'x 523, 534 (6th Cir. 2017). Defendants improperly attempt to impose rigid "scientific testing" requirements on testimony involving transportation safety management and regulatory compliance analysis. "[R]ejection of **expert** testimony is the exception, rather than the rule." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Indeed, [*7]  "when the court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Jack v. Grose*, No. 2:16-CV-633, 2019 U.S. Dist. LEXIS 146133, at *3-4 (S.D. Ohio Aug. 28, 2019)

### C. DEFENDANTS MISCHARACTERIZE THE SCOPE OF THE OPINIONS

Defendants repeatedly criticize Mr. Middlebrook for not identifying a specific VIN, not reviewing all driver qualification records, and not reviewing hours-of-service materials before issuing his preliminary report. However, the report itself expressly disclosed that discovery was incomplete, that specific vehicle VINs and driver identifications had not yet been confirmed, and that opinions could be supplemented as additional evidence became available. *Middlebrook Report at 4-6*.

At deposition, Mr. Middlebrook testified that additional driver qualification materials had only recently been produced and had not yet been fully reviewed. *Middlebrook Dep. 29:17-24*. That testimony reflects transparency regarding the state of discovery—not unreliability. Rule 26

8

expressly contemplates supplementation of expert opinions as discovery evolves. *Fed. R. Civ. P. 26(e)*.

Additionally, Defendants ignore that Mr. Middlebrook expressly limited his opinions to transportation safety and regulatory compliance matters. His report specifically states that his opinions do not extend to "accident reconstruction, medical causation, or legal conclusions." *Middlebrook Report at 5*.

Mr. Middlebrook further testified that, at the time of the report, no specific VIN or vehicle number had yet been identified, though witness statements identified two DHL vans involved in the collision. *Middlebrook Dep. 30:10-19*. Accordingly, Defendants attack opinions Mr. Middlebrook never purported to offer.

## D. MR. MIDDLEBROOK'S OPINIONS ARE BASED UPON SUFFICIENT FACTS AND DATA

Defendants further argue that Mr. Middlebrook lacked sufficient facts and data because he had not conclusively identified the specific vehicle involved in the collision at the time of his preliminary report. The record demonstrates otherwise. Mr. Middlebrook relied upon:

• the police narrative;

• interrogatory responses;

• deposition testimony;

• FMCSA carrier data;

• SAFER inspection data;

• publicly available FMCSA materials;

• discovery materials;

• carrier operational information; and

• industry standards.

*Middlebrook Report at 7-8.*

The police narrative described "two DHL vans racing down Winchester Rd" and attributed contributing factors of "Careless Erratic Driving" and "Driver and Vehicle Left Scene." *Middlebrook Report at 20-21.* Flyway admitted in interrogatory responses that Winchester Road was a roadway routinely traveled by its drivers. *Middlebrook Report at 5-6.*

The Amended Complaint alleges that Flyway employees were operating DHL trucks at the time of the incident. *Am. Compl. ¶¶ 12-18.* Further, Flyway Vice President Brian Cox testified regarding Flyway's operations, supervisory structure, and Clarke White Jr.'s employment with Flyway. *Cox Dep. 8:11-25; 9:9-24; 10:20-25; 11:1-19.* Mr. Cox testified that Flyway maintained multiple operational locations and that field managers reported directly to him in his role overseeing operations. *Cox Dep. 9:16-24; 10:1-15.*

Experts are permitted to rely upon assumptions supported by evidence in the record. See *Fed. R. Evid. 703.* Defendants' disagreement with those assumptions is a matter for cross-examination—not exclusion.

## E. DEFENDANTS' ARGUMENTS GO TO WEIGHT RATHER THAN ADMISSIBILITY

At bottom, Defendants contend that:

• Mr. Middlebrook should have reviewed more information.

10

• additional discovery later became available; and

• they disagree with his conclusions.

Those are classic issues for cross-examination. The Sixth Circuit has consistently held that attacks on factual assumptions, completeness of information, and strength of conclusions affect weight rather than admissibility. See *Jahn*, 233 F.3d at 390-91. The jury—not the Court—must determine the ultimate weight to give Mr. Middlebrook's testimony. Defendants remain free to:

• challenge factual assumptions;

• present competing expert testimony;

• cross-examine Mr. Middlebrook; and

• argue credibility to the jury.

Rule 702 does not permit exclusion merely because Defendants disagree with Plaintiff's expert.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Exclude the Testimony of W. Cody Middlebrook be denied in its entirety.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans_____
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Plaintiff's Response to Defendant's Motion to Exclude Expert* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 11th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.