**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARY L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02588-SHL-tmp |
| | ) | |
| v. | ) | Judge Sheryl H. Lipman |
| | ) | |
| FLYWAY EXPRESS, LLC, | ) | Magistrate Judge Tu M. Pham |
| DHL EXPRESS (USA), INC., and | ) | |
| JOHN DOES 1-3, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS'
MOTIONS TO EXCLUDE EXPERTS**

COMES NOW, the Plaintiff Mary Warren, by and through counsel, under Fed. R. Civ. P.

6(b)(1)(A) and Local Rule 7.2 for a short extension of time of [21] days or in the alternative [14]

to file her responses to Defendants' four motions to exclude expert testimony, which were filed

on May 1, 2026 and are presently due on or about May 14, 2026 and would show unto the court

as follow:

## Motions at Issue

- Defendants Flyway Express, LLC and DHL Express (USA), Inc.'s Motion to Exclude Expert Testimony of Apurva Dalal, M.D. (Doc. 85), filed May 1, 2026.

- Defendants' Motion to Exclude Expert Testimony of W. Cody Middlebrook (Doc. 87), filed May 1, 2026.

- Defendants' Motion to Exclude Expert Testimony of any proposed Life Care Plan Expert (Doc. 89), filed May 1, 2026.

- Defendants' Motion to Exclude Expert Testimony of David Strauser, Ph.D. (Doc. 91), filed May 1, 2026.

**Good Cause**

1. Good cause exists for a modest extension. Each motion raises distinct Rule 702 challenges to separate disciplines (orthopedics, fleet safety/FMCSA compliance, vocational rehabilitation, and a potential life-care planning designation), requiring coordinated consultation with multiple experts, review of underlying materials, and preparation of tailored oppositions. Plaintiff's counsel spent most of his allotted time responding to two Defense motions for summary judgment.

2. Moreover, Defendants' filings rely on expert reports and deposition excerpts, and Plaintiff's counsel requires additional time to confer with the experts, confirm the record citations, and finalize the oppositions without unnecessary motion practice regarding the record's completeness.

3. This request is made before the response deadline, is limited in duration, and will not affect the current September 2026 trial setting; it will simply afford adequate time for full briefing on important evidentiary issues without prejudicing Defendants.

**Legal Standard**

4. Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court, for good cause, to extend time "if a request is made, before the original time or its extension expires."

5. Local Rule 7.2 encourages consultation prior to filing motions and cautions that failure to respond timely may be deemed good grounds to grant a motion; the modest extension sought here promotes a merits-based resolution of Daubert issues consistent with the Local Rules.

**Position of Opposing Counsel; Certificate**

6. Pursuant to Local Rule 7.2, undersigned counsel conferred with defense counsel regarding this requested extension on May 12, 2026; Defendants are opposed. A Certificate of Consultation is submitted herewith.

## Requested Relief

Plaintiff respectfully requests an extension of [21] days or in the alternative [14] days, to and including June 5, 2026 or May 28, 2026, to file responses to: (i) Doc. 85; (ii) Doc. 87; (iii) Doc. 89; and (iv) Doc. 91, and such further relief as is just.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

/s/ Wesley Evans
Wesley Evans (MS #9956)
2650 Thousand Oaks Blvd., Suite 3100
Memphis, TN 381118
Tel: (901) 417-7166
Fax: (901) 328-1352
Email: wesley.evans@beyourvoice.com
*Attorney for Plaintiff*

**CERTIFICATE OF CONSULTATION (Local Rule 7.2)**

Pursuant to Local Rule 7.2, undersigned counsel certifies that on May 12, 2026, he conferred in good faith with Defendants' counsel, Peter C. Robison and Caroline Sisson Montoya (Lewis Thomason, P.C.), regarding Plaintiff's forthcoming motion for an extension of time to respond to Defendants' motions to exclude experts (Docs. 85, 87, 89, and 91).

Defense counsel stated they do not consent to a 21-day extension and indicated they would not object to a one-week extension so the parties can focus on the May 14, 2026 mediation; accordingly, Plaintiff's request for a 21-day extension is opposed.

This certificate is submitted in compliance with Local Rule 7.2.

So certified this 12th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing *Motion for Extension of Time to Respond to Defendants Motion to Exclude Experts* is being served via CM/ECF, to all counsel of record for the above-referenced case.

So certified this 12th day of May, 2026.

By: /s/ Wesley Evans
Wesley Evans, Esq.